IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, MOORE COUNTY BRANCH OF THE NAACP, JAMES EDWARD ARTHUR, SR., JAMES MICHAEL BROWER, GRACE BELL HARDISON, and JAMES L. COX, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:16CV1274 |
| THE NORTH CAROLINA STATE BOARD OF ELECTIONS, A. GRANT WHITNEY, JR., in his official capacity as Chairman of the State Board of Elections, RHONDA K. AMOROSO, in her official capacity as Secretary of the State Board of Elections, KIM WESTBROOK STRACH, in her official capacity as Executive Director of the State Board of Elections, JOSHUA D. MALCOLM, in his official capacity as Member of the State Board of Elections, JAMES BAKER, in his official capacity as Member of the State Board of Elections, MAJA KRICKER, in her official capacity as Member of the State Board of Elections, the BEAUFORT COUNTY BOARD OF ELECTIONS, JAY MCROY, in his official capacity as Chairman of the Beaufort County Board of Elections, JOHN B. TATE, III, in his official capacity as Secretary of the Beaufort County Board of Elections, THOMAS S. PAYNE, II, in his official capacity as Member of the Beaufort County Board of Elections, KELLIE HARRIS HOPKINS, in her official capacity as Director of the Beaufort County Board of Elections, the MOORE COUNTY BOARD OF ELECTIONS, SUSAN T. ADAMS, in her official capacity as Chairman of the Moore County Board of Elections, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| CAROLYN M. MCDERMOTT, in her official capacity as Secretary of the Moore County Board of Elections, WILLIAM R. PARKE, in his official capacity as Member of the Moore County Board of Elections, GLENDA M. CLENDENIN, in her official capacity as Director of the Moore County Board of Elections, the CUMBERLAND COUNTY BOARD OF ELECTIONS, JAMES H. BAKER, in his official capacity as Chairperson of the Cumberland County Board of Elections, ROBERT KEVIN HIGHT, in his official capacity as Secretary of the Cumberland County Board of Elections, HARVEY RAYNOR III, in his official capacity as Member of the Cumberland County Board of Elections, and TERRI ROBERTSON, in her official capacity as Director of the Cumberland County Board of Elections, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING PRELIMINARY INJUNCTION**

Before the Court is Plaintiffs' Amended Application for Temporary Restraining Order[1] (ECF No. 21) filed by North Carolina State Conference of the NAACP, Moore County Branch of the NAACP, James Edward Arthur, Sr., James Michael Brower, Grace Bell Hardison, and James L. Cox.

---

[1] Where, as in this case, the opposing parties have notice of the Plaintiffs' motion for a temporary restraining order and have had the opportunity to be present at a hearing on the motion, as well as present evidence, "the court treats the motion as a request for preliminary injunction." *Planned Parenthood of Wis., Inc. v. Van Hollen*, 963 F. Supp. 2d 858, 864 (W.D. Wis. 2013); *see U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 284 (4th Cir. 2006) (concluding that the defendant "had a fair opportunity to oppose the injunction and that the district court did not abuse its discretion in electing to enter a preliminary injunction in lieu of a TRO").

2

For the reasons, including this Court's findings of fact and conclusions of law, as set forth in the Memorandum Opinion filed contemporaneously with this Order, which Opinion is incorporated herein as if fully set forth, the Court further finds that Plaintiffs have demonstrated a likelihood of success on the merits of their claims, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. Specifically, Plaintiffs have established that Defendants' challenged conduct likely violates the change of residence provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507(d)(1), in that it systematically removes the names of eligible voters from the State's voter rolls, in violation of 52 U.S.C. § 50207(c)(2)(A).

**IT IS ORDERED** that Plaintiffs' motion for preliminary injunction is GRANTED IN PART to the extent as set forth herein.

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, shall take all steps necessary to restore the voter registrations that were canceled during the 90-day period preceding the November 8, 2016 election through application of the challenge procedure set forth in N.C. Gen. Stat. §§ 163-85 and 163-86, and to ensure that those voters are able to vote in the upcoming November 8, 2016 election as they would prior to the challenge and subsequent cancellation of their voter registrations. Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are HEREBY ENJOINED AND RESTRAINED from preventing or otherwise interfering with these individual's right to vote, as well as any other individual

whose right to vote was challenged pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 within 90 days of the November 8, 2016 election.

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, shall issue directives and take all other measures to ensure that any challenged voters are restored to their status prior to the challenge and subsequent removal so that they may be allowed to vote on or before November 8, 2016 and in future elections, including prohibiting any same day challenges to such voters under N.C. Gen. Stat. § 163-87 if they appear to vote in person on November 8, 2016.

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are HEREBY ENJOINED AND RESTRAINED from canceling the registration of voters through the challenge procedures set forth in N.C. Gen. Stat. §§ 163-85 and 163-86, when those challenges are based on change of residency and the State has neither received written confirmation from the voter of a change in residency outside of the county, nor complied with the NVRA's notice requirement and two-election cycle waiting period; from using the challenge procedure set forth in N.C. Gen. Stat. §§ 163-85 and 163-86 to remove voters from the rolls based on change of residency information in the 90 days preceding a Federal election; and from holding hearings or taking any other action(s) to process challenges filed under those provisions in the circumstances identified above.

**IT IS FURTHER ORDERED** that if any challenged voter has already cast a provisional or challenged ballot, for purposes of counting those ballots, Defendants and their

4

officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, shall treat the status of those voters as registered in their respective counties on the date the votes were cast.

**IT IS FURTHER ORDERED** that if any challenged voter has requested and been denied an absentee ballot for the November 8, 2016 election on the ground that the voter is not registered in the county, Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, shall immediately take whatever steps are necessary to ensure that the voter receives and absentee ballot and is able to cast it on time and have the vote counted, unless the voter voluntarily chooses to vote in person at the polls.

**IT IS FURTHER ORDERED** that if any challenged voter has been or is provided an absentee ballot for the November 8, 2016 election and has voted, Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, shall not reject the ballot on the ground that the voter is not registered in the county or precinct, but rather shall treat the ballot as having been cast by a voter whose registration status is that which existed prior to having been challenged and removed from the voter rolls.

**IT IS FURTHER ORDERED** that Defendant Strach shall take all reasonable and necessary steps to ensure statewide compliance with the NVRA consistent with this Court's Memorandum Opinion and this Order.

This, the 4th day of November, 2016.

                /s/ Loretta C. Biggs  
               United States District Judge