IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:16-cv-1274-LCB-JLW

| | | |
|---|---|---|
| N.C. STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | ANSWER |
| v. | ) ) | |
| N.C. STATE BD. OF ELECTIONS, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

Now comes defendants **The NORTH CAROLINA STATE BOARD OF ELECTIONS** ("State BOE"); **A. GRANT WHITNEY, JR.**, in his official capacity as Chairman of the State BOE; **RHONDA K. AMOROSO**, in her official capacity as Secretary of the State BOE; **KIM WESTBROOK STRACH**, in her official capacity as Executive Director of the State BOE; **JOSHUA D. MALCOLM**, in his official capacity as Member of the State BOE; **JAMES BAKER**, in his official capacity as Member of the State BOE; and **MAJA KRICKER**, in her official capacity as Member of the State BOE[1] (collectively, the "SBE Defendants"), by and through their undersigned counsel and answer the Amended Complaint as follows:

**FIRST DEFENSE**

SBE Defendants answer the specific allegations of plaintiff's Amended as follows:

---

[1] By filing this Motion, these Defendants do not intend to waive any defenses they may have, including but not limited to defenses pursuant to the Eleventh Amendment to the Constitution of the United State of America.

# INTRODUCTION

1. Admitted that the nature of this action appears to be for declaratory and injunctive relief, seeking to enjoin the North Carolina and County Boards of Elections from cancelling the voter registrations. The remaining allegations of this paragraph are denied.

2. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

3. Admitted that voter registrations were cancelled pursuant to N.C. GEN. STAT. § 163-85(c)(2) & (3). Any remaining allegations of this paragraph are denied.

4. Admitted that the provisions of N.C. GEN. STAT. § 163-85(c)(2) & (3) speak for themselves, that N.C. GEN. STAT. § 163-85(c)(2) & (3) is currently valid and that the SBE Defendants are charged with following existing law. Any remaining allegations of this paragraph are denied.

5. Admitted that the nature of this action appears to be for injunctive relief, seeking to enjoin further cancelling of voter registrations. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

# JURISDICTION AND VENUE

6. Admitted that this Court has jurisdiction as it applies to Kim Westbrook Strach, in her official capacity as Chief Elections Official for purposes of the NVRA. The remaining allegations of this paragraph are denied.

7. Denied.

## PARTIES

8. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

9. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

10. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

11. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

12. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

13. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

14. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

15. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted that the Beaufort BOE nominated Defendant Kellie Harris Hopkins as its Director, and that the Executive Director of the State Board of Elections approved the appointment. Admitted that the Beaufort BOE is charged with administering North Carolina's election laws within Beaufort County, and that the Director of the Beaufort BOE is responsible for implementing the decisions of the Beaufort BOE. Any remaining allegations of this paragraph are denied.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted that the Moore BOE nominated Defendant Glenda M. Clendenin as its Director, and that the Executive Director of the State Board of Elections approved the appointment. Admitted that the Moore BOE is charged with administering North Carolina's election laws within Moore County, and that the Director of the Moore BOE is responsible for implementing the decisions of the Moore BOE. Any remaining allegations of this paragraph are denied.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted that the Cumberland BOE nominated Defendant Terri Robertson as its Director, and that the Executive Director of the State Board of Elections approved the appointment. Admitted that the Cumberland BOE is charged with administering North Carolina's election laws within Cumberland County, and that the Director of the Cumberland BOE is responsible for implementing the decisions of the Cumberland BOE. Any remaining allegations of this paragraph are denied.

## LEGAL BACKGROUND

### The National Voter Registration Act of 1993

38. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

39. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

40. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

41. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

### North Carolina's Voter Challenge Statute

42. Admitted that the provisions of N.C. GEN. STAT. § 163-85(c)(2) & (3) speak for themselves. Any remaining allegations of this paragraph are denied.

43. Admitted that the provisions of N.C. GEN. STAT. § 163-85(c)(2) & (3) speak for themselves. Any remaining allegations of this paragraph are denied.

44. Admitted that the provisions of N.C. GEN. STAT. § 163-85(c)(2) & (3) and §163-86 speak for themselves. Any remaining allegations of this paragraph are denied.

45. Admitted that the provisions of N.C. GEN. STAT. §§ 163-82.14 & 163-82.15 speak for themselves. Any remaining allegations of this paragraph are denied.

### FACTUAL BACKGROUND

### North Carolina's Unlawful Voter Challenge and Purge Practices

46. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

47. Admitted that challenges to voter registrations were brought pursuant to N.C. GEN. STAT. § 163-85(c)(2) & (3) in Beaufort, Moore, and Cumberland Counties. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

48. Admitted that challenges to voter registrations were brought pursuant to N.C. GEN. STAT. § 163-85(c)(2) & (3) in Beaufort County. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

49. Admitted that the Beaufort BOE held preliminary hearings on voter challenges on October 7 and October 14, 2016, and subsequently set a certain number of challenges for formal hearing on October 24 or October 29, 2016. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

50. Admitted that Beaufort BOE sent notice letters to the challenged voters. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

51. Denied.

52. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

53. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

54. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

55. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

56. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

57. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

58. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

59. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

60. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

61. Admitted that challenges to voter registrations appear to have been brought pursuant to N.C. GEN. STAT. § 163-85(c)(2) & (3) in Moore County. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

62. Admitted that the Moore BOE held preliminary hearings on voter challenges on September 6, 2016, and subsequently set approximately 400 challenges for formal hearings on October 14, 2016. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

63. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

64. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

65. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

66. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

67. Admitted that challenges to voter registrations appear to have been brought pursuant to N.C. GEN. STAT. § 163-85(c)(2) & (3) in Cumberland County. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

68. Admitted that the Cumberland BOE held a preliminary hearing on September 30, 2016. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

69. Denied

**Plaintiffs' Protests of Unlawful Challenge and Purge Practices**

70. Denied.

71. Admitted the North Carolina NAACP President Rev. Dr. William J. Barber, II sent a letter dated October 17, 2006 to the SBE Defendants asserting that removal of registered voters in Beaufort, Moore and Cumberland Counties was in violation of the NVRA and state law. Any remaining allegations in this paragraph are denied.

72. Admitted.

73. Admitted that the State BOE responded to the October 17, 2016 letter addressing the concerns therein. Any remaining allegations in this paragraph are denied.

74. Admitted.

75. Admitted that the State BOE responded on October 27, 2016, that the response reiterated that the challenges did not violate the NVRA, and that the letter dated October 27, 2016 speaks for itself. Any remaining allegations in this paragraph are denied.

76. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

77. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

78. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

**Defendants' Unlawful Voter Challenge and Purge Practices**

**Irreparably Harm Plaintiffs and Their Members**

79. Denied.

80. Denied.

81. Denied.

82. Admitted that voters removed from the voter rolls due to a sustained challenge will not appear on the list of registered voters at their polling place and will not be able to cast a regular ballot. Admitted that they can still vote by using a provisional ballot. The remaining allegations of this paragraph are denied.

83. Admitted that a removed voter may cast a provisional ballot and will be required to affirm thereon that he/she is a registered voter[s] in the jurisdiction" pursuant to N.C.G.S. §163-166.11(2). The remaining allegations of this paragraph are denied.

84. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## CAUSES OF ACTION
## COUNT I
### (Violation of the NVRA, 52 U.S.C. §20507(d))

91. The SBE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

92. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

93. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

94. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

95. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

96. The SBE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

97. The SBE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

## COUNT II
### (Violation of the NVRA, 52 U.S.C. §20507(c)(2)(A))

105. The SBE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

106. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

## COUNT III
### (Violation of the Voting Rights Act, 52 U.S.C. §10301)

115. The SBE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

## COUNT IV
### (Violation of the Equal Protection Clause and 42 U.S.C. §1983)

124. The SBE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

## SECOND DEFENSE

Any allegations in paragraphs 1-135 of the Amended Complaint not specifically admitted are denied.

## THIRD DEFENSE

Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the immunity provided for by the Eleventh (11th) Amendment of the United States Constitution.

## FIFTH DEFENSE

Plaintiffs, individuals and entities, lack standing to bring this action thereby depriving the Court of subject matter jurisdiction and the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## SIXTH DEFENSE

Pursuant to Rule 12(b)(3), the Middle District of North Carolina is an improper venue. The action should be transferred to the Eastern District of North Carolina.

## SEVENTH DEFENSE

Plaintiffs' claims are moot.

## EIGHTH DEFENSE

The SBE Defendants reserve the right to assert additional defenses.

**WHEREFORE** the SBE Defendants respectfully pray:

1. that plaintiffs' claims against the SBE Defendants be dismissed with prejudice and that judgment be entered for the SBE Defendants on all claims;
2. That the defendants be granted such other relief as the court may deem just and proper,
3. That all costs of this matter be taxed to the plaintiffs.

Respectfully submitted, this the 22nd day of December, 2016.

NORTH CAROLINA DEPARTMENT
OF JUSTICE

/s/ James Bernier, Jr.
James Bernier, Jr.
Assistant Attorney General
N.C. State Bar No. 45869
Email: jbernier@ncdoj.gov

/s/ Alexander McC. Peters
Alexander McC. Peters
Senior Deputy Attorney General
State Bar No. 13654
Email: apeters@ncdoj.gov

N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629
Telephone: (919)716-6900

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2016, I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

This the 22nd day of December, 2016.

/s/ James Bernier, Jr.
James Bernier, Jr.
Assistant Attorney General
N.C. State Bar No. 45869
Email: jbernier@ncdoj.gov