IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:16-cv-1274-LCB-JLW

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al*. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NORTH CAROLINA STATE BOARD OF ELECTIONS, *et al*., | ) ) ) |
| Defendants. | ) ) ) |

**Cumberland Defendants' Motions to Dismiss**
**Pursuant to Rule 12(b)(1) of the Fed. R. of Civ. P.**

Now come defendants the CUMBERLAND COUNTY BOARD OF ELECTIONS; JAMES H. BAKER, in his official capacity as its Chairperson; ROBERT KEVIN HIGHT, in his official Capacity as its Secretary; HARVEY RAYNOR III, in his official capacity as one of its members; and TERRI ROBERTSON, in her official capacity as its Director of Elections, collectively referred to as "the Cumberland Defendants," by and through counsel, and move the Court to dismiss the Plaintiffs' Complaint as to them pursuant to Rule 12(b)(1) of the Fed. R. of Civ. Proc. for lack of subject matter jurisdiction. The grounds for these motions to dismiss are that none of the plaintiffs have sufficiently alleged standing to bring this action against the Cumberland

1

Defendants; and Plaintiff's claims against the Cumberland Defendants became moot upon the occurrence of the November, 2016, election.

In support of these motions, the Cumberland Defendants argue:

1.      By the very nature of their claims, the complaint of the named individual plaintiffs can only arise out of actions taken by the board of elections in the county in which they are registered to vote and no case or controversy exists between any of the named individual plaintiffs and the Cumberland Defendants because none are residents of Cumberland County.

2.      The organizational plaintiffs have not pled sufficient allegations to establish that they are representing at least one of their members whose registration was canceled by actions of the Cumberland County Board of Elections and without establishing their representation of at least one of their members, they do not have standing to litigate on behalf of third parties or the public.

3.      There is no case or controversy between the plaintiffs and the named individual Cumberland Defendants in their respective official capacities because North Carolina law provides that the action complained of by the plaintiffs can only be taken by a county board of elections at an official meeting with a quorum present; no individual board member or director of elections has the legal capacity to take such action.

4.      With the Preliminary Injunction entered by this Court on November 4, 2016, the occurrence of the November 8, 2016, general election, and the operation of State law as to the statutory control exercised over county boards of elections and county

directors of elections by the State Board of Elections and the State Director of Elections, the case or controversy as to the Cumberland Defendants become moot because the Court has granted all the relief requested by the plaintiffs.

Submitted January 26, 2017.

/s/ *Rickey L. Moorefield*
Rickey L. Moorefield
N.C. State Bar No. 8914
Cumberland County Attorney
P.O. Box 1829
Fayetteville, NC 28302
Telephone: (910) 678-7762
Fax: (910) 678-7758
Email: rmoorefield@co.cumberland.nc.us
Attorney for Cumberland Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2017, I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

January 26, 2017.

/s/ *Rickey L. Moorefield*
Rickey L. Moorefield
N.C. State Bar No. 8914
Cumberland County Attorney
P.O. Box 1829
Fayetteville, NC 28302
Telephone: (910) 678-7762
Fax: (910) 678-7758
Email: rmoorefield@co.cumberland.nc.us
Attorney for Cumberland Defendants