IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:16-cv-1274-LCB-JLW

NORTH CAROLINA STATE CONFERENCE :
OF THE NAACP; *et al.,* :
 :
    *Plaintiffs;* :
 :
The NORTH CAROLINA STATE BOARD OF :
ELECTIONS ("State BOE"); *et al.,* :
 :
    *Defendants.* :
_____:

**Motion to Dismiss Complaint**

    Comes now the Moore County Board of Elections (Moore BOE), Susan T. Adams, in her Official capacity as Chairman of the Moore BOE, Carolyn M. McDermott, in her Official capacity as Secretary of the Moore BOE; William R. Parke, in his Official capacity as Member of the Moore BOE, and Glenda M. Clendenin, in her Official capacity as Director of the Moore BOE, hereinafter the MBOE Defendants, pursuant to Rule 12(b)(1) and (2) of the Federal Rules of Civil Procedure and moves to dismiss this action on the following grounds:

1. Failure of the Complaint to show that a Plaintiff has standing to challenge the action in question, and therefore jurisdiction is not established.

2. That the Organizational Plaintiffs, the North Carolina NAACP and the Moore County Branch of the NAACP, fail to demonstrate standing to pursue any relief.

3. Failure of the Complaint to show that a Defendant named herein, specifically including the Moore County Board of Elections (Moore BOE); Susan T.

Adams, in her Official capacity as Chairman of the Moore BOE, Carolyn M. McDermott, in her Official capacity as Secretary of the Moore BOE; William R. Parke, in his Official capacity as Member of the Moore BOE, and Glenda M. Clendenin, in her Official capacity as Director of the Moore BOE, has taken any action that affects any Plaintiff, and therefore, jurisdiction is not established because no case or controversy exists between the parties.

4. That as to the herein named Defendants, the Plaintiff's Complaint fails to indicate the existence of an actual controversy or case alleging injury in fact, any causal relationship between the injury and the challenged conduct.

5. That the named Plaintiffs herein fail to show any injury or irreparable harm to the named Plaintiffs based upon conduct of the named Defendants.

6. That the Court's entry of the preliminary injunction and the occurrence of the November 8, 2016 general election, extinguished any actual controversy between the named plaintiffs and the Moore County Defendants such that plaintiffs' claims are barred by mootness.

7. That the Court, following the November 4, 2016 hearing, granted the Plaintiff's Preliminary Injunction, ordering the Defendants to: (1) reinstate any registrations that had been canceled pursuant to the State's voter challenge statutes within 90 days of the November 8, 2016 general election; and (2) take all measures to ensure that any challenged voters were restored to their status prior to being challenged so they could vote on November 8, 2016; (3) prohibit any same day challenges to voters if they appeared to vote in person in future

elections; (4) not process challenges or hold hearings pursuant to N.C.G.S. § 163-85 and 163-86 based on change of residency; (5) count all provisional or challenged ballots cast by any challenged voter; (6) provide absentee ballots to any challenged voters who had requested and been denied an absentee ballot and count such ballots; and (7) count any absentee ballot already cast by any challenged voter the same as if the voter had the same registration status as before being challenged.

8. That the Plaintiffs' claims as to Moore County Defendants are moot and should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, because this Court lacks subject matter jurisdiction over this lawsuit as to these Defendants, as further shown in these Defendants, accompanying Brief along with Exhibit A attached to this Motion.

Wherefore, the Moore County Defendants herein respectfully request the Plaintiffs' Complaint be dismissed pursuant to Rule12 (b)(1) of the Federal Rules of Civil Procedure.

This the 26th day of January, 2017.

          BY:   /s/ R. Ward Medlin
                  R. WARD MEDLIN
                  NC Bar # 13817
                  Moore County Attorney's Office
                  County of Moore
                  P.O. Box 905
                  Carthage, NC 28327
                  T: (910) 947-4014
                  F: (910) 947-1049
                  wmedlin@moorecountync.gov
                  *Attorney for Moore County Defendants*

BY: /s/ Misty Randall Leland
MISTY RANDALL LELAND
NC Bar # 28320
Moore County Attorney's Office
County of Moore
P.O. Box 905
Carthage, NC 28327
T: (910) 947-4012
F: (910) 947-3612
mistyleland@moorecountync.gov
*Attorney for Moore County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2017, I electronically filed the foregoing Motion to Dismiss with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

This the 26th day of January, 2017.

/s/ Misty Randall Leland
MISTY RANDALL LELAND
NC Bar # 28320
Moore County Attorney's Office