# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No. 1:16-cv-1274-LCB-JLW

NORTH CAROLINA STATE CONFERENCE)
OF THE NAACP, *et al.*,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiffs,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀⠀⠀⠀ANSWER
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀OF THE MOORE COUNTY
⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀⠀DEFENDANTS
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
N.C. STATE BD. OF ELECTIONS, *et al.*,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀⠀⠀)
_____)

Comes now the Moore County Board of Elections (Moore BOE); Susan T. Adams, in her Official capacity as Chairman of the Moore BOE, Carolyn M. McDermott, in her Official capacity as Secretary of the Moore BOE; William R. Parke, in his Official capacity as Member of the Moore BOE and Glenda M. Clendenin in her Official capacity as Director of the Moore BOE (collectively, the "MBOE Defendants") by and through their undersigned counsel and answer the Complaint as follows:

## FIRST DEFENSE

MBOE Defendants answer the specific allegations of plaintiffs Complaint as follows:

## INTRODUCTION

1.⠀⠀⠀Admitted that the nature of this action appears to be for declaratory and injunctive relief, seeking to enjoin the North Carolina and County Boards of Elections

1

from cancelling voter registrations. The remaining allegations of this paragraph are denied.

2.      Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

3.      Admitted that voter registrations were cancelled pursuant to N.C. GEN. STAT. § 163-85(c)(2) & (3) as, and in, compliance with the provisions of the N.C. GEN. STAT. as mandated and required of the MBOE by the State Board of Elections. Any remaining allegations of this paragraph are denied.

4.      Admitted that the provisions of N.C. GEN. STAT. § 163-85(c)(2) & (3) speak for themselves, that N.C. GEN. STAT. § 163-85(c)(2) & (3) is currently valid and that the MBOE Defendants are charged with following existing law, including compliance with mandates of the State Board of Elections. Any remaining allegations of this paragraph are denied.

5.      Admitted that the nature of this action appears to be for injunctive relief, seeking to enjoin further cancelling of voter registrations and restoration of previously cancelled voters. It is expressly denied that the individual plaintiff James Michael Brower was unlawfully challenged; in that the Voter Challenge was one initiated pursuant to N.C. GEN. STAT. § 163-85(c)(2) & (3) which is currently valid.  The MBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

**JURISDICTION AND VENUE**

6.     Admitted that this Court has jurisdiction as it applies to Susan T. Adams, in her Official capacity as Chairman of the Moore BOE, Carolyn M. McDermott, in her Official capacity as Secretary of the Moore BOE; William R. Parke, in his Official capacity as Member of the Moore BOE and Glenda M. Clendenin in her Official capacity as Director of the Moore BOE for purposes of the NVRA. The remaining allegations of this paragraph are denied.

7.     It is admitted that Moore County is in the Middle District, however it is expressly denied that a substantial part of the events or omissions giving rise to the claims of Plaintiff occurred, or will occur in Moore County or this District. The remaining allegations of this paragraph are denied.

## PARTIES

8.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

9.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

10.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

11.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

12.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

13.     The MBOE Defendants admit there is an African American male identified as James Michael Brower with a Moore County address, and said individual previously registered as a voter in Moore County.  The MBOE Defendants further admit that James Michael Brower was identified as a Challenged Voter pursuant to the provisions of  N.C. GEN. STAT. § 163-85(c)(3), and further admit that the challenge was resolved prior to the Challenge Hearing with Mr. Brower updating his residence information and voter registration.  The MBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

14.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

15.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

16.     Admitted that the North Carolina Board Of Elections (State BOE) is charged with the administering the election laws of the State of NC, and that the State BOE advises the Counties on election matters, however the advice and recommendations of the State BOE are mandatory and not mere suggestions, and the MCBOE is mandated to follow all State BOE directives. It is further admitted that the State BOE has the responsibility to advise county BOE's as to propter methods for conducting primaries and elections and to compel county BOE's to observe the requirements of N.C. GEN. STAT. § 163-22(c).   Admitted that the provisions of N.C. GEN. STAT. § 163-22(c) speak for themselves.

4

17.     Upon information and belief the allegations of paragraph 17 are admitted, and specifically the MBOE Defendants admit that the State BOE is responsible for administering the election laws of the State of North Carolina.

18.     Upon information and belief the allegations of paragraph 18 are admitted, and specifically the MBOE Defendants admit that the State BOE is responsible for administering the election laws of the State of North Carolina.

19.     Upon information and belief the allegations of paragraph 19 are admitted, and specifically the MBOE Defendants admit that the State BOE is responsible for administering the election laws of the State of North Carolina, and that Kim Westbrook Strach is the chief state election official responsible for coordination of North Carolina's responsibilities under the NVRA.

20.     Upon information and belief the allegations of paragraph 20 are admitted, and specifically the MBOE Defendants admit that the State BOE is responsible for administering the election laws of the State of North Carolina.

21.     Upon information and belief the allegations of paragraph 21 are admitted, and specifically the MBOE Defendants admit that the State BOE is responsible for administering the election laws of the State of North Carolina.

22.     Upon information and belief the allegations of paragraph 22 are admitted, and specifically the MBOE Defendants admit that the State BOE is responsible for administering the election laws of the State of North Carolina.

23.     Upon information and belief the allegations of paragraph 23 are admitted.

24.     Upon information and belief the allegations of paragraph 24 are admitted.

25.     Upon information and belief the allegations of paragraph 25 are admitted.

26.     Upon information and belief the allegations of paragraph 26 are admitted.

27.     Upon information and belief the allegations of paragraph 27 are admitted.

28.     It is admitted that the Moore County Board of Elections is charged with administering North Carolina's election laws in Moore County as promulgated and enacted by the North Carolina General Assembly and as directed by the State BOE, and specifically for complying with N.C. GEN. STAT. § 163.

29.     It is admitted that Susan T. Adams, in her official capacity as Chairman of the Moore County Board of Elections, is charged with administering North Carolina's election laws in Moore County as promulgated and enacted by the North Carolina General Assembly and as directed by the State BOE, and specifically for complying with N.C. GEN. STAT. § 163.

30.     It is admitted that Carolyn M. McDermott, in her official capacity as Secretary of the Moore County Board of Elections, is charged with administering North Carolina's election laws in Moore County as promulgated and enacted by the North Carolina General Assembly and as directed by the State BOE, and specifically for complying with N.C. GEN. STAT. § 163.

31.     It is admitted that William R. Parke, in his official capacity as a Member of the Moore County Board of Elections, is charged with administering North Carolina's election laws in Moore County as promulgated and enacted by the North Carolina

6

General Assembly and as directed by the State BOE, and specifically for complying with

N.C. GEN. STAT. § 163.

32. Admitted that the Moore BOE nominated Defendant Glenda M. Clendenin as its Director, and that the Executive Director of the State Board of Elections approved the appointment. Admitted that the Moore BOE is charged with administering North Carolina's election laws within Moore County as promulgated and enacted by the North Carolina General Assembly and as directed by the State BOE, and specifically for complying with N.C. GEN. STAT. § 163.

33. Upon information and belief the allegations of paragraph 33 are admitted.

34. Upon information and belief the allegations of paragraph 34 are admitted.

35. Upon information and belief the allegations of paragraph 35 are admitted.

36. Upon information and belief the allegations of paragraph 36 are admitted

37. Upon information and belief the allegations of paragraph 37 are admitted.

## LEGAL BACKGROUND

### The National Voter Registration Act of 1993

38. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

39. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

40. Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

7

41.     Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

## North Carolina's Voter Challenge Statute

42.     Admitted that the provisions of N.C. GEN. STAT. § 163-85(a) and § 163-85(c)(2) & (3) speak for themselves. Any remaining allegations of this paragraph are denied.

43.     Admitted that the provisions of N.C. GEN. STAT. § 163-85(d), § 163-85(e) and § 163-86(b) speak for themselves. Any remaining allegations of this paragraph are denied.

44.     Admitted that the provisions of N.C. GEN. STAT. § 163-86(c) and §163-86(d) speak for themselves. Any remaining allegations of this paragraph are denied.

45.     Admitted that the provisions of N.C. GEN. STAT. § 163-82.14(d), § 163-82.14(d)(3), and §163-82.15(e) speak for themselves. Any remaining allegations of this paragraph are denied.

## FACTUAL BACKGROUND

## North Carolina's Unlawful Voter Challenge and Purge Practices

46.     The MBOE Defendants specifically deny removing large numbers of eligible voters from voter rolls and deny participation in any "targeted *en masse* change of address challenges". That the MBOE Defendants admit to participating in Voter Challenge hearings as provided by N.C. GEN. STAT. § 163-85(c)2 & 3, pursuant to General Statutes as promulgated and enacted by the North Carolina General Assembly

8

and pursuant to directives issued by the North Carolina Board of Elections. As to the remaining allegations of the paragraph, the MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

47. It is Admitted that challenges to voter registrations were brought pursuant to N.C. GEN. STAT. § 163-85(c)(2) & (3) in Moore County, and upon information and belief brought in Beaufort and Cumberland Counties. The MBOE Defendants admit that during the months of June and July 2016, a registered voter in Moore County pursuant to N.C. GEN. STAT. § 163-85 caused to be filed 499 Voter Registration Challenges and that pursuant to N.C. GEN. STAT. § 163-86 individual preliminary hearings were conducted as to the identified and challenged voters. That during the course of the investigation as to status of challenged voters, and the preliminary hearings conducted in September, 2016, approximately 99 of the 499 challenged voters were resolved; some resolved through determination of registration in another jurisdiction, some resolved through discovery of obituary confirming death, many resolved by determining challenged voter continued to reside in the County and maintained eligibility to vote in the jurisdiction and the challenges were dismissed. That following the preliminary hearings, 400 challenge letter notifications were forwarded to challenged voters; and on October 14, 2016 individual challenge hearings were heard. As a result of the individual challenged hearings, 374 voters were removed from the voter registry. The MBOE

Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

48.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

49.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

50.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

51.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

52.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

53.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

54.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

55.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

56.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

57.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

58.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

59.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

60.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

61.     It is admitted that the MBOE Defendants received challenges to voter registrations, and challenges appear to have been brought pursuant to N.C. GEN. STAT. § 163-85(c)(2) & (3) in Moore County. It is admitted that N. Carol Wheeldon, a registered voter and citizen of Moore County, submitted voter challenges pursuant to the General Statutes of North Carolina on forms approved by the North Carolina Board of Elections, in June 2016 and July 2016 challenging registered voters, with the actual number challenged totaling 499 voters. Ms. Wheeldon pursuant to N.C. General Statutes caused to be mailed by first class mail to the voter at the address of the voter's registration marked DO NOT FORWARD, RETURN SERVICE REQUESTED, and upon return of the first class mail submitted Voter Challenge Forms on a Form and Document promulgated and developed by the North Carolina State Board of Elections, marking the third block asserting "the person is not a resident of the precinct in which the person is registered." The MBOE Defendants are without knowledge or information

11

sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

62.     It is admitted that the Moore BOE held preliminary hearings on voter challenges on September 6, 2016 and other September dates, and subsequently set approximately 400 challenges for formal hearings on October 14, 2016; with the actual number heard being 374. That the challenges for formal hearings were mailed pursuant to the provisions of N.C. GEN STATS as promulgated and enacted by the NC General Assembly and pursuant to instructions and directives of the NC BOE. That the notices afforded the challenged voters at least ten (10) days' notice as provided by General Statutes.  Additionally, the MBOE Defendants caused to be mailed the notice to any additional or newly discovered address or addresses of the challenged voters.  The MBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

63.     It is admitted that the Moore BOE held individual challenged voter hearings on October 14, 2016; at which time the Challenger Carol Wheeldon offered her evidence in support of her challenge, and in addition to the Challenger's evidence, information was received from Glenda M. Clendenin, the Director of the Moore county Board of Elections, from her investigation of challenged voters which included telephone inquiries, mailings to alternate addresses for voters, review of DMV records, review of other voter registration registries, review of Post Office Change of Address documents, communications and correspondence with the Democratic Party Chairman, the

12

Republican Party Chairman and the Libertarian Party Chairman and review of obituaries which resulted in resolution of twenty six (26) additional challenges. It is admitted that none of the Challenged Voters appeared during the hearing, however James Michael Brower, a Black Male, appeared before the scheduled hour set for hearing at the Office of the Moore County Board of Elections, updated his registration address and his challenge was resolved. That in addition to Mr. Brower, another challenged voter Donald A. Britt, a White Male, appeared at the hearing and prior to commencement of the hearing updated his voter registration address and his challenge was resolved. Following the Challenge Hearing, 374 voters were removed from the voter registry. Except as expressly admitted herein, the MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of the remaining allegations of this paragraph; the same are therefore denied.

64. The MBOE Defendants admit that among the challenged voters is an individual identified as James Michael Brower. That the individual identified as James Michael Brower voted during the 2014 November elections, however his status prior to the voter challenge was inactive. That the MBOE Defendants received notification as to a change of address notification completed by James Michael Brower with the United States Postal Service from the SBOE, and pursuant to the provisions of the NVRA caused to be mailed a notification requests as to his voter status and proper precinct. That the first mailing was sent on February 25, 2015 to the address on the Notice of Change of Address. That Mr. Brower's voter status remained "Active" pending voter response.

13

That Mr. Brower failed to respond to the request of the MBOE Defendants. Following Mr. Brower's failure to respond his record status goes from verification pending to confirmation pending on March 29, 2015. That upon failure of Mr. Brower to respond to the request of MCBOE and continuing through April 30, 2015 at which time his voter status was changed from "Active" to "Inactive". Subsequently a Voter Challenge was received from Ms. Wheeldon as to Mr. Brower. That a notification was mailed to the address Mr. Brower provided the US Postal Service in his change of address notification, to wit, 1164 Spies Road, Robbins, NC on July 13, 2016. Thereafter, on September 30, 2016 the MBOE Defendants caused to be mailed to Mr. Brower's voter registration address a second inquiry as to his voter status and Notice of Challenge and Notice of Hearing on Challenge. That on October 14, 2016, and prior to the scheduled Challenged Hearing, Mr. Brower appeared at the Moore County Board of Elections and updated his residence and voter registration. That with the updated Voter Registration information, Mr. Brower's Voter Challenge was resolved prior to hearing and he was removed from the Challenge process. The MBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

65. The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

66. The MBOE Defendants admit receipt of a letter dated October 27, 2016 from O'Linda D. Watson. That the Moore County Board of Elections replied to Ms.

14

Watkins request on January 25, 2017; once it had an opportunity to respond after fulfilling its duties and responsibilities related to the general election. That the contents of the letter speak for itself, and except as admitted herein, all remaining allegations of the are denied.

67.     Except as to allegations related to actions by the Moore County Board of Elections (MCBOE Defendants) as previously admitted herein, the MCBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

68.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

69.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

**Plaintiffs' Protests of Unlawful Challenge and Purge Practices**

70.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

71.     Upon information and belief the allegations of paragraph 71 related to a letter submitted by Rev. Dr. William J. Barber are admitted. Any remaining allegations in this paragraph are denied.

72.     Upon information and belief the allegations of paragraph 72 are admitted, and it is specifically admitted that the letter requested the SBOE Defendants "instruct all

15

county BOE's to cease removal of voters from the rolls based on returned mail without complying with the NVRA".

73.     Upon information and belief the allegations of paragraph 73 are admitted as to the State BOE responded to the October 17, 2016 letter addressing the concerns therein. The MBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

74.     Upon information and belief the allegations of paragraph 74 are admitted.

75.     Upon information and belief the allegations of paragraph 75 are admitted in that the State BOE responded on October 27, 2016, that the response reiterated that the challenges did not violate the NVRA, and that the letter dated October 27, 2016 speaks for itself. The MBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

76.     The MBOE Defendants admit that at conclusion of the Challenge Hearings conducted on October 14, 2016 that O'Linda D. Watkins hand delivered a letter dated October 14, 2016.  That the letter speaks for itself.  Any remaining allegations of this paragraph are denied.

77.     The MBOE Defendants admit that the Letter dated October 14, 2016 hand delivered by O'Linda D. Watkins at conclusion of the Challenge Hearings speaks for itself.  Any remaining allegations of this paragraph are denied.

78.     The MBOE Defendants admit the allegations of paragraph 78.

**Defendants' Unlawful Voter Challenge and Purge Practices**

**Irreparably Harm Plaintiffs and Their Members**

79.     The MBOE Defendants complied with N.C. GEN STATS as promulgated and enacted by the NC General Assembly and as mandated by the NC Board of Elections, and exercised no discretion, interpretation of, or independence in complying with Statutes and directives of the NC Board of Elections, and the activities were merely ministerial in nature.  That the MBOE neither promulgated nor enacted any statutes or policies that in any manner permitted or enabled challengers to bring systematic, coordinated, *en masse* challenges to large numbers of registered voters or purging of Voters.    The MBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

80.     Denied.

81.     The MBOE Defendants have insufficient information to admit or deny any allegations as to activities in Beufort and Cumberland Counties and therefore deny same. As to the allegations of the Organizational Plaintiffs, both North Carolina NAACP and Moore County NAACP, the MBOE Defendants have insufficient information to admit or deny any allegations and therefore deny same.  As to the individual plaintiff identified as James Michael Brower, the MBOE Defendants admit a voter challenge was commenced as to James Michael Brower, however the voter challenge was resolved following Mr. Brower's updating of his voter registration address and his challenge dismissed.  Except as admitted herein all remaining allegations of the paragraph are denied.

17

82.    Admitted that voters removed from the voter rolls due to a sustained challenge will not appear on the list of registered voters at their polling place and will not be able to cast a regular ballot.  Admitted that they can still vote by using a provisional ballot, and once continued eligibility is verified the ballot will be counted. By way of further answer, the MBOE Defendants assert that the Court's entry of its preliminary injunction immediately addressed restoration of removed voters and enjoined the Defendants collectively from further engaging in prohibited practices, thus there no longer exists an actual controversy and the claims of Plaintiff are barred by Mootness and there is no longer any subject matter jurisdiction. The MBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

83.    Admitted that in the absence of the preliminary injunction and pursuant to the provisions of N.C.G.S. §163, a removed voter may cast a provisional ballot and will be required to affirm thereon that he/she is/are "registered voter(s) in the jurisdiction" pursuant to N.C.G.S. §163-166.11(2). The MBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

84.    The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.  By way of further answer, removed voters who actually remained in the County would have been

18

given the opportunity to vote by affirming continued eligibility and completing change of address if appropriate.

85.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

86.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

87.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

88.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

89.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

90.     The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

**CAUSES OF ACTION**
**COUNT I**
**(Violation of the NVRA, 52 U.S.C. §20507(d))**

91.     The MBOE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

92.     The MBOE Defendants admit that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

93.     The MBOE Defendants admit that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

94.     The MBOE Defendants admit that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

95.     The MBOE Defendants admit that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

96.     The MBOE Defendants admit that challenged voters were removed from the voter registry, pursuant to Challenges made under N.C. GEN. STAT § 163-85(c)(2) & (3) as promulgated and enacted by the North Carolina General Assembly and as mandated by the North Carolina Board of Elections.  That upon receipt of a Voter Challenge, and in compliance with the General Statutes and mandates of the State Board of Elections, the MBOE Defendants complied with the statutes and engaged in the ministerial acts as outlined in the General Statutes.  That such acts include the receipt of a Voter Challenge, scheduling and conducting a preliminary hearing, and if probable cause found following the preliminary hearing, mailing of notice to registered voter informing as to challenge and providing a notice of hearing for subsequent Challenge Hearing.  The MBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

97.     The MBOE Defendants admit that challenged voters were removed from the voter registry pursuant to Challenges made under N.C. GEN. STAT § 163-85(c)(2) & (3) pursuant to statutes promulgated and enacted by the North Carolina General

20

Assembly and as mandated by the North Carolina Board of Elections. The MBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

98. The MBOE Defendants specifically deny the allegations of paragraph 98. That in Moore County 99 originally challenged voters were resolved prior to the formal Challenge Hearings through the diligent efforts of the MBOE Defendants, which included supplemental mailings at alternative addresses, independent investigation, review of NC DMV records, review of court records, direct and attempted communications with identified voters to ascertain status, communications with the local party chairs of the Republican, Democratic and Libertarian Parties of challenged voters and eliciting information from collaterals in the community. Additionally, 26 voter challenges were resolved between the preliminary hearing and conclusion of the Voter Challenge Hearing.

99. Denied.

100. The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

101. The MBOE Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

102. Denied.

103. Denied.

104. Denied.

## COUNT II
## (Violation of the NVRA, 52 U.S.C. §20507(c)(2)(A))

105.    The MBOE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

106.    The MBOE Defendants admit that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

107.    Denied and by way of further answer, the MBOE Defendants assert that any voter removal was pursuant to N.C. General Statutes as promulgated and enacted by the N.C. General Assembly and as directed by the State BOE.  The MBOE Defendants specifically deny it adopted or maintains a challenge procedure that enables private citizens to file *en masse* challenges, and asserts that the MBOE Defendants are afforded no discretion in complying with and enforcing NC GEN STATS as promulgated and enacted by the NC General Assembly, and as mandated and directed by the NC State Board of Elections, and simply engage in the ministerial acts of following the General Statutes and directives.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

## COUNT III
## (Violation of the Voting Rights Act, 52 U.S.C. §l0301)

115.    The MBOE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

## COUNT IV
## (Violation of the Equal Protection Clause and 42 U.S.C. §1983)

124.    The MBOE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

125.    Denied.  That the MBOE Defendants have not implemented any policies providing for Voter Challenge, removal or purge, and simply engage in the ministerial task of following the General Statutes as enacted and promulgated by the North Carolina General Assembly, and the directives of the North Carolina State Board of Elections.

126.    Denied. That the MBOE Defendants have not implemented any policies providing for Voter Challenge, removal or purge, and simply engage in the ministerial

23

task of following the General Statutes as enacted and promulgated by the North Carolina General Assembly, and the directives of the North Carolina State Board of Elections.

127. Denied. The MBOE Defendants assert by way of further answer, that Voters that were removed or cancelled during the early voting period may same day re-register, or submit appropriate documents supporting continued eligibility to vote which would result in restoration of registration and engage in same day voting. Additionally, voters that were removed or cancelled may cast a provisional ballot which will be accepted as provided by the General Statutes.

128. Denied. That the MBOE Defendants have not implemented any policies providing for Voter Challenge, removal or purge, and simply engage in the ministerial task of following the General Statutes as enacted and promulgated by the North Carolina General Assembly and the directives of the North Carolina State Board of Elections.

129. The MBOE Defendants admit that provisions of the North Carolina General Statutes allow for voters to cast regular ballots and change their addresses at the polling place. The MBOE Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

130. Denied. That the MBOE Defendants have not implemented any policies providing for Voter Challenge, removal or purge, and simply engage in the ministerial task of following the General Statutes as enacted and promulgated by the North Carolina General Assembly, and the directives of the North Carolina State Board of Elections.

131.   Denied.   That the MBOE Defendants have not implemented any policies providing for Voter Challenge, removal or purge, and simply engage in the ministerial task of following the General Statutes as enacted and promulgated by the North Carolina General Assembly and the directives of the North Carolina State Board of Elections.

132.   Denied.   That the MBOE Defendants have not implemented any policies providing for Voter Challenge, removal or purge, and simply engage in the ministerial task of following the General Statutes as enacted and promulgated by the North Carolina General Assembly and the directives of the North Carolina State Board of Elections.

133.   Denied.

134.   Denied.

135.   Denied.

## **SECOND DEFENSE**

Any allegations in paragraphs 1-135 of the Amended Complaint not specifically admitted are denied.

## **THIRD DEFENSE**

Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed.

## **FOURTH DEFENSE**

Plaintiffs' claims are barred by the immunity provided for by the Eleventh (11th) Amendment of the United States Constitution.

## FIFTH DEFENSE

Plaintiffs, individuals and entities, lack standing to bring this action thereby depriving the Court of subject matter jurisdiction and the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## SIXTH DEFENSE

Pursuant to Rule 12(b)(3), the Middle District of North Carolina is an improper venue. The action should be transferred to the Eastern District of North Carolina. That MBOE Defendants are members of the Middle District of North Carolina, however the majority of the events complained of herein occurred in the Eastern District of North Carolina. That the SBOE Defendants, the Beaufort County Board of Election Defendants and Cumberland County Board of Election Defendants are members of the Eastern District of North Carolina.

## SEVENTH DEFENSE

That the Court's entry of the preliminary injunction and the occurrence of the November 8, 2016 general election, extinguished any actual controversy between the named plaintiffs and the Moore County Defendants such that plaintiffs' claims are barred by mootness.

That the Court, following the November 4, 2016 hearing, granted the Plaintiffs' Preliminary Injunction, ordering the defendants to (1) reinstate any registrations that had been canceled pursuant to the State's voter challenge statutes within 90 days of the November 8, 2016, general election; (2) take all measures to ensure that any challenged

voters were restored to their status prior to being challenged so they could vote on November 8, 2016, and in future elections; (3) prohibit any same day challenges to voters if they appeared to vote in person on November 8, 2016; (4) not process challenges or hold hearings pursuant to N.C.G.S. §§ 163-85 and 163-86 based on change of residency; (5) count all provisional or challenged ballots cast by any challenged voter; (6) provide absentee ballots to any challenged voters who had requested and been denied an absentee ballot and count such ballots; and (7) count any absentee ballot already cast by any challenged voter the same as if the voter had the same registration status as before being challenged.

## **EIGHTH DEFENSE**

The MBOE Defendants reserve the right to assert additional defenses.

**WHEREFORE** the MBOE Defendants respectfully pray:

1. That plaintiffs' claims against the MBOE Defendants be dismissed with prejudice and that judgment be entered for the MBOE Defendants on all claims;

2. That the defendants be granted such other relief as the court may deem just and proper,

3. That all costs of this matter be taxed to the plaintiffs.

Respectfully submitted, this the 26th day of January, 2017.

BY: /s/ R. Ward Medlin
R. WARD MEDLIN
NC Bar # 13817
Moore County Attorney's Office

27

County of Moore
P.O. Box 905
Carthage, NC 28327
T: (910) 947-4014
F: (910) 947-1049
wmedlin@moorecountync.gov
*Attorney for Moore County Defendants*


BY:   /s/ Misty Randall Leland
MISTY RANDALL LELAND
NC Bar # 28320
Moore County Attorney's Office
County of Moore
P.O. Box 905
Carthage, NC 28327
T: (910) 947-4012
F: (910) 947-3612
mistyleland@moorecountync.gov
*Attorney for Moore County Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2017, I electronically filed the foregoing Answer of the Moore County Defendants with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

This the 26th day of January, 2017.

/s/ Misty Randall Leland
MISTY RANDALL LELAND
NC Bar # 28320
Moore County Attorney's Office

28