IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:16-cv-1274-LCB-JLW

| | |
|---|---|
| N.C. STATE CONFERENCE OF THE NAACP, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>N.C. STATE BD. OF ELECTIONS, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | **OPPOSITION TO<br>MOTIONS TO DISMISS<br>BY COUNTY DEFENDANTS** |

Now come defendants **The NORTH CAROLINA STATE BOARD OF ELECTIONS** ("State BOE"); **A. GRANT WHITNEY, JR.**, in his official capacity as Chairman of the State BOE; **RHONDA K. AMOROSO**, in her official capacity as Secretary of the State BOE; **KIM WESTBROOK STRACH**, in her official capacity as Executive Director of the State BOE; **JOSHUA D. MALCOLM**, in his official capacity as Member of the State BOE; **JAMES BAKER**, in his official capacity as Member of the State BOE; and **MAJA KRICKER**, in her official capacity as Member of the State BOE (collectively, the "SBE Defendants"), and hereby files their opposition to the Motions to Dismiss filed by the BEAUFORT COUNTY BOARD OF ELECTIONS ("Beaufort BOE"); JAY MCROY, in his official capacity as Chairman of the Beaufort BOE; JOHN B. TATE, III, in his official capacity as Secretary of the Beaufort BOE; THOMAS S. PAYNE, II, in his official capacity as Member of the Beaufort BOE; KELLIE HARRIS HOPKINS, in her official capacity as Director of the Beaufort BOE (collectively, the "Beaufort Defendants"); the MOORE COUNTY BOARD OF ELECTIONS ("Moore BOE"); SUSAN T. ADAMS, in

her official capacity as Chairman of the Moore BOE; CAROLYN M. MCDERMOTT, in her official capacity as Secretary of the Moore BOE; WILLIAM R. PARKE, in his official capacity as Member of the Moore BOE; GLENDA M. CLENDENIN, in her official capacity as Director of the Moore BOE (collectively, the "Moore Defendants"); the CUMBERLAND COUNTY BOARD OF ELECTIONS ("Cumberland BOE"); JAMES H. BAKER, in his official capacity as Chairperson of the Cumberland BOE; ROBERT KEVIN HIGHT, in his official capacity as Secretary of the Cumberland BOE; HARVEY RAYNOR III, in his official capacity as Member of the Cumberland BOE; and TERRI ROBERTSON, in her official capacity as Director of the Cumberland BOE (collectively, the "Cumberland Defendants").

The Beaufort Defendants, Moore Defendants and Cumberland Defendants (collectively, the "County Defendants") have all moved to dismiss Plaintiffs' claims against them. They assert, among other arguments, that the Preliminary Injunction entered against all defendants on November 4, 2016 mooted the claims against them, and that they are otherwise unnecessary parties. The SBE Defendants disagree with the factual and legal assertions underpinning these arguments.

1. **The Preliminary Injunction and Numbered Memo 2016-23**

The County Defendants assert that they may be dismissed because they cannot resume accepting and processing voter challenges based on residency pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 even if the injunction against them is lifted. They rely on and cite to both the Preliminary Injunction (ECF No. 43) and Numbered Memo 2016-23 issued by the State BOE in response to the Preliminary Injunction. A copy of Numbered

Memo 2016-23 is attached hereto as Exhibit A. The effect of both documents, however, was limited in time and scope.

The Preliminary Injunction was entered the day before the end of same-day registration opportunities and mere days before Election Day in order to reinstate the ability of certain removed voters to cast a ballot. The Preliminary Injunction prevented challenges based on residency pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 within 90 days preceding a Federal Election, when election officials had not received written confirmation from the voter that she had left the county, or confirmed that the voter had not participated for at least two Federal election cycles. Both the Preliminary Injunction and the Court's Memorandum Opinion (ECF No. 42), which was expressly incorporated into the Preliminary Injunction, sought to address voting rights for the November 2016 general election.

The first decretal paragraph of the Preliminary Injunction partially granted Plaintiffs' motion for an injunction. The first and second decretal paragraphs ordered the restoration of voters removed within 90 days of Election Day, November 8, 2016, and sought to protect those voters from additional challenges on Election Day. The forth decretal paragraph barred the use of N.C. Gen. Stat. §§ 163-85 and 163-86 to remove any other voters based on residency.[1] The fifth decretal paragraph addressed provisional ballots already cast for the November 8, 2016 election. The sixth and seventh decretal paragraphs addressed absentee ballots for the November 8, 2016 election.

---

[1] The forth decretal paragraph did not specifically mention the November 8, 2016 election.

The focus of the Memorandum Opinion, like the Preliminary Injunction, was the 90 days leading up to the November 8, 2016 general election; and the ability of voters to vote in that election. *See* Memorandum Opinion (ECF No. 42) at 12. The Court also discussed the waiting period and notice provision in the NVRA's section 8 as an alternative ground for finding that the NVRA was violated by removing voters within the 90 days prior to the November 8, 2016 general election. *See* Memorandum Opinion (ECF No. 42) at 18. The Court's intent to limit the Preliminary Injunction to the November 8, 2016 general election is clear in the Court's analysis of immediate and irreparable harm, which focused on the impending general election and the harm voters would suffer if they were unable to vote.

> It is without question that Individual Plaintiffs have made a clear showing that they will suffer irreparable harm in the absence of an injunction. **The General Election is a few days away and unless Individual Plaintiffs who were purged from the voter rolls are reinstated, they will not be allowed to vote and have that vote counted.** … Such an injury to these voters is neither speculative nor remote but is real and imminent, *In re Microsoft*, 333 F.3d at 530, and once denied the right to vote on Election Day, "there can be no do-over and no redress" for Individual Plaintiffs, *League of Women Voters*, 769 F.3d at 247.

Memorandum Opinion (ECF No. 42) at 22 (emphasis added)(footnote omitted). Similarly, in weighing the interest of the parties, the Court declined to extend the Preliminary Injunction to counties not before it, focused on voter challenges within the 90 day period before the November 8, 2016 election, and emphasized the need to protect voters in the then upcoming November 8, 2016 election.

> The Court notes that at the hearing, Plaintiffs requested that the Court expand any injunctive relief granted to include additional counties set forth in a declaration filed by the Executive Director of the State Board,

4

> which provided data about other counties that had allowed purging of voter registrations based on individual challenges over a 24-month period. (ECF No. 39-1 ¶ 8.) The Court declines to expand any relief to the counties not named in this lawsuit and for which the Court has no specific information regarding the process used in those counties or the specific nature of the challenges. The additional counties are not properly before the Court, and the Court "may not enjoin defendants not before [it]." *Hubbard v. Byars*, No. 8:14–33–BHH, 2015 WL 337642, at *14 (D.S.C. Jan. 26, 2015) (citing *Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983)). Thus, the Court will confine its consideration to the three counties named in this lawsuit and challenges that have been sustained on or after August 10, 2016.

Memorandum Opinion (ECF No. 42) at 24.

> It appears that Plaintiffs' requested relief "aim[s] to maintain the status quo and prevent irreparable harm while a lawsuit remains pending," **specifically before the Federal Election on November 8, 2016**.
>
> …
>
> The Court finds that a narrowly tailored injunction is warranted to ensure that eligible voters are not deprived of their right to participate **in the upcoming election** due to a flawed process engaged in by the State and County Boards, which this Court has determined likely violates the NVRA.

Memorandum Opinion (ECF No. 42) at 25 (emphasis added).

Likewise, Numbered Memo 2016-23 mirrored the Preliminary Injunction and Memorandum Opinion. Issued on November 4, 2016, it directed the restoration of voters that had been removed by the County Defendants since August 10th, and directed all counties not to hear any "future residency challenges … under G.S. §§ 163-85 and 163-86 **prior to Election Day**." *See* Exhibit A (emphasis added).

It is therefore the understanding of the SBE Defendants that neither the Preliminary Injunction nor Numbered Memo 2016-23 continues to bar voter challenges

based on residency under N.C. Gen. Stat. §§ 163-85 and 163-86.[2]

## 2. The Supervisory Duties of the State BOE

The County Defendants also assert that they are not necessary parties, because the State BOE has supervisory authority over the county boards of election. While they are correct, generally, as to the State BOE's supervisory authority over elections and the executive director's role as North Carolina's chief state election official under by N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86. Unlike certain proceedings that may be reviewed by the State Board, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). Further, the underlying events on which Plaintiffs' claims rely involved actions at the county-level and hearings held by the County Defendants. As such, the cases cited by the County Defendants are not applicable. For example, in *Brown v. N. C. State Board of Elections*, 394 F. Supp. 359 (W.D.N.C. 1975), "[t]he court dismissed the action against the county board of elections and its members since it found that the county board lacked the authority to either accept or reject such filings and because the statute required candidates **to file notice with the State Board** for candidacy." *Republican Party of N.C. v. Martin*, 682 F. Supp. 834, 835 (M.D.N.C. 1988), citing *Brown v. N. C. State Board of Elections*, 394 F. Supp. 359 (W.D.N.C. 1975)(emphasis added). Likewise, the court in *Republican Party of N.C. v. Martin*, 682

---

[2] As of the time of this filing, the SBE Defendants are not aware of any filed or pending voter challenges based on residency under N.C. Gen. Stat. §§ 163-85 and 163-86 in Beaufort, Cumberland, or Moore counties.

6

F. Supp. 834, dismissed the county board of elections because the board was only acting in a ministerial capacity because the candidates must file their candidacy **with the State Board**. *Id.*(emphasis added). The County Defendants also cite to *In re: Appeal of Judicial Review by Republican Candidates for Election in Clay Cnty.*, 45 N.C. App. 556, 559–60, 264 S.E.2d 338, 340 (1980), but that case did not include a county board of elections as a defendant. Rather, it addressed whether the State BOE could initiate an investigation and order a new election without a protest being filed first at the county level. *See In re: Appeal of Judicial Review by Republican Candidates for Election in Clay Cty.*, 45 N.C. App. at 559, 264 S.E.2d at 340 ("the authority of the State Board to conduct the public inquiry and enter an order calling for a new election was not dependent upon a protest having been previously filed was made quite clear by this Court…")

Unlike the cases cited by County Defendants, the statutes at issue herein specifically task the County Defendants, not the State BOE, with certain duties. Pursuant to N.C. Gen. Stat. §§ 163-85(b), challenges to voters are to be made to the county board of elections. Pursuant to both N.C. Gen. Stat. §§ 163-85 and 163-86, the county board of elections is responsible for reviewing a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. The State BOE plays no statutory role in these processes. During the hearing on the motion for temporary restraining order, staff of the County Defendants testified as to various efforts conducted by them, at the county level, in a good-faith effort to comply with N.C. Gen. Stat. §§ 163-85 and 163-86, and the NVRA.

7

In light of the statutes at issue in this case and the facts alleged herein, including the residence of the individual plaintiffs, the County Defendants are necessary parties.

### 3. **The County Defendants are necessary for discovery purposes.**

The County Defendants are also necessary parties for discovery purposes. As demonstrated at the hearing on the motion for temporary restraining order, this matter may require developing a factual record, including discovery from the County Defendants as to the actions taken by their staff in accepting and processing challenges to voters pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86. This discovery may only be obtainable from the County Defendants.

The SBE Defendants are not the custodians of the records of the County Defendants. The SBE Defendants can only access information loaded into SEIMS, disclosed voluntarily through online surveys and programs administered by the State BOE, or otherwise obtained from County Defendants. The SBE Defendants do not have immediate access to the original files and materials located in the offices of the County Defendants, or information and materials either withheld by the County Defendants or that are not otherwise collected through the normal election processes. The State BOE and distinct county boards of elections have different document retention policies.

Though the State BOE has general supervisory authority over the County Defendants, the County Defendants are still distinct legal entities with the power to sue and be sued. *See Graham Cty. Bd. of Elections v. Graham Cty. Bd. of Comm'rs*, 212 N.C. App. 313, 322, 712 S.E.2d 372, 378 (2011). *See also* N.C. Gen. Stat. §§ 163-25. As such, the SBE Defendants cannot accept service of process, subpoenas or deposition

notices on behalf of the county boards of election. Nor can the SBE Defendants act as counsel for the county boards of election or review documents that might contain internally privileged information. Similarly, the SBE Defendants cannot compel board members or employees to attend depositions. The State BOE, through its chairman or two of its members, has the "power to administer oaths, issue subpoenas, summon witnesses, and compel the production of papers, books, records and other evidence …[i]n the performance of the duties enumerated in [] Chapter [163]." N.C. Gen. Stat. § 163-23. Chapter 163 of the General Statutes does not grant the State BOE with a general power to compel the production of documents, materials, or information from the county boards of elections for discovery purposes.

## CONCLUSION

For the reasons stated herein, the SBE Defendants respectfully submit their Opposition to the Motions to Dismiss filed by the County Defendants.

NORTH CAROLINA DEPARTMENT
OF JUSTICE

/s/ James Bernier, Jr.
James Bernier, Jr.
Assistant Attorney General
N.C. State Bar No. 45869
Email: jbernier@ncdoj.gov

/s/ Alexander McC. Peters
Alexander McC. Peters
Senior Deputy Attorney General
State Bar No. 13654
Email: apeters@ncdoj.gov

N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629
Telephone: (919)716-6900

10

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2017, I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

This the 16th day of February, 2017.

/s/ James Bernier, Jr.
James Bernier, Jr.
Assistant Attorney General
N.C. State Bar No. 45869
Email: jbernier@ncdoj.gov