IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:16-cv-1274-LCB-JLW

N.C. STATE CONFERENCE OF THE )
NAACP, *et al.,* )
 )
    Plaintiffs, )
 )
        v. )
 )
N.C. STATE BD. OF ELECTIONS, *et al.*, )
 )
    Defendants. )
_____ )

## REPLY BRIEF IN SUPPORT OF
## THE MOORE COUNTY DEFENDANTS' MOTION TO DISMISS

**NOW COME** the Defendants Moore County Board of Elections, Susan T. Adams, in her official capacity as Chairman of the Moore County Board of Elections, Carolyn M. McDermott, in her official capacity as Secretary of the Moore County Board of Elections, William R. Parke, in his official capacity as Member of the Moore County Board of Elections, and Glenda M. Clendenin, in her Official capacity as Director of the Moore County Board of Elections (collectively "the Moore County Defendants"), who submit this Reply Brief in support of their Motion to Dismiss the Plaintiffs' Complaint.

**I.    Whether the Moore County Defendants were "necessary and proper parties" under Rule 20 at the beginning of this litigation is irrelevant to the resolution of Defendants' present Motion to Dismiss.**

Whether or not the Moore County Defendants were proper parties under Rule 20 at the initiation of this litigation is not the question posed by the Moore County Defendants' Motion to Dismiss which this Court must resolve. Instead, the Moore

County Defendants rely on the doctrines of mootness and standing, which are jurisdictional issues "grounded in the requirement that any case or dispute that is presented to a federal court be definite, concrete, and amenable to specific relief." *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011). Standing is a threshold question in every case before a federal court, and it determines the power of the court to entertain the suit. *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975). A federal court must ask "whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Warth v. Seldin*, at 500, 95 S.Ct. at 2206, (footnote omitted). The Supreme Court defined the constitutional requirements of standing in *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984): "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." A plaintiff must also allege that he has suffered a particularized injury; injury to the public is not sufficient to establish standing. See *Friends of the Earth, Inc., v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

Consequently, the present issue before this Court is not whether the Moore County Defendants were proper parties to this action under Rule 20 when the action commenced due to their alleged roles in implementing the statutes at issue, but whether events subsequent to the filing of the Plaintiffs' Complaint have rendered the Plaintiffs' claims against the Moore County Defendants no longer "amenable to specific relief." As the U.S. Supreme Court has explained, "[t]he requisite personal interest that must exist at the

commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980).

## II. Plaintiffs can no longer point to any "connection" between the Moore County Defendants and the implementation of the challenged statutes.

The Plaintiffs cite case law from the Eighth and Ninth Circuits which they argue supports their argument that any government entity with "some connection" to a statute's implementation or enforcement is a proper party to a lawsuit challenging that statute. However, Eighth and Ninth Circuit case precedent does not include any cases from North Carolina Federal Courts, such as those relied on by the Moore County Defendants and in particular *Republican Party of N.C. v. Martin*, 682 F. Supp. 834 (M.D.N.C. 1988). Since both Fourth Circuit precedent and precedent from this Court hold that because the Moore County Defendants "can only carry out duties as detailed by statute and the State Board" they lack sufficient "connection" to the challenged statutes, the Moore County Defendants should not remain parties to this lawsuit challenging the validity and enforceability of North Carolina election laws.

Both the Plaintiffs and the N.C. State Board of Elections ("the State Board") attempt to distinguish *Martin*, however the distinctions are not substantive. Just like the county boards in *Martin*, here the Moore County Defendants "have no authority to act in a manner inconsistent with the statute" and "can only carry out duties as detailed by statute and the State Board." *Martin*, 682 F. Supp. at 835. The Moore County Defendants' argument is not that the claims against them are moot because any action by them under N.C.G.S. § 163-85 can later be reviewed. Instead, the Plaintiffs' claims are

moot because the State Board has not just the power but also the legal duty to stop them from taking any illegal actions under N.C.G.S. § 163-85 *before* any action is ever taken.

The Plaintiffs point toward the Ninth Circuit opinion of *Los Angeles Branch NAACP v. Los Angeles Unified School District*, 714 F.2d 946 (9th Cir. 1983) for support. In that case, the Ninth Circuit Court of Appeals held that Plaintiff had standing to sue certain state-level government defendants for their failure to take affirmative steps to desegregate public schools, despite the state defendants' objections that responsibility for desegregation rested at the local level. 714 F.2d 946, 949. The Court held that if it were to dismiss the state defendants, the Court would be unable to "formulate a remedy in which the state defendants could participate," as the local defendants had no power over the state defendants to direct or control the state defendants' actions.

While in *Los Angeles Branch NAACP* the state-level defendants were required to remain as defendants because the county-level defendants had no authority over them, here the exact opposite situation exists. In this matter, dismissal of the Moore County Defendants would not prevent this Court from formulating a remedy in which they would be required to adhere to, due to the direct control of all county boards of election by the State Board. Because legal authority and control runs from the state level down to the county level, dismissing the Moore County Defendants here would not prevent the State Board from directing and controlling the County Defendants' actions. Moreover, neither the Moore County Defendants, nor any other County Defendants have the ability to grant the Plaintiffs the remaining declaratory relief they see, because they do not control how

the Voter Challenge Statutes-or any other elections laws-are implemented. The County Defendants may only follow the statutes and must comply with the State Board mandates.

Further, Plaintiffs' reliance on the Eighth Circuit decision of *Citizens for Equal Protection v. Bruning*, 455 F.3d 859 (8th Cir. 2006) is misplaced when the Fourth Circuit Court of Appeals has already directly ruled on the same issue. In the Fourth Circuit, a government entity is a proper defendant so long as it has "some connection with the enforcement of the [challenged] act." *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 332–33 (4th Cir. 2008) (quoting *Lytle v. Griffith*, 240 F.3d 404, 409 (4th Cir. 2001)). Tthe Fourth Circuit requires a "special relation" which is not merely "some connection" to statutory enforcement, but that in which state officials have a "proximity to and responsibility for the challenged state action." *Id*. For example, in *Limehouse*, the Fourth Circuit Court of Appeals found that the Executive Director of the SCDOT had a "special relationship" with statutory enforcement when South Carolina state law gave the Director "supervisory authority over the state's participation in the FEIS process." *Id*. at 333.

However, while the Moore County Defendants previously had some control and responsibility over the disputed challenge procedure set forth in N.C. Gen. Stat. § 163-85 and 163-86, any "special relationship" necessarily ended upon the entry of this Court's Injunction Order. The State Board contends that the County BOE's played a unique role in the Voter Challenge process. (See Dkt #65, at 6). The County BOE's participation in the process is well defined under the challenged Statute and the policies of the State Board. The County BOE's exercise no discretion other than scheduling which is a purely administrative task, and that task is controlled by N.C. Gen. Stat. § 163-86 as to time of

performance. The county BOE's are mandated to comply with the General Statutes and the directives from the State Board. The statement of the Plaintiff as to County BOE's "implementing the relevant statutes", (see Dkt #69, at 5-6), is a mischaracterization of the role of the local County BOE's. The Moore County BOE can only engage in activities expressly allowed by the Statutes enacted by the General Assembly and consistent with directives from the State Board. For the State Board to contend it does not dictate and control actions and activities of the Moore BOE is without merit and contrary to N.C. Gen. Stat. § 163.22, 163.22.2, 163.23, 163-82.2 and 163-82.26.

Now, because of the State Board's supervisory authority over the County Defendants, all "proximity to and responsibility for" the implementation and enforcement of N.C. Gen. Stat. § 163-85 and 163-86 will continue to lie with the State. As such, the only "special relationship" to statutory enforcement now lies with the State Board because it is the party charged with supervising the counties' adherence to the challenged statute. Consequently, the Plaintiffs' reliance on the "some connection" argument fails, because no "connection" now exists between the Moore County Defendants and the enforcement of N.C. Gen. Stat. § 163-85 and 163-86.

### III. The State Board obviously misreads the scope of the Injunction Order entered by this Court.

The Moore County Defendants have already complied with the Court's Injunction Order and the resultant directives of the State Board of Elections. Per the Affidavit of Moore County Board of Elections Director Glenda Clendenin, attached as Exhibit A to these Defendants' Motion to Dismiss, Dkt. 61, the Moore County Defendants' cessation

of the disputed challenge procedure pursuant to this Court's Injunction, and compliance with the directive issued by the State Board of Elections following the Court's order assures future compliance and renders the Plaintiffs' claims moot.

In its Opposition, the State Board argues that despite the Injunction Order entered by this Court (Dkt. 43), voter challenges under N.C. Gen. Stat. § 163-85 and 163-86 which were filed after the November 8, 2016 election may continue unabated. Specifically, the State Board says that "[i]t is therefore the understanding of the SBE Defendants that neither the Preliminary Injunction nor Numbered Memo 2016-23 continues to bar voter challenges based on residency under N.C. Gen. Stat. § 163-85 and 163-86." (Opposition pp 5–6).

The Moore BOE's find no such limitation in the Injunction Order and to the contrary read the order as controlling both the most recent election, November 8, 2016, and future elections as well. (Dkt. 43). The plain text of the Injunction Order does not support the State Boards' contentions.

### IV.     That a party might be helpful to the discovery process is no basis for that party to remain a defendant in a lawsuit.

The State Board contends that Moore County Defendants and other County Defendants must remain parties as they are "necessary parties for discovery purposes." The contention is a mere assertion and not supported by citing any statutory authority or existing case law. The various County Defendants, including the Moore BOE, are subject to the Federal Rules of Civil Procedure compelling production of documents or presenting testimony through subpoena. Additionally, the Moore BOE is subject to

public requests under N.C.G.S. § 132-1. Finally, N.C.G.S. § 163-23 authorizes the chairman of the State Board of Elections to "…administer oaths, issue subpoenas, summon witnesses, and *compel production of papers, books, records and other evidence…*" (emphasis added). For all these reasons it is unnecessary to keep Moore County Defendants as parties to this lawsuit for discovery purposes.

**V.     That neither the North Carolina NAACP nor the Moore County NAACP have Organizational or Associational Standing to Assert Claims on Behalf of its members as to Moore County Defendants.**

The Moore County Defendants rely on its arguments made in its original Brief in Support of Moore County Defendants' Motion to Dismiss. (Dkt. 61). "To establish standing at the motion to dismiss stage a plaintiff must plausibly allede that: '(1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminenet, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Liberty Univ. Inc. v Lew 733 F.3d 72, 89 (4th Cir. 2013).

While the Organizational Plaintiffs may have standing as to claims for injury against the State Board, the Moore County Defendants respectfully contend no claims' exists toward any activities of the Moore County Defendants. The Organizational Plaintiffs cannot point to any injury traceable to the actions of the Moore County Defendants.

**VI.     That the identified individual Plaintiff Michael Brower does not have standing to assert claims as to the Moore County Defendants.**

That the Plaintiff names Michael Brower as an individual Plaintiff and contends Mr. Brower sustained injury as a result of alleged violations of the NVRA, and further that the North Carolina NAACP and Moore County NAACP have Associational Standing due his membership in the Organizations. (Dkt. 69-24). In his Complaint, Mr. Brower contends he "has been a member of the Moore County NAACP within the last five years and is currently renewing his membership." ¶ 13  Mr. Brower further contends his voter registration status was challenged but resolved without removal. Complaint ¶ 13  See also Declaration of James Michael Brower, (Decl. 9), as attached to original complaint. In the Declaration Mr. Brower advises of receipt of notification his voter registration had been challenged, and that through contact with the Moore County Board of Elections the challenge was resolved in his favor through updating his registration. The Plaintiff James Michael Brower was a challenged voter who subsequently responded to request of the Moore Board of Elections, and his challenge was dismissed and his voter's status continuing. Under the facts alleged in the Complaint, Mr. Brower did not suffer any injury. No conduct of the Moore County Defendants is traceable to the individual plaintiffs identified in this case. The NVRA does not prohibit voter challenges.

## CONCLUSION

The entry of the Preliminary Injunction Order and occurrence of the November 8, 2016 general election makes all Plaintiffs' claims as to Moore County Defendants moot. The court lacks subject matter jurisdiction and the case must be dismissed. Neither the identified individual Plaintiffs, nor the organizational Plaintiffs have standing as to the Moore County Defendants and their claims should be dismissed.

Respectfully submitted, this the 27th day of April, 2017.

    BY: /s/ R. Ward Medlin
    R. WARD MEDLIN
    NC Bar # 13817
    Moore County Attorney's Office
    P.O. Box 905
    Carthage, NC 28327
    T: (910) 947-4014
    F: (910) 947-1049
    wmedlin@moorecountync.gov
    *Attorney for Moore County Defendants*

    BY: /s/ Misty Randall Leland
    MISTY RANDALL LELAND
    NC Bar # 28320
    Moore County Attorney's Office
    P.O. Box 905
    Carthage, NC 28327
    T: (910) 947-4012
    F: (910) 947-3612
    mistyleland@moorecountync.gov
    *Attorney for Defendant Moore County*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2017, I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

This the 27th day of April, 2017.

    BY: /s/ R. Ward Medlin
    R. WARD MEDLIN
    NC Bar # 13817
    Moore County Attorney's Office
    wmedlin@moorecountync.gov
    *Attorney for Moore County Defendants*