IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:16-cv-1274-LCB-JLW

| | |
|---|---|
| N.C. STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| N.C. STATE BD. OF ELECTIONS, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## REPLY BRIEF IN SUPPORT OF
## THE BEAUFORT COUNTY DEFENDANTS' MOTION TO DISMISS

**NOW COME** the Defendants Beaufort County Board of Elections, Jay McRoy, in his official capacity as Chairman of the Beaufort County Board of Elections, John B. Tate, III, in his official capacity as Secretary of the Beaufort County Board of Elections, Thomas S. Payne II, in his official capacity as Member of the Beaufort County Board of Elections, and Kellie Harris Hopkins, in her official capacity as Director of the Beaufort County Board of Elections (collectively "the Beaufort County Defendants"), by and through undersigned counsel, and submit this Reply Brief in Support of their Motion to Dismiss.

**I. Whether the Beaufort County Defendants were "necessary and proper parties" under Rule 20 at the beginning of this litigation is irrelevant to the resolution of Defendants' present Motion to Dismiss.**

The Plaintiffs spend several pages in their Response arguing that the Beaufort County Defendants are "proper parties" to this litigation under Rule 20 of the Federal

1

Rules of Civil Procedure because county boards of election allegedly implement the election statutes at issue, and therefore, "Plaintiffs were entitled to name them as defendants." *See* Resp. pp 11–14. However, whether or not the Beaufort County Defendants were proper parties under Rule 20 at the initiation of this litigation is not the question posed by the Beaufort County Defendants' Motion to Dismiss which this Court must resolve. Instead, the Beaufort County Defendants rely solely on the doctrine of mootness, which is a jurisdictional issue "grounded in the requirement that any case or dispute that is presented to a federal court be definite, concrete, and amenable to specific relief." *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011).

Consequently, the present issue before this Court is not whether the Beaufort County Defendants were proper parties to this action under Rule 20 when the action commenced due to their alleged roles in implementing the statutes at issue, but whether events subsequent to the filing of the Plaintiffs' Complaint have rendered the Plaintiffs' claims against the Beaufort County Defendants no longer "amenable to specific relief." As the U.S. Supreme Court has explained, "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). Consequently, the Plaintiffs' argument that they are "master[s] of the complaint and ha[ve] the option of naming . . . those parties" they choose to sue at the outset of the litigation simply does not address, much less undermine, the Beaufort County Defendants' arguments for dismissal for mootness based upon events occurring after the initiation of litigation in this matter.

2

## II. Plaintiffs can no longer point to any "connection" between the Beaufort County Defendants and the implementation of the challenged statutes.

The Plaintiffs cite to case law from the Eighth and Ninth Circuits which they argue supports their argument that any government entity with "some connection" to a statute's implementation or enforcement is a proper party to a lawsuit challenging that statute. However, Eighth and Ninth Circuit case precedent obviously does not include any cases from North Carolina Federal Courts, such as those relied on by the Beaufort County Defendants and in particular *Republican Party of N.C. v. Martin*, 682 F. Supp. 834 (M.D.N.C. 1988). Since both Fourth Circuit precedent and precedent from this Court hold that because the Beaufort County Defendants "can only carry out duties as detailed by statute and the State Board" they lack sufficient "connection" to the challenged statutes, the Beaufort County Defendants should not remain parties to this lawsuit challenging the validity and enforceability of North Carolina election laws.

The Plaintiffs and the N.C. State Board of Elections ("the State Board") both attempt to distinguish *Martin*, but only point out distinctions without any substantive difference. For example, the Plaintiffs seize on the quote from *Martin* that the county boards of elections in that matter were only acting in a "ministerial capacity." However, whatever name is placed on that capacity, the legal authority of those county boards was exactly the same as the authority of the Beaufort County Defendants in this case. Just like the county boards in *Martin*, here the Beaufort County Defendants "have no authority to act in a manner inconsistent with the statute" and "can only carry out duties as detailed by statute and the State Board." *Martin*, 682 F. Supp. at 835. The limitations and

3

restrictions of the powers of the Beaufort County Defendants in this matter are exactly the same as those that the *Martin* Court pointed to in its ruling that "the suit against the county boards of elections is superfluous . . . ." As there is no difference in the statutory "connection" of the Beaufort County Defendants and that of the county board in *Martin*, there no reason which would justify deviating from *Martin's* holding in this matter.

The Plaintiffs and the State Board further attempt to distinguish *Martin* by arguing that, in contrast to the decisions of county boards in *Martin*, the decisions of the Beaufort County Defendants under N.C.G.S. § 163-85 are reviewable not by the State Board, but by the Superior Court. Again, for the purposes of these arguments, that is a distinction with no substantive difference. The Beaufort County Defendants' argument is not that the claims against them are moot because any action by them under N.C.G.S. § 163-85 can later be reviewed. Instead, the Plaintiffs' claims are moot because the State Board has not just the power but also the legal duty to stop them from taking any illegal actions under N.C.G.S. § 163-85 *before* any action is ever taken.

Even putting aside precedent from this Court, the Plaintiffs' arguments that the Beaufort County Defendants must remain as defendants in this matter because they have "some connection" to the implementation or enforcement of N.C. Gen. Stat. §§ 163-85 and 163-86 is still unavailing. The Plaintiffs point toward the Ninth Circuit opinion of *Los Angeles Branch NAACP v. Los Angeles Unified School District*, 714 F.2d 946 (9th Cir. 1983) for support, but that case indirectly supports the position of the Beaufort County Defendants. In that case, the Ninth Circuit Court of Appeals held that the plaintiff had standing to sue certain state-level government defendants for their failure to

take affirmative steps to desegregate public schools, despite the state defendants' objections that responsibility for desegregation rested at the local level. 714 F.2d 946, 949. The Court held that if it were to dismiss the state defendants, the Court would be unable to "formulate a remedy in which the state defendants could participate," as the local defendants had no power over the state defendants to direct or control the state defendants' actions.

While in *Los Angeles Branch NAACP* the state-level defendants were required to remain as defendants because the county-level defendants had no authority over them, here the exact opposite situation exists, which should lead to the exact opposite conclusion. In this matter, dismissal of the Beaufort County Defendants would not prevent this Court from formulating a remedy in which they would be required to adhere to, due to the direct control of all county boards of election by the State Board. Because legal authority and control runs from the state level down to the county level, dismissing the Beaufort County Defendants here would not prevent the State Board from directing and controlling the County Defendants' actions.

Further, Plaintiffs' reliance on the Eighth Circuit decision of *Citizens for Equal Protection v. Bruning*, 455 F.3d 859 (8th Cir. 2006) is misplaced when the Fourth Circuit Court of Appeals has already directly ruled on the same issue. In the Fourth Circuit, a government entity is a proper defendant so long as it has "some connection with the enforcement of the [challenged] act." *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 332–33 (4th Cir. 2008) (quoting *Lytle v. Griffith*, 240 F.3d 404, 409 (4th Cir. 2001)). However, using a higher standard than the one utilized by the Eighth Circuit, the Fourth

Circuit requires a "special relation" which is not merely "some connection" to statutory enforcement, but that in which state officials have a "proximity to and responsibility for the challenged state action." *Id*. For example, in *Limehouse*, the Fourth Circuit Court of Appeals found that the Executive Director of the SCDOT had a "special relationship" with statutory enforcement when South Carolina state law gave the Director "supervisory authority over the state's participation in the FEIS process." *Id*. at 333.

However, while the Beaufort County Defendants previously had some control and responsibility over the disputed challenge procedure set forth in N.C. Gen. Stat. §§ 163-85 and 163-86, any "special relationship" necessarily ended upon the entry of this Court's Injunction Order. Now, because of the State Board's supervisory authority over the County Defendants, all "proximity to and responsibility for" the implementation and enforcement of N.C. Gen. Stat. §§ 163-85 and 163-86 will continue to lie with the State. As such, the only "special relationship" to statutory enforcement now lies with the State Board because it is the party charged with supervising the counties' adherence to the challenged statute. Consequently, the Plaintiffs' reliance on the "some connection" argument fails, because no "connection" now exists between the Beaufort County Defendants and the enforcement of N.C. Gen. Stat. §§ 163-85 and 163-86.

### III. The prospect of a potential award of attorneys' fees is not an adequate reason for the Beaufort County Defendants to remain in this lawsuit.

In their Response, the Plaintiffs twice mention that they "may also seek attorney's fees against all defendants," including the Beaufort County Defendants (*see* Resp. pp 8, 15), with the apparent implication that the Beaufort County Defendants should remain

defendants in this matter so that this Court can later determine whether attorney fees should be taxed against them.[1] However, under Fourth Circuit precedent, the Plaintiffs have not yet established any basis for any award of attorney fees against the Beaufort County Defendants. Following the Supreme Court, the Fourth Circuit has held that "[a] person may not be a 'prevailing party' plaintiff under 42 U.S.C. § 1988 except by virtue of having obtained an enforceable judgment, consent decree, or settlement giving some of the legal relief sought . . . ." *S-1 & S-2 By & Through P-1 & P-2 v. State Bd. of Educ. of N. Carolina*, 21 F.3d 49, 51 (4th Cir. 1994) (citing *Farrar v. Hobby*, 506 U.S. 103 (1992)).

So far in this matter, the Plaintiffs have only "prevailed," in part, on their request for a preliminary injunction, which is not a final judgment or decree for which attorney fees could be awarded under the relevant statutes or Fourth Circuit precedent. Therefore, since the Plaintiffs have no standing or other basis[2] to request an award of attorney fees from the Beaufort County Defendants at this point in this litigation, any such request cannot be a basis for them to remain parties to this lawsuit.

## IV. The State Board obviously misreads the breadth of the Injunction Order entered by this Court.

In its Opposition, the State Board makes the curious argument that despite the Injunction Order entered by this Court (Dkt. 43), voter challenges under N.C. Gen. Stat.

---

[1] Pursuant to the statutes under which the Plaintiffs have made their claims in this matter, an award attorney fees in favor of the prevailing party is not mandatory. *See, e.g.*, 52 U.S.C. § 20510(c) and 42 U.S.C. § 1988(b).

[2] Further, "the fact that a lawsuit may operate as a catalyst for post-litigation changes in a defendant's conduct cannot suffice to establish plaintiff as a prevailing party." *S-1 & S-2*, 21 F.3d at 51.

7

§§ 163-85 and 163-86 which were filed after the November 8, 2016 election may continue unabated. Specifically, the State Board says that "[i]t is therefore the understanding of the SBE Defendants that neither the Preliminary Injunction nor Numbered Memo 2016-23 continues to bar voter challenges based on residency under N.C. Gen. Stat. §§ 163-85 and 163-86." (Opposition pp 5–6). That is a surprising statement, given the plain text of the Order entered by this Court which appears to state exactly the opposite.

Besides the fact that the Injunction Order contains no language limiting its application to the November 8, 2016 election, the following directives of this Court contain no time parameters which would limit the effect only to that election:

- The Defendants "shall issue directives and take all other measures to ensure that any challenged voters are restored to their status prior to the challenge and subsequent removal so that they may be allowed to vote on or before November 8, 2016 *and in future elections*." (Dkt. 43, p 4) (emphasis added).

- The Defendants are enjoined "from canceling the registration of voters through the challenge procedures set forth in N.C. Gen. Stat. §§ 163-85 and 163-86, when those challenges are based on change of residency and the State has neither received written confirmation from the voter of a change in residency outside of the county, nor complied with the NVRA's notice requirement and two-election cycle waiting period." *Id.*

- The Defendants are enjoined "from using the challenge procedure set forth in N.C. Gen. Stat. §§ 163-85 and 163-86 to remove voters from the rolls based on change of residency information in the 90 days preceding a Federal election." *Id.*

- The Defendants are enjoined "from holding hearings or taking any other action(s) to process challenges filed under" N.C. Gen. Stat. §§ 163-85 and 163-86. *Id.*

While the Beaufort County Defendants will certainly leave it to this Court to determine the temporal boundaries of its own Order, the above seems to make it clear that the Court neither intended to limit nor actually did limit its Injunctive Order to the November 8, 2016 election only. Consequently, the State Board's interpretation and argument to the contrary – which is based on a few references to the election in this Court's Opinion – flies directly in the face of the plain text of the Order.

The Plaintiffs argue in their Response that the alleged "disagreement" between the State Board and the County Defendants regarding the breadth of the Injunction Order is, by itself, enough to force the Beaufort County Defendants to remain parties to this matter. In effect, the Plaintiffs argue that the State Board's obviously incorrect reading of the Injunction Order should make it impossible for these Defendants to be dismissed. However, as shown above, the State Board's interpretation of the Injunction Order directly contradicts the plain language of that Order. Because of that, the Plaintiffs' attempt to bootstrap the apparent "disagreement" between the County Defendants into an argument to deny the Motion to Dismiss should fail.

**V.    That a party might be helpful to the discovery process is no basis for that party to remain a defendant in a lawsuit.**

The State Board (though not the Plaintiffs) makes the contention that the Beaufort County Defendants must remain parties to the case because they are allegedly "necessary parties for discovery purposes." The State Board cites no authority for the contention that a party may be made a defendant to a lawsuit if they are "necessary" for discovery purposes because no such authority exists. Consequently, the State Board's argument on

9

Case 1:16-cv-01274-LCB-JLW   Document 71   Filed 04/28/17   Page 9 of 11

that point lacks any legal basis and should be rejected by this Court.

Further, the State Board's contention that the Beaufort County Defendants are "necessary parties for discovery purposes" is factually incorrect. First, like any party to any lawsuit, the Plaintiffs and the State Board all possess the subpoena power under Rule 45 to obtain information and documents from non-parties, which could be used to subpoena information from the County Boards. Further, as a government entity, the Beaufort County Board of Elections is also subject to public record disclosure laws, including N.C.G.S. § 132-1 which states that "it is the policy of this State that the people may obtain copies of their public records and public information free or at minimal cost . . . ." Therefore, it is completely unnecessary to keep the Beaufort County Defendants as parties to this lawsuit simply to aid discovery.

## VI. Conclusion

For the foregoing reasons, the Motion to Dismiss of the Beaufort County Defendants should be granted.

Respectfully submitted, this the 28th day of April, 2017.

By: /s/ Joshua H. Bennett
Joshua H. Bennett
N.C. State Bar No. 32576
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, North Carolina 27103
Tel: (336) 765-3121
Fax: (336) 765-8622
jbennett@bennett-guthrie.com

By: /s/ Donald M. Wright
Donald M. Wright, Esq.
N.C. State Bar No. 7410
4804 Holly Brook Drive
Apex, NC 27539
Tel: (919) 618-3601
ncelectionattorney@gmail.com
*Special Appearance Counsel*
*Local Civil Rule 83.1(d)*

*Attorneys for Beaufort County Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2017, I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

/s/ Joshua H. Bennett
Joshua H. Bennett
N.C. State Bar No. 32576
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, North Carolina 27103
Tel: (336) 765-3121
Fax: (336) 765-8622
jbennett@bennett-guthrie.com