**NORTH CAROLINA**
**State Board *of* Elections**

*Mailing Address*:
P.O. Box 27255
Raleigh, NC 27611-7255

Kimberly Westbrook Strach
*Executive Director*

October 27, 2016     **CUMBERLAND REPLY BRIEF EXHIBIT B**

VIA ELECTRONIC MAIL

Rev. Dr. William J. Barber, II
President, N.C. State Conference
National Association for the Advancement of Colored People
c/o Professor Irv Joyner
ijoyner@nccu.edu

Re:  Residency challenges brought under Article 8 of Chapter 163 of the General Statutes of North Carolina.

Dear Reverend Barber:

Thank you for your correspondence of last week regarding North Carolina's compliance under the National Voter Registration Act of 1993 (NVRA). For more than two decades, the State Board of Elections has interpreted the NVRA as compatible with state statutes authorizing individualized challenge proceedings brought against a voter on or before election day,[1] including challenges based on failure to meet residency qualifications.[2] Preliminary review suggests North Carolina is not alone in authorizing such residency challenges.[3] The NVRA does not address the lawfulness of private parties who challenge the residency of a voter based on returned mail.

As noted in your letter of October 22, a challenge validly entered will trigger a preliminary hearing, written notice to the affected voter, and a full hearing on the merits before the appointed members of the county board of elections.[4] The county board's decisions may be appealed within 10 days to the Superior Court Statute of the county, though no appeal lies with the State Board.[5]

We are aware that a number of private citizens[6] have challenged roughly 4,500 voters spread across Beaufort, Cumberland, and Moore counties, with the great bulk (3,951) filed in Cumberland County in August and September.[7] It appears that in all cases, challengers have relied upon returned mail during the

---

[1] *See* N.C. GEN. STAT. §§ 163-84 through 163-90.3
[2] N.C. GEN. STAT. §§ 163-85(1)-(3) and 163-87(1).
[3] *See, e.g.*, ALA. CODE §17-10-2(a); ALASKA STAT. § 15.15.210; ARIZ. CODE ANN. § 16-591; COLO. REV. STAT. § 1-9- 201(2); FLA. STAT. § 101.111; GA. CODE ANN. § 21-2-230; HAW. REV. STAT. §11-25; IDAHO CODE ANN. § 34-431; 10 ILL. COMP. STAT. ANN. 5/17-10; IOWA CODE § 49.79; LA. REV. STAT. ANN. § 18:565; ME. REV. STAT. 21-A, § 673; MASS. GEN. LAWS ch. 54, §§ 85, 85A; MICH. COMP. LAWS § 168.727(1); MINN. STAT. § 204C.12; MISS. CODE ANN. § 23-15-571; MO. REV. STAT. § 115.429; MONT. CODE ANN. § 13-13-301; NEB. REV. STAT § 32-926; NEV. REV. STAT. § 293.303; N.H. REV. STAT. § 659:27; N.J. STAT. ANN. § 19:7-1; N.Y. ELEC. LAWS § 8-502; OR. REV. STAT. § 254.415; S.C. CODE ANN. § 7-13-810; TENN. CODE ANN. § 2-7-124(2); VA. CODE ANN. § 24.2-651; WAS. REV. CODE § 29A.08.810(2); W. VA. CODE ANN. § 3-1-39; WIS. STAT. § 6.925.
[4] *See* N.C. GEN. STAT. §§ 163-85(d) and 163-86.
[5] N.C. GEN. STAT. § 163-90.2.
[6] Challengers include Shane Hubers, James Merritt, Richard Radcliffe, and Allan Rogers of Beaufort County; Michael Hyers of Cumberland County; and N. Carol Wheeldon of Moore County.
[7] County elections staff report that 99% of voters challenged in Cumberland County are listed as inactive, meaning they have not voted in two consecutive elections in which a federal candidate appears on the ballot.

preliminary hearing to make out a prima facie case that the voter no longer resides within the precinct.[8] In all cases, county officials indicate that their respective boards of elections held preliminary hearings,[9] notified the challenged voters by mail,[10] and held hearings on the merits.[11]

In particular, you have raised concerns regarding two challenged voters in Beaufort County: Sharon Woods and Mary Harris Butcher. According to elections staff in that county, the challenge to Mary Harris Butcher has been withdrawn. Additionally, staff informs me that, when contacted about the challenge to her voter registration, Sharon Woods provided an updated address and the challenge was sustained with corrections to the address. Both individuals remain registered voters in the county.

The NVRA prohibits a state from conducting systematic list maintenance activities within 90 days of a federal election.[12] An individual challenge, however, lodged by private citizens and resolved through a statutory process that ensures notice and an opportunity to be heard before the appropriate body within the county, has never been part of North Carolina's systematic list maintenance program. Nor has the NVRA's provisions with regard to residency been read to bar individualized inquiries based on evidence regarding a particular voter's qualifications.

Your letter cites certain federal guidance stating the NVRA prevents the "immediate outright cancelation" of registration based on a "change-of-address form or an apparent match between databases."[13] North Carolina's statutory regime—including a preliminary hearing, notice, hearing on the merits, and appeal to the Superior Court—is not immediate nor outright, neither does it involve database matching or change of addresses forms. Reliance on returned mail at a preliminary hearing would not appear to conflict with current guidance from the U.S. Department of Justice.

Far from a neglected area of our law, North Carolina's challenge provisions have been amended frequently, including numerous changes since the NVRA's passage.[14] While I understand concerns you have expressed regarding the types of activities permitted by our law, I do not share your view that this agency must now, and for the first time, refuse to comply with these statutes.

I appreciate your concern in this matter. Please do not hesitate to contact me if you have further questions.

Sincerely,

*Ki Westbrook Strach*

Kimberly Westbrook Strach
Executive Director, North Carolina State Board of Elections

---

[8] N.C. GEN. STAT. § 163-85(e) sets out that returnable first class mail that is returned because the recipient does not reside at the address will be considered prima facie evidence that the voter no longer resided within the precinct.
[9] Beaufort County conducted its preliminary hearings on October 7 and October 14; Cumberland County on September 10; and Moore County on September 6.
[10] Beaufort County sent notice on October 12 and October 17; Cumberland County on September 19, and Moore County on September 3.
[11] Beaufort County held a hearing on October 24 and has calendared a hearing for October 29; Cumberland County on September 30 and October 3; and Moore County on October 14.
[12] 52 U.S.C. § 20507(c)(2).
[13] U.S. DEPT. OF JUSTICE, SUMMARY OF SELECTED FEDERAL PROTECTIONS FOR ELIGIBLE VOTERS, (updated September 5, 2016), available at http://go.usa.gov/xksWK
[14] *See* S.L. 1993-762, §§ 24-29; S.L. 1995-735; S.L. 2006-262, § 3; S.L. 2008-150, § 5(b); S.L. 2009-526, § 1.2; S.L. 2009-537, §8(c); S.L. 2009-541, § 16.1; S.L. 2009-550, § 11; S.L. 2010-96, § 18; S.L. 2014-111, § 15(d).