IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:16-cv-1274-LCB-JLW

| | |
|---|---|
| STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| N.C. STATE BD. OF ELECTIONS, *et al.*, | ) ) |
| Defendants. | ) ) ) |

## **ANSWER AND CROSSCLAIM OF CUMBERLAND DEFENDANTS**

Now come defendants the CUMBERLAND COUNTY BOARD OF ELECTIONS (the Cumberland BOE); JAMES H. BAKER, in his official capacity as its Chairperson; ROBERT KEVIN HIGHT, in his official Capacity as its Secretary; HARVEY RAYNOR III, in his official capacity as one of its members; and TERRI ROBERTSON, in her official capacity as its Director, collectively referred to as "the Cumberland Defendants," by and through their undersigned counsel and answer the Complaint as follows:

### **FIRST DEFENSE**

The Cumberland Defendants answer each and every allegation of the numbered paragraphs of the Plaintiffs' Complaint as follows:

1

## INTRODUCTION

1.      Admitted that the nature of this action appears to be for declaratory and injunctive relief, seeking to enjoin the North Carolina and County Boards of Elections from cancelling voter registrations. The remaining allegations of this paragraph are denied.

2.      Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

3.      Admitted that the Cumberland County Board of Elections cancelled voter registrations pursuant to challenge procedures brought by individual registered voters pursuant to N.C. Gen. Stat. §§ 163-85(c)(2) & (3) in strict compliance with the provisions of Chapter 163 of the N. C. Gen. Statutes and in accordance with directives of the State Board of Elections (the State BOE). Any remaining allegations of this paragraph are denied.

4.      Admitted that the provisions of N. C. Gen. Stat. § 163-85(c)(2) & (3) speak for themselves, that N. C. Gen. Stat. § 163-85(c)(2) & (3) is a currently valid State law and that the Cumberland Defendants are charged with following existing law and complying with the directives of the State Board of Elections. Any remaining allegations of this paragraph are denied.

5.      Admitted that the nature of this action appears to be for injunctive relief, seeking to enjoin further cancelling of voter registrations and restoration of previously cancelled voters. The Cumberland Defendants are without knowledge or information

2

sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

## JURISDICTION AND VENUE

6.     Admitted that the cited provisions of the United States Code speak for themselves. The remaining allegations of this paragraph are denied.

7.     It is denied that a substantial part of the events or omissions giving rise to the claims of Plaintiff North Carolina NAACP occurred, or will occur in the Middle District of North Carolina. The remaining allegations of this paragraph are denied.

## PARTIES

8.     The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

9.     The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

10.     The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

11.     The claims of the Moore County NAACP have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or

3

information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

12.     The claims of all individual Plaintiffs have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

13.     The claims of all individual Plaintiffs have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

14.     The claims of all individual Plaintiffs have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

15.     The claims of all individual Plaintiffs have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

16.     Admitted that the North Carolina Board Of Elections (State BOE) is charged with the administering the election laws of the State of North Carolina, advises the county elections boards of election as to the proper methods of conducting primaries

4

and elections, and must compel the county boards of elections and other elections official to observe the requirements of the election laws pursuant to N. C. Gen. Stat, § 163-22(c).

17.     Upon information and belief the allegations of paragraph 17 are admitted.

18.     Upon information and belief the allegations of paragraph 18 are admitted.

19.     Upon information and belief the allegations of paragraph 19 are admitted.

20.     Upon information and belief the allegations of paragraph 20 are admitted.

21.     Upon information and belief the allegations of paragraph 21 are admitted.

22.     Upon information and belief the allegations of paragraph 22 are admitted.

23.     Admitted that each North Carolina county board of elections is charged with administering North Carolina's election laws within its respective county under the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.

24.     Upon information and belief the allegations of paragraph 24 are admitted except that the administration of the election laws by every North Carolina county board of elections is subject to the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.

25.     Upon information and belief the allegations of paragraph 25 are admitted except that the administration of the election laws by every North Carolina county board of elections is subject to the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.

26. Upon information and belief the allegations of paragraph 26 are admitted except that the administration of the election laws by every North Carolina county board of elections is subject to the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.

27. Upon information and belief the allegations of paragraph 27 are admitted except that the administration of the election laws by every North Carolina county board of elections and the implementation of the county boards' decisions are subject to the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.

28. Admitted that each North Carolina county board of elections is charged with administering North Carolina's election laws within its respective county under the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.

29. Upon information and belief the allegations of paragraph 29 are admitted except that the administration of the election laws of every North Carolina county board of elections is subject to the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.

30. Upon information and belief the allegations of paragraph 30 are admitted except that the administration of the election laws by every North Carolina county board of elections is subject to the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.

31.     Upon information and belief the allegations of paragraph 31 are admitted except that the administration of the election laws by every North Carolina county board of elections is subject to the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.

32.     Upon information and belief the allegations of paragraph 32 are admitted except that the administration of the election laws by every North Carolina county board of elections and the implementation of the county boards' decisions are subject to the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.

33.     Admitted that each North Carolina county board of elections is charged with administering North Carolina's election laws within its respective county under the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.

34.     Admitted that defendant James H. Baker was Chairperson of the Cumberland BOE at the time this suit was filed; that he was sued in his official capacity as such; and that the administration of the election laws by every North Carolina county board of elections is subject to the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes. James H. Baker resigned from the Cumberland BOE on February 21, 2017, and his successor has not been appointed.

35.     Admitted that defendant Robert Kevin Hight is sued in his official capacity as the Secretary of the Cumberland BOE and that the administration of the election laws

7

by every North Carolina county board of elections is subject to the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.

36.     Admitted that defendant Harvey Raynor, III, is sued in his official capacity as a Member of the Cumberland BOE and that the administration of the election laws by every North Carolina county board of elections is subject to the statutory supervision and control of the State BOE as set out in Chapter 163 of the N. C. Gen. Statutes.  Defendant Harvey Raynor, III, is Chairperson of the now, two-member Cumberland BOE.

37.     Admitted except that the administration of the election laws by the Cumberland BOE and the implementation of the Cumberland BOE's decisions are subject to the statutory supervision and control of the State BOE.


## LEGAL BACKGROUND

### The National Voter Registration Act of 1993

38.     Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

39.     Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

40.     Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

41.     Admitted that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

8

## North Carolina's Voter Challenge Statute

42.     Admitted that the provisions of N. C. Gen. Stat. § 163-85(a) and § 163-85(c)(2) & (3) speak for themselves. Any remaining allegations of this paragraph are denied.

43.     Admitted that the provisions of N.C. Gen. Stat. § 163-85(d), § 163-85(e) and § 163-86(b) speak for themselves. Any remaining allegations of this paragraph are denied.

44.     Admitted that the provisions of N. C. Gen. Stat. § 163-86(c) and §163-86(d) speak for themselves. Any remaining allegations of this paragraph are denied.

45.     Admitted that the provisions of N. C. Gen. Stat. § 163-82.14(d), § 163-82.14(d)(3), and §163-82.15(e) speak for themselves. Any remaining allegations of this paragraph are denied.

## FACTUAL BACKGROUND

## North Carolina's Unlawful Voter Challenge and Purge Practices

46.     Upon information and belief the Cumberland Defendants admit that according to the State BOE's database, the Cumberland BOE cancelled the registrations of 3,495 voters pursuant to challenges brought pursuant to N. C. Gen. Stat. §§ 163- 85 & 86 in the time period from ninety days to twenty-five days before the November, 2016, general election.  The Cumberland Defendants admit that almost all of these challenges were brought by a Cumberland County registered voter named Michael Hyers.  The Cumberland Defendants do not know the methodology the challenger used to make his

9

challenges and deny that the Cumberland Defendants coordinated these challenges or targeted any voters in these challenges brought by Michael Hyers or any other individual challenger. As to the remaining allegations of the paragraph, the Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

47. As to the allegations in paragraph 47, the Cumberland Defendants re-plead and incorporate their answer to paragraph 46 in its entirety.

48. The claims of all individual defendants have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

49. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

50. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

51. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

52.     The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

53.     The claims of all individual defendants have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

54.     The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

55.     The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

56.     The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

57.     The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

58.    The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

59.    The claims of all individual defendants have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

60.    The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

61.    The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

62.    The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

63.    The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

64.    The claims of all individual defendants have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or

information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

65. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

66. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

67. As to the allegations in paragraph 67, the Cumberland Defendants re-plead and incorporate their answer to paragraph 46 in its entirety. The Cumberland Defendants further admit that the records of the State BOE speak for themselves and that all challenges heard by the Cumberland BOE have been made by the individual challengers and processed by the Cumberland BOE in accordance with N. C. Gen. Stat. §§ 163-85 & 86 and the directives and guidance of the State BOE or its Executive Director. The Cumberland Defendants are without knowledge or information sufficient to admit or deny any remaining allegations of paragraph 67; the same are therefore denied.

68. With respect to the allegations of paragraph 68, the Cumberland Defendants answer that the hearings conducted by the Cumberland BOE on September 30, 2016, were the hearings pursuant to N. C. Gen. Stat. §§ 163-86 to give 3,564 registrants challenged by Michael Hyers for whom probable cause had been found in probable cause hearings conducted September 10 and 15 the opportunity to appear, after

13

notice, and defend the challenge to them; to hear three challenges brought by the Director of the Cumberland BOE; and to conduct the probable cause hearing for 253 additional registrants challenged by Michael Hyers. The Cumberland Defendants further answer that three of the 3,564 registrants for which probable cause had been found on September 10 and 15 appeared to defend the challenges against them and the challenges were not sustained against those three; the three challenges brought by the Director of the Cumberland BOE were continued without action; and probable cause was not found as to nineteen of the 253 registrants challenged by Michael Hyers and those were dismissed; probable cause was found as to 234 remaining registrants challenged by Michael Hyers. The Cumberland Defendants further answer that 3,561 registrations were cancelled by the order of Cumberland BOE in accordance with N. C. Gen. Stat. § 163-86 at the hearings conducted September 30, 2016. All allegations contained in paragraph 68 that are inconsistent with this answer are denied.

69. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

### Plaintiffs' Protests of Unlawful Challenge and Purge Practices

70. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

71.     Upon information and belief the allegations of paragraph 71 as they relate to two letters sent from the President of the North Carolina NAACP to the State BOE are admitted.  Any remaining allegations in this paragraph are denied.

72.     It is admitted that the October 17, 2016, letter from the North Carolina NAACP President to the Defendant State BOE speaks for itself.  Any remaining allegations in this paragraph are denied.

73.     It is admitted that any response from the State BOE to the October 17, 2016, letter from the North Carolina NAACP President speaks for itself. Any remaining allegations in this paragraph are denied.

74.     Upon information and belief the allegations of paragraph 74 are admitted except that the Cumberland Defendants do not have knowledge of when the letter from the President of the North Carolina NAACP was sent.

75.     It is admitted that any response from the State BOE to the President of the North Carolina NAACP speaks for itself.  Any remaining allegations of this paragraph are denied.

76.     The claims of the Moore County NAACP have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

77.     The claims of the Moore County NAACP have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or

information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

78.    The claims of the Moore County NAACP have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

## Defendants' Unlawful Voter Challenge and Purge Practices
## Irreparably Harm Plaintiffs and Their Members

79.    The Cumberland Defendants answer that they complied with the N. C. Gen. Statutes as promulgated and enacted by the N. C. General Assembly and as mandated by the State BOE, and exercised no discretion, interpretation of, or independence in complying with the Statutes and requirements of the State BOE; the Cumberland Defendants did not permit or enable challengers to bring challenges under any circumstances; and all challenges brought in Cumberland County were brought and processed in strict compliance with the N. C. Gen. Statutes.  The Cumberland Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied

80.    The Cumberland Defendants deny that they took any action that denied any person in Cumberland County the right to vote, albeit by provisional ballot, in the 2016 general election or subsequent elections.   The Cumberland Defendants are without

16

knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

81. The claims of all Plaintiffs other than the North Carolina NAACP have been dismissed as to the Cumberland Defendants and the Cumberland Defendants deny that they took any action that denied any person in Cumberland County the right to vote, albeit by provisional ballot, in the 2016 general election or subsequent elections. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

82. It is admitted that voters removed from the voter rolls prior to 90 days before November 8 due to a sustained challenge would not appear on the list of registered voters at their polling place and would not be able to cast a regular ballot unless they had updated their registration information. It is admitted that such voters could still vote by using a provisional ballot, and once continued eligibility was verified the ballot would be processed and counted in accordance with N. C. Gen. Stat. § 163-166.11(4) pursuant to the guidelines and procedures adopted by the State BOE. By way of further answer, the Cumberland Defendants assert that the Court's entry of its preliminary injunction immediately restored the registrations of those voters removed by a challenge within 90 days of the 2016 general election so that they could vote regular ballots in the 2016 general election and in future elections; those voters were reinstated to the voting rolls and were able to cast regular ballots if they voted; and those voters will be able to cast regular ballots in future elections. By way of further answer, the Cumberland Defendants

17

assert that the Court's entry of its preliminary injunction enjoined the Defendants from canceling the registration of voters through the challenge procedure set forth in N. C. Gen. Stat. §§ 163-85 & 86 based on residency when the State has neither received written confirmation from the voter of a change in residency outside of the county, nor complied with the NVRA's notice requirement and two-election cycle waiting period; or from "using" the challenge procedure to remove voters from the rolls based on change of residency information in the 90 days preceding a Federal election. By way of further answer, the Cumberland Defendants assert that the effect of the Court's preliminary injunction is that the Defendants are prohibited from taking any further action on challenges made under these statutes which are based on residency at any time, thus there no longer exists an actual controversy and the claims of Plaintiffs are barred by mootness and there is no longer any subject matter jurisdiction. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

83. Admitted that a voter removed before 90 days before the 2016 general election may have cast a provisional ballot and would have been required to affirm thereon that he or she is a registered voter in the jurisdiction pursuant to N. C. Gen. Stat. §163-166.11(2). The Cumberland Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

84.    The Cumberland Defendants answer that the Cumberland BOE processes and counts all provisional ballots in accordance with N. C. Gen. Stat. § 163-166.11(4) pursuant to the guidelines and procedures adopted by the State BOE. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

85.    The Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

86.    The Cumberland Defendants answer that the Court's preliminary injunction enjoins the Defendants from taking any further action on challenges made under these statutes which are based on residency at any time; therefore the allegations of paragraph 86 are denied.

87.    The Cumberland Defendants answer that the Cumberland BOE has not adopted or engaged in any purging practice; that all voter challenges heard by the Cumberland BOE were conducted in strict compliance with the N. C. Gen. Statutes under the guidance and supervision of the State BOE; that the Court's preliminary injunction enjoins the Defendants from taking any further action on challenges made under these statutes which are based on residency at any time; therefore the allegations of paragraph 87 are denied.

88.    The Cumberland Defendants answer that the Cumberland BOE has not adopted or engaged in any purging practice; that all voter challenges heard by the

19

Cumberland BOE were conducted in strict compliance with the N. C. Gen. Statutes under the guidance and supervision of the State BOE; that the Court's preliminary injunction enjoins the Defendants from taking any further action on challenges made under these statutes which are based on residency at any time; and all remaining allegations of paragraph 88 are denied.

89.     The Cumberland Defendants deny that they have engaged in any voter challenge and purging practice; instead the Cumberland Defendants assert that all challenges heard by the Cumberland BOE have been made by the individual challengers and processed by the Cumberland BOE in accordance with N. C. Gen. Stat. §§ 163-85 & 86 and the directives and guidance of the State BOE or its Executive Director.   The Cumberland Defendants are without knowledge or information sufficient to admit or deny the further allegations of this paragraph; the same are therefore denied.

90.     The claims of the Moore County NAACP have been dismissed as to the Cumberland Defendants and the Cumberland Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph; the same are therefore denied.

## CAUSES OF ACTION
## COUNT I
### (Violation of the NVRA, 52 U.S.C. §20507(d))

91.     The Cumberland Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

92.     The Cumberland Defendants admit that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

93.     The Cumberland Defendants admit that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

94.     The Cumberland Defendants admit that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

95.     The Cumberland Defendants admit that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

96.     The Cumberland Defendants admit that the Cumberland BOE strictly followed the procedures set forth in N. C. Gen. Stat. §§ 163-85 & 86 to order the cancellation of the registration of voters who were challenged by Michael Hyers pursuant to those statutes. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

97.     The Cumberland Defendants admit that the Cumberland BOE strictly followed the procedures set forth in N. C. Gen. Stat. §§ 163-85 & 86 to order the cancellation of the registration of voters who were challenged by Michael Hyers pursuant to those statutes. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

98. The Cumberland Defendants deny the allegation of paragraph 98 that the Cumberland BOE cancelled registrations without making any effort to ascertain whether the challenged voters' new addresses remained in Cumberland County; instead, the Cumberland BOE staff made substantial efforts to ascertain the location of challenged voters by any street, mail or email address of which they had knowledge from the voting records and reported their findings to the Cumberland BOE. The Cumberland County BOE staff further contacted appropriate staff at Fort Bragg and suggested that they appear at hearings for any challenged registrants who appeared to be active duty soldiers. The Cumberland Defendants further answer that the Cumberland BOE strictly followed the procedures set forth in N. C. Gen. Stat. §§ 163-85 & 86 to order the cancellation of the registration of voters who were challenged by Michael Hyers pursuant to those statutes. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

99. The claims of all individual Plaintiffs have been dismissed as to the Cumberland Defendants and the members of the communities served by the organizational Plaintiffs are not identified; therefore the allegations of paragraph are denied.

100. The Cumberland Defendants answer that the Court's preliminary injunction enjoins the Defendants from taking any further action on challenges made under these statutes which are based on residency at any time; therefore the allegations of paragraph 100 are denied; the Cumberland Defendants are without knowledge or information

sufficient to admit or deny the further allegations of this paragraph; the same are therefore denied.

101. The Cumberland Defendants answer that the Court's preliminary injunction enjoins the Defendants from taking any further action on challenges made under these statutes which are based on residency at any time; therefore the allegations of paragraph 101 are denied; the Cumberland Defendants are without knowledge or information sufficient to admit or deny the further allegations of this paragraph; the same are therefore denied.

102. The Cumberland Defendants answer that the Court's preliminary injunction enjoins the Defendants from taking any further action on challenges made under these statutes which are based on residency at any time; therefore the allegations of paragraph 102 are denied; the Cumberland Defendants are without knowledge or information sufficient to admit or deny the further allegations of this paragraph; the same are therefore denied.

103. The Cumberland Defendants answer that the Court's preliminary injunction enjoins the Defendants from taking any further action on challenges made under these statutes which are based on residency at any time; therefore the allegations of paragraph 103 are denied; the Cumberland Defendants are without knowledge or information sufficient to admit or deny the further allegations of this paragraph; the same are therefore denied.

104. The Cumberland Defendants answer that the Court's preliminary injunction enjoins the Defendants from taking any further action on challenges made under these statutes which are based on residency at any time; therefore the allegations of paragraph 104 are denied; the Cumberland Defendants are without knowledge or information sufficient to admit or deny the further allegations of this paragraph; the same are therefore denied.

## COUNT II
### (Violation of the NVRA, 52 U.S.C. §20507(c)(2)(A))

105. The Cumberland Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

106. The Cumberland Defendants admit that the provisions of the NVRA speak for themselves. Any remaining allegations of this paragraph are denied.

107. Denied and by way of further answer, the Cumberland Defendants assert that any voter removal by the challenge process was pursuant to the N. C. Gen. Statutes as promulgated and enacted by the N. C. General Assembly and as directed by the State BOE. The Cumberland Defendants specifically deny they adopted or maintain a challenge procedure that enables private citizens to file *en masse* challenges, and assert that the Cumberland Defendants are afforded no discretion in complying with and enforcing the N. C. Gen. Statutes as promulgated and enacted by the N. C. General Assembly, and as mandated and directed by the State BOE and simply engage in the ministerial acts of following the General Statutes.

24

108.    It is denied that the Cumberland BOE ordered the cancellation of the registrations of any voters pursuant to the N. C. Gen. Statutes after October 21, 2016. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the further allegations of this paragraph; the same are therefore denied.

109.    The Cumberland Defendants are without knowledge or information sufficient to admit or deny the further allegations of this paragraph; the same are therefore denied.

110.    The Cumberland Defendants answer that the Court's preliminary injunction enjoins the Defendants from taking any further action on challenges made under these statutes which are based on residency at any time; therefore the allegations of paragraph 110 are denied; the Cumberland Defendants are without knowledge or information sufficient to admit or deny the further allegations of this paragraph; the same are therefore denied.

111.    The Cumberland Defendants answer that the Court's preliminary injunction enjoins the Defendants from taking any further action on challenges made under these statutes which are based on residency at any time; therefore the allegations of paragraph 111 are denied; the Cumberland Defendants are without knowledge or information sufficient to admit or deny the further allegations of this paragraph; the same are therefore denied.

112.    Denied.

113.    Denied.

114. The Cumberland Defendants answer that the Court's preliminary injunction enjoins the Defendants from taking any further action on challenges made under these statutes which are based on residency at any time; therefore the allegations of paragraph 114 are denied; the Cumberland Defendants are without knowledge or information sufficient to admit or deny the further allegations of this paragraph; the same are therefore denied.

## COUNT III
### (Violation of the Voting Rights Act, 52 U.S.C. §l0301)

115. The Cumberland Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

## COUNT IV
### (Violation of the Equal Protection Clause and 42 U.S.C. §1983)

124. The Cumberland Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

26

125.    Denied.  By way of further answer the Cumberland Defendants assert that the Cumberland BOE has not adopted or engaged in any practice to purge voters other than to follow the directives of the N. C. Gen. Statutes under the guidance and directives of the State BOE.

126.    Denied. By way of further answer the Cumberland Defendants assert that the Cumberland BOE has not adopted or engaged in any practice to purge voters other than to follow the directives of the N. C. Gen. Statutes under the guidance and directives of the State BOE.

127.    Denied.  The Cumberland Defendants assert by way of further answer, that voters whose registrations were cancelled during the early voting period may same-day re-register, or submit appropriate documents supporting continued eligibility to vote which would result in restoration of registration and engage in same-day voting. Additionally, voters that were removed or cancelled may have cast a provisional ballot which the Cumberland BOE processed in accordance with N. C. Gen. Stat.  § 163-166.11(4) pursuant to the guidelines and procedures adopted by the State BOE.

128.    Admitted that the provisions of the NVRA and state laws speak for themselves.  The remaining allegations of paragraph 128 are denied.  By way of further answer the Cumberland Defendants assert that the Cumberland BOE has not implemented any policies or procedures providing for voter challenges, or the removal or purge of voters and simply engages in the ministerial task of following the N. C. Gen.

Statutes as enacted and promulgated by the North Carolina General Assembly and under the guidance and directives of the State BOE.

129. The Cumberland Defendants admit that provisions of the North Carolina General Statutes allow for voters to cast regular ballots and change their addresses at the polling place. The Cumberland Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph; the same are therefore denied.

130. Denied. By way of further answer, the Cumberland Defendants assert that the Cumberland BOE has not implemented any policies or procedures providing for voter challenges, or the removal or purge of voters and simply engages in the ministerial task of following the N. C. Gen. Statutes as enacted and promulgated by the North Carolina General Assembly and under the guidance and directives of the State BOE.

131. Denied. By way of further answer, the Cumberland Defendants assert that the Cumberland BOE has not implemented any policies or procedures providing for voter challenges, or the removal or purge of voters and simply engages in the ministerial task of following the N. C. Gen. Statutes as enacted and promulgated by the North Carolina General Assembly and under the guidance and directives of the State BOE.

132. Denied. By way of further answer, the Cumberland Defendants assert that the Cumberland BOE has not implemented any policies or procedures providing for voter challenges, or the removal or purge of voters and simply engages in the ministerial task

28

of following the N. C. Gen. Statutes as enacted and promulgated by the North Carolina General Assembly and under the guidance and directives of the State BOE.

133. Denied.

134. Denied.

135. Denied.

**SECOND DEFENSE**

Any allegations in paragraphs 1-135 of the Complaint not specifically admitted are denied.

**THIRD DEFENSE**

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed.

**FOURTH DEFENSE**

Since the entry of the Court's Preliminary Injunction Plaintiffs' claims are moot and the Complaint should be dismissed.

**FIFTH DEFENSE**

None of the Plaintiffs have standing to bring this action against the Cumberland Defendants, thereby depriving the Court of subject matter jurisdiction and the Complaint should be dismissed.

**SIXTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of judicial immunity or any other immunity provided for by the Eleventh Amendment of the United States Constitution.

## SEVENTH DEFENSE

As to all Defendants except the Moore Defendants, the Middle District of North Carolina is an improper venue. The action should be transferred to the Eastern District of North Carolina or dismissed for improper venue

## EIGHTH DEFENSE

The Cumberland Defendants have at all times followed lawful election procedures as prescribed and required by the N. C. Gen. Statutes and under the control and supervision of the State BOE. Pursuant to N. C. Gen. Stat. § 163-82.2, Defendant Strach, as the Executive Director of the State BOE, is the Chief State Election Official of North Carolina for purposes of the NVRA with responsibility for coordination of State responsibilities under the NVRA. The actions taken by the Cumberland BOE with respect to these election challenges were known to Defendant Strach. The cancellations ordered by the Cumberland BOE of the registrations for those voters removed by challenges in September, 2016, were done by the staff of the State BOE at the request of the Director of the Cumberland BOE because the Cumberland BOE staff did not have the personnel resources to do so. N. C. Gen. Stat. 163-22(c) requires the Sate BOE to compel observance of the requirements of the election laws by county boards of elections and other elections officers.

Neither the Chief State Election Official nor the State BOE provided any guidance to the Cumberland Defendants with respect to the application of any Federal elections laws to the State challenge statutes. The Cumberland Defendants relied in good faith on

30

the lack of that guidance in these circumstances in which the State officials knew of the large numbers of voters being challenged in Cumberland.

## NINTH DEFENSE

Whether North Carolina's voter challenge statutes are subject to the NVRA or whether any provisions of the voter challenge statutes conflict with any provisions of the NVRA are matters of law, the determination of which will have state-wide impact. N. C. Gen. Stat. 163-22(c) requires the Sate BOE to compel observance of the requirements of the election laws. For more than two decades, the State Board of Elections has interpreted the NVRA as compatible with state statutes authorizing individualized challenge proceedings brought against a voter on or before Election Day, including challenges based on failure to meet residency qualifications. This statutory mandate imposed on the State BOE to compel the county boards to observe the requirements of the election laws, in conjunction with the State BOE's interpretation of the NVRA, render the county boards of elections without the capacity to defend these State challenge statutes. For this reason, the Cumberland Defendants are neither necessary nor proper parties and the Complaint should be dismissed.

## TENTH DEFENSE

The Cumberland Defendants reserve the right to assert additional defenses and further incorporate the defenses asserted by any other defendants to the extent they conform with the Cumberland Defendants' defenses in this matter.

## CROSSCLAIM AGAINST DEFENDANTS NORTH CAROLINA STATE BOARD OF ELECTIONS AND KIM WESTBOOK STRACH IN HER OFFICIAL CAPACITY AS ITS EXECUTIVE DIRECTOR

1.      The Cumberland Defendants incorporate every response and defense set forth in their Answer above as a Crossclaim against Defendants State BOE and Kim Westbrook Strach in her official capacity as its Executive Director.

2.      The Cumberland Defendants have at all times followed lawful election procedures as prescribed and required by the N. C. Gen. Statutes and under the control and supervision of the State BOE.

3.      Pursuant to N. C. Gen. Stat. § 163-82.2, Defendant Strach, as the Executive Director of the State BOE, is the Chief State Election Official of North Carolina for purposes of the NVRA with responsibility for coordination of State responsibilities under the NVRA.

4.      The actions taken by the Cumberland BOE with respect to these election challenges were known to Defendant Strach.

5.      The cancellations ordered by the Cumberland BOE of the registrations for those voters removed by challenges in September, 2016, were done by the staff of the State BOE at the request of the Director of the Cumberland BOE because the Cumberland BOE staff did not have the personnel resources to do so.

6.     N. C. Gen. Stat. 163-22(c) requires the Sate BOE to compel observance of the requirements of the election laws by county boards of elections and other elections officers.

7.     Neither the Chief State Election Official nor the State BOE provided any guidance to the Cumberland Defendants with respect to the application of any Federal elections laws to the State challenge statutes.

8.     The Cumberland Defendants relied in good faith on the lack of that guidance in these circumstances in which the State officials knew of the large numbers of voters being challenged in Cumberland.

9.     Defendants State BOE and Kim Westbrook Strach in her official capacity as its Executive Director are liable to the Cumberland Defendants for any costs, attorney fees or other money damages awarded to the Plaintiffs and assessed against the Cumberland Defendants.

**WHEREFORE,** the Cumberland Defendants respectfully pray that the Court:

1.     Dismiss all Plaintiffs' claims against the Cumberland Defendants with prejudice;

2.     Dismiss all Plaintiffs' claims against Defendant James H. Baker in his official capacity as Chairperson of the Cumberland BOE;

3.     Find that the North Carolina voter challenge statutes and procedures as set out in N. C. Gen. Stat. §§ 163-85 & 86 do not violate any provisions of the NVRA, the

33

Voting Rights Act (52 U.S.C. 10301), 42 U.S.C. 1983, or the Equal Protection Clause of the United States Constitution;

4.      Not issue further permanent injunctive relief;

5.      Not order any award of attorney fees and costs;

6.      Grant the Cumberland Defendants such other and further relief as the Court deems just and proper; and

7.      As to their Crossclaim, that the Cumberland Defendants have and recover of Defendants SBOE and Kim Westbrook Strach in her official capacity as its Executive Director any costs, attorney fees or other money damages awarded to the Plaintiffs and assessed against the Cumberland Defendants.

Respectfully submitted October 10, 2017.

/s/ *Rickey L. Moorefield*
Rickey L. Moorefield
N.C. State Bar No. 8914
Cumberland County Attorney
P.O. Box 1829
Fayetteville, NC 28302
Telephone: (910) 678-7762
Fax: (910) 678-7758
Email: rmoorefield@co.cumberland.nc.us
Attorney for Cumberland Defendants

/s/ *Robert A. Hasty, Jr.*
Robert A. Hasty, Jr.
N.C. Bar No. 25551
Cumberland County Attorney's Office
P.O. Box 1829
Fayetteville, NC 28302
Telephone: (910) 678-7762
Fax: (910) 678-7758
Email: rhasty@co.cumberland.nc.us

34

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

This the 10th day of October, 2017.

/s/ *Rickey L. Moorefield*
Rickey L. Moorefield
N.C. State Bar No. 8914
Cumberland County Attorney
P.O. Box 1829
Fayetteville, NC 28302
Telephone: (910) 678-7762
Fax: (910) 678-7758
Email: rmoorefield@co.cumberland.nc.us
Attorney for Cumberland Defendants