IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:16-cv-1274-LCB-JLW

| | | |
|---|---|---|
| N.C. STATE CONFERENCE OF THE NAACP, *et al.,* | ) ) ) | |
| Plaintiffs, | ) ) | ANSWER |
| v. | ) ) | |
| N.C. STATE BD. OF ELECTIONS, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

Now comes defendants **The NORTH CAROLINA STATE BOARD OF ELECTIONS** ("State BOE")[1] and **KIM WESTBROOK STRACH**, in her official capacity as Executive Director of the State BOE, (collectively, the "SBE Defendants"), by and through their undersigned counsel and answer the Crossclaim of defendants CUMBERLAND COUNTY BOARD OF ELECTIONS (the Cumberland BOE); JAMES H. BAKER, in his official capacity as its Chairperson; ROBERT KEVIN HIGHT, in his official Capacity as its Secretary; HARVEY RAYNOR III, in his official capacity as one of its members; and TERRI ROBERTSON, in her official capacity as its Director, (collectively, "the Cumberland Defendants") as follows:

---

[1] Pursuant to 2017 N.C. SESS. LAWS 6, § 4(c), The State Board of Elections and the Ethics Commission have been merged into the Bipartisan State Board of Elections and Ethics Enforcement. This is constituted as an eight-member board that is presently vacant and pending appointment of members by the Governor of North Carolina. The Governor challenged the constitutionality of 2017 N.C. SESS. LAWS 6, which continues on appeal. *See Cooper v. Berger, et al.*, 52 PA 17-2.

**FIRST DEFENSE**

SBE Defendants answer the specific allegations of the Cumberland Defendants as follows:[2]

**<u>INTRODUCTION</u>**

1.      The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

2.      The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

3.      Admitted that pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 the county board of elections is responsible for reviewing a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge.  The State BOE plays no statutory role in these processes.  The SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

---

[2] In the first paragraph of their Crossclaim, the Cumberland Defendants "incorporate every response and defense set forth in their Answer [to the Complaint] as a Crossclaim against Defendants State BOE and Kim Westbrook Strach in her official capacity as its Executive Director."  The SBE Defendants are therefore responding to each response in the Cumberland Defendants' Answer as well as the paragraphs in the specifically designated "Crossclaim."

2

4.     Admitted that the Cumberland Defendants are charged with complying with the directives of the State Board of Elections.  The SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

5.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

## JURISDICTION AND VENUE

6.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

7.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

## PARTIES

8.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

9.      The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

10.      The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

11.      The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

12.      The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

13.      The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

14.      The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE

Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

15.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

16.    Admitted.

17.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.

18.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.

19.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.

20.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.

21.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.

22.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.

23.     Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. The SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

24.     Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Any remaining allegations directed at the SBE Defendants are denied.

25.     Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective

county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Any remaining allegations directed at the SBE Defendants are denied.

26.     Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Any remaining allegations directed at the SBE Defendants are denied.

27.     Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Denied that every decision of the county board of elections is subject to the statutory supervision and control of the SBE

7

Defendants. The statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). Any remaining allegations directed at the SBE Defendants are denied.

28.     Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Any remaining allegations directed at the SBE Defendants are denied.

29.     Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Any remaining allegations directed at the SBE Defendants are denied.

30.     Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163

8

of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Any remaining allegations directed at the SBE Defendants are denied.

31.     Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Any remaining allegations directed at the SBE Defendants are denied.

32.     Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Denied that every decision of the county board of elections is subject to the statutory supervision and control of the SBE Defendants.  The statute at issue herein states, "a decision by a county board of elections

9

on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). The SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

33. Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Any remaining allegations directed at the SBE Defendants are denied.

34. Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Any remaining allegations directed at the SBE Defendants are denied.

35. Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective

10

county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Any remaining allegations directed at the SBE Defendants are denied.

36.     Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Any remaining allegations directed at the SBE Defendants are denied.

37.     Admitted that the North Carolina Statutes charge each North Carolina county board of elections with administering North Carolina's election laws within its respective county under with the general supervision of the SBE Defendants as set out in Chapter 163 of the N.C. General Statutes, that pursuant to N.C. Gen. Stat. § 163-82.2, the County Defendants play a uniquely direct role in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86, and that the statutes at issue herein specifically task the County Defendants, not the SBE Defendants, with certain duties. Any remaining allegations directed at the SBE Defendants are denied.

11

## LEGAL BACKGROUND
### The National Voter Registration Act of 1993

38.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

39.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

40.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

41.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations are denied.

### North Carolina's Voter Challenge Statute

42.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE

Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

43. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

44. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

45. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

## FACTUAL BACKGROUND
### North Carolina's Unlawful Voter Challenge and Purge Practices

46. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

47. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE

13

Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

48. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

49. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

50. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

51. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

52. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

53.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations are denied.

54.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations are denied.

55.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations are denied.

56.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations are denied.

57.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations are denied.

58.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE

Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

59. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

60. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

61. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

62. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

63. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations are denied.

64.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations are denied.

65.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations are denied.

66.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations are denied.

67.     Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 according to the statutory requirements.   It is further admitted that the Cumberland County Board of Elections is responsible for reviewing such a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. It is denied that the SBE Defendants play a statutory role in these processes.   The SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations direct at the SBE Defendants are denied.

68.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE

17

Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

69. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

**Plaintiffs' Protests of Unlawful Challenge and Purge Practices**

70. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

71. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

72. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, any allegations directed at the SBE Defendants are denied.

73. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

18

74.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, any allegations directed at the SBE Defendants are denied.

75.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

76.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

77.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

78.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

**Defendants' Unlawful Voter Challenge and Purge Practices
Irreparably Harm Plaintiffs and Their Members**

79.     Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 according to the statutory requirements.  It is further admitted that the Cumberland County Board of Elections is responsible for reviewing such a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. It is denied that the SBE Defendants play a statutory role in these processes.  The statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). The SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations direct at the SBE Defendants are denied.

80.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

81.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

82.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE

Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

83. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

84. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

85. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

86. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

87. Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 according to the statutory requirements. It is further admitted that the Cumberland County Board of Elections is responsible for reviewing such a challenge, ensuring

21

compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. It is denied that the SBE Defendants play a statutory role in these processes. The statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). The SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations direct at the SBE Defendants are denied.

88. Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 according to the statutory requirements. It is further admitted that the Cumberland County Board of Elections is responsible for reviewing such a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. It is denied that the SBE Defendants play a statutory role in these processes. The statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). The SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations direct at the SBE Defendants are denied.

89. Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 according to the statutory requirements. It is further admitted that the Cumberland County Board of Elections is responsible for reviewing such a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. It is denied that the SBE Defendants play a statutory role in these

22

processes. The statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). The SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations direct at the SBE Defendants are denied.

90.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

## CAUSES OF ACTION
## COUNT I
### (Violation of the NVRA, 52 U.S.C. §20507(d))

91.     The SBE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

92.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

93.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

94.     The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE

23

Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

95. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

96. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

97. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

98. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

99. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

100.   The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations directed at the SBE Defendants are denied.

101.   The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations directed at the SBE Defendants are denied.

102.   The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations directed at the SBE Defendants are denied.

103.   The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations directed at the SBE Defendants are denied.

104.   The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.   To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.   Any remaining allegations directed at the SBE Defendants are denied.

## COUNT II
### (Violation of the NVRA, 52 U.S.C. §20507(c)(2)(A))

105.  The SBE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

106.  The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

107.  Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 according to the statutory requirements.  It is further admitted that the Cumberland County Board of Elections is responsible for reviewing such a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. It is denied that the SBE Defendants play a statutory role in these processes.  The statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). The SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations direct at the SBE Defendants are denied.

108.  The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

109.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

110.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

111.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

112.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

113.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

114.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE

Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

## COUNT III
### (Violation of the Voting Rights Act, 52 U.S.C. §10301)

115. The SBE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

116. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

117. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

118. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

119. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

120.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.    To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.    Any remaining allegations directed at the SBE Defendants are denied.

121.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.    To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.    Any remaining allegations directed at the SBE Defendants are denied.

122.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.    To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.    Any remaining allegations directed at the SBE Defendants are denied.

123.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.    To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.    Any remaining allegations directed at the SBE Defendants are denied.

### COUNT IV
### (Violation of the Equal Protection Clause and 42 U.S.C. §1983)

124.    The SBE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

125.    Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and

163-86 according to the statutory requirements.  It is further admitted that the Cumberland County Board of Elections is responsible for reviewing such a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. It is denied that the SBE Defendants play a statutory role in these processes.  The statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). The SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations direct at the SBE Defendants are denied.

126.    Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 according to the statutory requirements.  It is further admitted that the Cumberland County Board of Elections is responsible for reviewing such a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. It is denied that the SBE Defendants play a statutory role in these processes.  The statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). The SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations direct at the SBE Defendants are denied.

127.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

30

128. Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 according to the statutory requirements. It is further admitted that the Cumberland County Board of Elections is responsible for reviewing such a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. It is denied that the SBE Defendants play a statutory role in these processes. The statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). The SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations direct at the SBE Defendants are denied.

129. The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants. To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations directed at the SBE Defendants are denied.

130. Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 according to the statutory requirements. It is further admitted that the Cumberland County Board of Elections is responsible for reviewing such a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. It is denied that the SBE Defendants play a statutory role in these processes. The statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat.

§ 163-90.2(d). The SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations direct at the SBE Defendants are denied.

131. Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 according to the statutory requirements. It is further admitted that the Cumberland County Board of Elections is responsible for reviewing such a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. It is denied that the SBE Defendants play a statutory role in these processes. The statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). The SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations direct at the SBE Defendants are denied.

132. Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 according to the statutory requirements. It is further admitted that the Cumberland County Board of Elections is responsible for reviewing such a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. It is denied that the SBE Defendants play a statutory role in these processes. The statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d). The SBE Defendants incorporate herein their response to this paragraph in their Answer. Any remaining allegations direct at the SBE Defendants are denied.

133.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

134.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

135.    The Cumberland Defendants' response to this numbered paragraph in the Complaint is not directed to the SBE Defendants.  To the extent that it is, the SBE Defendants incorporate herein their response to this paragraph in their Answer.  Any remaining allegations directed at the SBE Defendants are denied.

## CROSSCLAIM AGAINST DEFENDANTS NORTH CAROLINA STATE BOARD OF ELECTIONS AND KIM WESTBROOK STRACH IN HER OFFICIAL CAPACITY AS ITS EXECUTIVE DIRECTOR

1.    The SBE Defendants incorporate by reference their responses to every allegation of the preceding paragraphs as though fully set forth herein.

2.    Admitted, upon information and belief, that the Cumberland Defendants processed the voter challenges that were filed pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86 according to the statutory requirements.  It is denied that the SBE Defendants play a statutory role in these processes required by these statutes.  The SBE Defendants lack sufficient information to admit or deny any remaining allegations, and any such allegations are therefore denied.

33

3.     Admitted.

4.     Admitted that Executive Director Strach knew that the Cumberland County Board of Elections was receiving and processing voter challenges pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86, and that, upon information and belief, the Cumberland County Board of Elections was complying with the requirements of these statutes and the NVRA.

5.     Admitted.

6.     Admitted that, generally, the State BOE exercises supervisory authority over elections and the county boards of elections pursuant to N.C. Gen. Stat. § 163-22.  It is denied that this supervisory authority overrides the unique role charged to the County Defendants in challenge proceedings brought under N.C. Gen. Stat. §§ 163-85 and 163-86. By way of further answering, the statutes at issue herein specifically task the County Defendants, not the State BOE, with certain duties.  Pursuant to N.C. Gen. Stat. §§ 163-85(b), challenges to voters are to be made to the county board of elections.  Pursuant to both N.C. Gen. Stat. §§ 163-85 and 163-86, the county board of elections is responsible for reviewing a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge.  Pursuant to N.C. Gen. Stat. § 163-90.2(d), "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." The State BOE plays no statutory role in these processes.  Staff of the County Defendants have testified as to various efforts conducted by them, at the county level, in a good-faith effort to comply with N.C. Gen. Stat. §§ 163-85 and 163-86, and the NVRA.

7.     Denied.

34

8.     Denied that the Cumberland Defendants relied on the lack of guidance from the SBE Defendants.

9.     Denied.

## SECOND DEFENSE

Any allegations in paragraphs 1-135 of the Cumberland Defendant's Answer and in paragraphs 1-9 of the Cumberland Defendants' Crossclaim not specifically admitted are denied.

## THIRD DEFENSE

The Cumberland Defendants' Crossclaim, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed.

## FOURTH DEFENSE

The Cumberland Defendants' claims are barred by the immunity provided for by the Eleventh (11th) Amendment of the United States Constitution.

## FIFTH DEFENSE

Pursuant to Rule 12(b)(3), the Middle District of North Carolina is an improper venue. The action should be transferred to the Eastern District of North Carolina.

## SIXTH DEFENSE

Pursuant to N.C. Gen. Stat. §§ 163-85 and 163-86, the Cumberland County Board of Elections is responsible for reviewing voter challenges, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. The SBE Defendants do not play a statutory role in these processes, and cannot review or overturn decisions on voter challenges issued by the County Board of Elections.

35

Rather, the statute at issue herein states, "a decision by a county board of elections on any challenge . . . shall be appealable to the Superior Court of the county." N.C. Gen. Stat. § 163-90.2(d).

## SEVENTH DEFENSE

The SBE Defendants reserve the right to assert additional defenses.

**WHEREFORE** the SBE Defendants respectfully pray:

1.  that the claims of the Cumberland Defendants against the SBE Defendants be dismissed with prejudice and that judgment be entered for the SBE Defendants on all claims;
2.  That the defendants be granted such other relief as the court may deem just and proper,
3.  That all costs of this matter be taxed to the plaintiffs.

Respectfully submitted, this the 31st day of October 2017.

JOSHUA H. STEIN
Attorney General

/s/ James Bernier, Jr.
James Bernier, Jr.
Special Deputy Attorney General
N.C. State Bar No. 45869
Email: jbernier@ncdoj.gov

/s/ Alexander McC. Peters
Alexander McC. Peters
Senior Deputy Attorney General
State Bar No. 13654
Email: apeters@ncdoj.gov

N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629
Telephone: (919)716-6900

36

## CERTIFICATE OF SERVICE

I hereby certify that on 31 October 2017, I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

This the 31st day of October 2017.

<div style="margin-left: 50%;">

/s/ James Bernier, Jr.
James Bernier, Jr.
Special Deputy Attorney General
N.C. State Bar No. 45869
Email: jbernier@ncdoj.gov

</div>