IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:16-cv-1274-LCB-JLW

N.C. STATE CONFERENCE OF THE )
NAACP, *et al.*, )
)
    Plaintiffs, )
)
            v. )
)
N.C. STATE BD. OF ELECTIONS, *et al.*, )
)
    Defendants. )
_____ )

## JOINT RULE 26(f) REPORT

1. Pursuant to Fed. R. Civ. P. 26(f) and MDNC Local Rule 16.1(b), a telephone conference was held on December 6, 2017 and was attended by counsel for Plaintiffs, and by counsel for Defendants.

2. Proposed Early Motion for Partial Summary Judgment and Stay of Discovery.

    a. Plaintiffs intend to move for early partial summary judgment on their NVRA claims (Counts I and II) based on stipulated facts, and propose a stay of discovery on their remaining claims pending disposition of their motion, provided the Court grants Plaintiffs leave to pursue discovery and to seek summary judgment on all claims in the event Plaintiffs do not prevail on their early motion for partial summary judgment or on appeal.

    b. Plaintiffs and State Defendants are close to reaching agreement on stipulated

1

facts. Plaintiffs and Beaufort County Defendants are also currently working toward coming to agreement on stipulated facts. Cumberland and Moore County Defendants intend to provide a substantive response to Plaintiffs' proposed stipulated facts by December 22, 2017.

    c.    If Plaintiffs and all Defendants are able to reach agreement on stipulated facts by January 3, 2018, then Plaintiffs are prepared to move for partial summary judgment on their NVRA claims by no later than January 26, 2018, and the Parties propose a stay of discovery on Plaintiffs' remaining claims pending disposition of Plaintiffs' partial summary judgment motion. If Plaintiffs fully prevail on their early motion for partial summary judgment on their NVRA claims, Plaintiffs agree to dismiss their remaining claims (subject to their right to resurrect those claims in the event of a reversal on appeal), thus resolving the case in its entirety and obviating the need for the Parties to pursue any discovery. If Plaintiffs do not prevail in full on their motion for partial summary judgment on their NVRA claims, then the Parties propose that the stay of discovery be lifted at that time, and that discovery proceed as set forth herein.

    d.    If any Parties are unable to reach agreement on stipulated facts by January 3, 2018, then those Parties will proceed with a period of limited expedited discovery solely as to the two NVRA claims, and solely between those Parties, and any relevant third parties, who cannot reach agreement on stipulated facts. During limited expedited discovery, the Parties agree that the deadlines for responding to all discovery requests will be shortened to 7 days, and that the limited expedited discovery will be completed by February 5, 2018, after which Plaintiffs will be prepared to file their partial

summary judgment motion no later than February 26, 2018. The Parties do not anticipate the need for any expert discovery during the limited discovery period. The Parties agree that discovery concerning all non-NVRA claims will be stayed, unless and until Plaintiffs' motion for partial summary judgment on the NVRA claims is denied in whole or in part, at which time the stay of discovery shall be lifted and discovery shall proceed as set forth herein.

e. The Parties agree to submit a supplemental report to the Court by no later than January 5, 2018, informing the Court whether the Parties have reached agreement on stipulated facts and a stay of discovery on all non-NVRA claims.

f. Plaintiffs and County Defendants agree and stipulate that the Court's November 4, 2016 Order Granting Preliminary Injunction (ECF No. 43) remains in effect and will continue to remain in effect until entry of final judgment, or until the Court otherwise dissolves the injunction. Plaintiffs and County Defendants further agree and stipulate that, pursuant to the Court's Preliminary Injunction Order, Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from: (a) canceling the registration of voters under N.C.G.S. §§ 163-85 and 163-86, where those challenges are based on change of residency and the State has neither received written confirmation from the voter of a change in residency outside of the county, nor complied with the NVRA's notice requirement and two-election cycle waiting period; (b) using the challenge procedures set forth in N.C.G.S. §§ 163-85 and 163-86 to remove voters from the rolls based on change of residency information in the 90 days

preceding a Federal election, including in the 90 days preceding the November 2018 election; and (c) holding hearings or taking any other actions to process challenges filed under N.C.G.S. §§ 163-85 and 163-86 in the circumstances identified above.

However the State Defendants' position is that the Preliminary Injunction Order was limited in scope and time, by its own terms and its accompanying Memorandum Opinion and Order, to the named Defendants and the November 8, 2016 General Election only. Therefore, Plaintiffs intend to file a Motion for Clarification asking the Court to clarify the scope of the Courts' Preliminary Injunction Order, or in the alternative to order the extension of the Preliminary Injunction until final judgment in the case.

3. Discovery Plan. In the event Plaintiffs' motion for partial summary judgment on the NVRA claims is denied in whole or in part, the parties propose to the Court the following discovery plan:

a. Discovery will be needed on all of the claims of Plaintiffs and their alleged damages, including those alleged in the Complaint, and on all of the defenses of Defendants, including those alleged in their Answers.

b. Discovery shall be placed on a case management track established in LR 26.1. The parties agree that the appropriate plan for this case is that designated in LR 26.1(a) as "exceptional" due to the complexity of the case.

c. The date for completion of all fact discovery is eight months after the date of the Court's partial summary judgment order, and the date for completion of all expert discovery is three months after the close of fact discovery.

d.  Stipulated modifications to the case management track include:

(i) Interrogatories and Requests for Admission. The parties agree that Plaintiffs shall be allowed 40 interrogatories (including subparts) directed to each Defendant group[1] and 40 requests for admission (including subparts) directed to each Defendant group. Each Defendant group is allowed 40 interrogatories (including subparts) and 40 requests for admission (including subparts) directed to the Plaintiff group and each other Defendant group. The parties also agree that additional interrogatories and requests for admission may be allowed by stipulation of the parties or by Order of the Court.

(ii) Requests for Production of Documents. Requests for production of documents shall be governed by Fed. R. Civ. P. 34.

(iii) Depositions. The parties agree that each side shall be allowed 25 depositions. The parties also agree that additional depositions may be taken by stipulation of the parties or by Order of the Court. The time limitation contained in Rule 30(d)(1) of the Federal Rules of Civil Procedure will not apply to depositions of expert witnesses and any deposition noticed or taken as a *de bene esse* or for-trial deposition.

---

[1] The four Defendant groups are (1) the North Carolina Board of Elections, its members and directors, (2) the Beaufort County Board of Elections, its members and directors, (3) the Cumberland County Board of Elections, its members and directors, and (4) the Moore County Board of Elections, its members and directors.

e. Reports from retained expert witnesses under Fed. R. Civ. P. 26(a)(2)(B), and disclosures from any expert witness under Fed. R. Civ. P. 26(a)(2)(C) are due as follows:

    (i) Opening reports and disclosures by 30 days after the close of fact discovery.

    (ii) Rebuttal expert reports by 30 days after the deadline for opening reports and disclosures.

f. The parties agree that depositions of expert witnesses are to be taken by no later than the close of the period for expert discovery, unless stipulated to be taken outside the discovery period by the parties or by order of the Court on good cause shown.

g. Supplementations under Fed. R. Civ. P. 26(e) are due within a reasonable time upon learning that a disclosure or response to a discovery request is incorrect or incomplete in some material respect.

4. Mediation. Mediation should be conducted late in the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties agree upon the selection of Asa Bell as mediator.

5. Other items.

a. The parties do not consent to a Magistrate Judge conducting all proceedings.

b. Plaintiff shall have until 45 days after the start of any full discovery period, to request leave to join additional parties or amend the pleadings. Defendants shall have until 65 days after the start of any full discovery period to request leave to join

additional parties or amend the pleadings. After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

    c.    All dispositive motions and supporting briefs must be filed and served no later than 30 days following the close of the discovery period. Any party who intends to file a motion for summary judgment, or any other dispositive motion, after the close of discovery must file and serve a notice of intention to file a dispositive motion within 14 days following the close of the discovery period pursuant to LR 56.1. Nothing precludes a party from moving for summary judgment or partial summary judgment at any time before the close of the discovery period, and nothing precludes a party from moving for partial summary judgment on some claims and later filing a motion for summary judgment on the remaining claims, except as specified in Paragraph 2(c), *supra*.

    d.    Trial of the action is expected to take approximately 8-10 days.

    e.    The parties, through their counsel, may agree to alter, modify, or hold in abeyance any deadline set forth within the Case Management/Scheduling Order that will be entered by the Court without filing a formal motion with the Court, provided that any such agreement does not delay the deadlines for mediation, the filing of dispositive motions, or the trial date.

7

Case 1:16-cv-01274-LCB-JLW   Document 82   Filed 12/18/17   Page 7 of 10

Respectfully submitted, this 18th day of December 18, 2017.

*Counsel for Plaintiffs:*

By: /s/ Stacey M. Leyton
Stacey M. Leyton (CA SBN 203827)
Peder J. Thoreen (CA SBN 217081)
Eric P. Brown (CA SBN 284245)
Connie K. Chan (CA SBN 284230)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: sleyton@altber.com
pthoreen@altber.com
ebrown@altber.com
cchan@altber.com

/*s*/ Penda D. Hair
Penda D. Hair (DC SBN 335133)
FORWARD JUSTICE
P.O. Box 42521
Washington D.C. 20015
Telephone: (202) 256-1976
Email: phair@forwardjustice.org

Caitlin Swain (VA SBN 84515)
Leah Kang (NC SBN 51735)
FORWARD JUSTICE
400 W. Main Street, Suite 203
Durham, NC 27701
Telephone: (919) 323-3889
Email: cswain@forwardjustice.org
lkang@forwardjustice.org

/*s*/ Irving Joyner
Irving Joyner (NC SBN 7830)
P.O. Box 374
Cary, NC 27512
Telephone: (919) 560-6293
Fax: (919) 530-6339
Email: ijoyner@nccu.edu

/s/ Mary Joyce Carlson
Mary Joyce Carlson (DC SBN 987939)
1101 New York Avenue NW
Washington DC 20008
Telephone: (202) 230-4096
Fax: (202) 408-4649
Email: Carlsonmjj@yahoo.com

*Counsel for the State Defendants:*

/s/ James Bernier, Jr.
James Bernier, Jr.
Assistant Attorney General
N.C. State Bar No. 45869
Email: jbernier@ncdoj.gov
N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629
Telephone: (919)716-6900

*Counsel for the Cumberland County Defendants:*

  /s/ *Rickey L. Moorefield*
Rickey L. Moorefield
N.C. State Bar No. 8914
Cumberland County Attorney
P.O. Box 1829
Fayetteville, NC 28302
Telephone: (910) 678-7762
Fax: (910) 678-7758
Email: rmoorefield@co.cumberland.nc.us


*For the Moore County Defendants:*

| | |
|---|---|
| /s/ R. Ward Medlin | /s/ Misty Randall Leland |
| R. WARD MEDLIN | MISTY RANDALL LELAND |
| NC Bar # 13817 | NC Bar # 28320 |
| Moore County Attorney's Office | Moore County Attorney's Office |
| P.O. Box 905 | P.O. Box 905 |
| Carthage, NC 28327 | Carthage, NC 28327 |
| T: (910) 947-4014 | T: (910) 947-4012 |
| F: (910) 947-1049 | F: (910) 947-3612 |
| wmedlin@moorecountync.gov | mistyleland@moorecountync.gov |


*For the Beaufort County Defendants:*

| | |
|---|---|
| By:  /s/ Joshua H. Bennett | By:  /s/ Donald M. Wright |
| Joshua H. Bennett | Donald M. Wright, Esq. |
| N.C. State Bar No. 32576 | N.C. State Bar No. 7410 |
| Bennett & Guthrie, P.L.L.C. | 4804 Holly Brook Drive |
| 1560 Westbrook Plaza Drive | Apex, NC 27539 |
| Winston-Salem, North Carolina 27103 | Tel: (919) 618-3601 |
| Tel: (336) 765-3121 | ncelectionattorney@gmail.com |
| Fax: (336) 765-8622 | *Special Appearance Counsel* |
| jbennett@bennett-guthrie.com | *Local Civil Rule 83.1(d)* |
| Raleigh, NC 27602-0629 | |
| Telephone: (919)716-6900 | |

**CERTIFICATE OF SERVICE**

I, Leah Kang, hereby certify that on December 18, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF.

>　　　　　　　　　　　　　　　/*s*/ Leah Kang
>　　　　　　　　　　　　　　　Leah Kang
>　　　　　　　　　　　　　　　FORWARD JUSTICE
>　　　　　　　　　　　　　　　400 W. Main Street, Suite 203
>　　　　　　　　　　　　　　　Durham, NC 27701
>　　　　　　　　　　　　　　　Telephone: (919) 323-3889
>　　　　　　　　　　　　　　　Email: lkang@forwardjustice.org