IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:16-cv-1274-LCB-JLW

| | |
|---|---|
| N.C. STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| N.C. STATE BD. OF ELECTIONS, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MOTION TO CLARIFY SCOPE OF PRELIMINARY INJUNCTION OR, ALTERNATIVELY, MOTION TO MODIFY PRELIMINARY INJUNCTION**

**NOW COME** Plaintiffs North Carolina State Conference of the NAACP, Moore County Branch of the NAACP, James Edward Arthur, Sr., James Michael Brower, Grace Bell Hardison, and James L. Cox (collectively "Plaintiffs"), by and through their undersigned counsel, and move the Court to issue an order clarifying that the Court's November 4, 2016 Order Granting Preliminary Injunction ("PI Order," ECF No. 43) was not limited to voter challenges in connection with the November 2016 election, but rather continues to remain in effect until the entry of final judgment in this action, or until the Court otherwise dissolves the preliminary injunction. Alternatively, Plaintiffs move the Court to modify the PI Order as specifically requested herein.

1

Plaintiffs move for clarification of the PI Order because a dispute has arisen between Plaintiffs and the State Defendants[1] as to whether the PI Order continues to apply beyond the November 2016 election. Plaintiffs and all County Defendants[2] agree that the PI Order remains in effect through the entry of final judgment and, pursuant to its plain language, enjoins all Defendants from processing any residency-based challenges or cancelling any voter registrations pursuant to N.C. Gen. Stat. §§ 163A-911 and 163A-912[3] within 90 days of any federal election, or without complying with the National Voter Registration Act's ("NVRA") notice requirement and two election cycle waiting period. State Defendants' stated position, however, is that the PI Order applied only to conduct in connection with the November 2016 federal election and enjoined residency-based challenges only in the three counties that are named defendants in this suit. *See* Joint Rule 26(f) Report at 3-4 ¶ 2(f), ECF No. 82. According to State Defendants, therefore, nothing precludes Defendants from engaging in precisely the same type of conduct, and nothing requires State Defendants to ensure against such conduct occurring throughout the state, in connection with the November 2018 election or any other subsequent election that may occur before entry of final judgment. Because State Defendants' position is contrary to

---

[1] "State Defendants" refers to Defendants North Carolina State Board of Elections ("SBOE"), Kim W. Strach in her official capacity as the Executive Director of the SBOE, and the SBOE's officers and members.

[2] "County Defendants" refers to Defendants Beaufort County Board of Elections, the Moore County Board of Elections, and the Cumberland County Board of Elections, and their respective Chairman, Secretary, Director, and Board Members.

[3] These sections are former N.C. Gen. Stat. §§ 163-85 and 163-86, as recodified by Session Law 2017-6.

both the plain and unambiguous text of the Court's PI Order and its purpose of preventing

irreparable harm by maintaining the status quo during the pendency of this litigation, as

further shown in Plaintiffs' accompanying Brief, Plaintiffs respectfully request the Court's

intervention to ensure the Court's PI Order is not violated.

Specifically, Plaintiffs move the Court to issue an order clarifying that, pursuant to

the PI Order, State Defendants, without limitation as to time, are enjoined and restrained:

> (a) "from canceling the registration of voters through the challenge procedures set forth in N.C. Gen. Stat. §§ [163A-911 and 163A-912], when those challenges are based on change of residency and the State has neither received written confirmation from the voter of a change in residency outside of the county, nor complied with the NVRA's notice requirement and two-election cycle waiting period;"
>
> (b) "from using the challenge procedure set forth in N.C. Gen. Stat. §§ [163A-911 and 163A-912] to remove voters from the rolls based on change of residency information in the 90 days preceding a Federal election;" and
>
> (c) "from holding hearings or taking any other action(s) to process challenges filed under those provisions in the circumstances identified above."

ECF No. 43 at 4. Plaintiffs further request that the Court issue an order clarifying that,

pursuant to the PI Order, Defendant Strach shall "take all reasonable and necessary steps

to ensure statewide compliance with the NVRA consistent with this Court's

Memorandum Opinion and this Order," ECF No. 43 at 5, as clarified, including issuing a

memorandum directive to all County Boards of Elections ("CBOEs") similar to the one

she issued immediately following issuance of the Court's PI Order, instructing all CBOEs

not to violate the Waiting Period and Notice Provision (52 U.S.C. §20507(d)(1)) or the

90 Day Provision (52 U.S.C. §20507(c)(2)) of the NVRA in connection with the

3

November 2018 election or any other future election that may occur before entry of final judgment in this action.

Alternatively, Plaintiffs respectfully request that the Court modify the PI Order to direct the foregoing. "[A] district court retains the power to reconsider and modify its interlocutory judgments … at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003); *see* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

Dated:   March 5, 2018                                  Respectfully submitted,

By: /s/ Stacey M. Leyton                         /s/ Penda D. Hair
Stacey M. Leyton (CA SBN 203827)        Penda D. Hair (DC SBN 335133)
Peder J. Thoreen (CA SBN 217081)         FORWARD JUSTICE
Eric P. Brown (CA SBN 284245)              P.O. Box 42521
Connie K. Chan (CA SBN 284230)          Washington D.C. 20015
ALTSHULER BERZON LLP                     Telephone: (202) 256-1976
177 Post Street, Suite 300                         Email: phair@forwardjustice.org
San Francisco, CA 94108
Telephone: (415) 421-7151                       Caitlin Swain (VA SBN 84515)
Facsimile: (415) 362-8064                         Leah Kang (NC SBN 51735)
E-mail: sleyton@altber.com                      FORWARD JUSTICE
pthoreen@altber.com                                 400 W. Main Street, Suite 203
ebrown@altber.com                                   Durham, NC 27701
         cchan@altber.com                              Telephone: (919) 323-3889
                                                                      Email:  cswain@forwardjustice.org
                                                                                   lkang@forwardjustice.org

| | |
|---|---|
| */s/* Irving Joyner | /s/ Mary Joyce Carlson |
| Irving Joyner (NC SBN 7830) | Mary Joyce Carlson (DC SBN 987939) |
| P.O. Box 374 | 1101 New York Avenue NW |
| Cary, NC 27512 | Washington DC 20008 |
| Telephone: (919) 560-6293 | Telephone: (202) 230-4096 |
| Fax: (919) 530-6339 | Fax: (202) 408-4649 |
| Email: ijoyner@nccu.edu | Email: Carlsonmjj@yahoo.com |

## CERTIFICATE OF SERVICE

I, Irving Joyner, hereby certify that on March 5, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF.

This the 5th day of March, 2018.

/s/ Irving Joyner

Irving Joyner
*Attorney for NC NAACP*