IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| N.C. STATE CONFERENCE OF THE NAACP, *et al.*, | ) Case No. 1:16-cv-1274-LCB-JLW |
| Plaintiffs, | ) **[PROPOSED] ORDER** |
| v. | ) |
| N.C. STATE BD. OF ELECTIONS, *et al.*, | ) |
| Defendants. | ) |

    This matter is before the Court on the motion of Plaintiffs North Carolina State Conference of the NAACP, Moore County Branch of the NAACP, James Edward Arthur, Sr., James Michael Brower, Grace Bell Hardison, and James L. Cox (collectively "Plaintiffs") to clarify the scope of the Court's November 4, 2016 Order Granting Preliminary Injunction ("PI Order," ECF No. 43), or alternatively to modify the preliminary injunction. Having considered all papers submitted in connection with Plaintiffs' motion, and for good cause shown, the Court hereby GRANTS Plaintiffs' motion and, in its sound discretion, clarifies its PI Order as follows.

    The Court's PI Order, among other things, ordered the following:

    IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are HEREBY ENJOINED AND RESTRAINED from canceling the registration of voters through the challenge procedures set forth in N.C. Gen. Stat. §§ 163-85 and 163-86 [now N.C. Gen. Stat. §§ 163A-911 and 163A-912, respectively, as recodified by Session Law 2017-6] when those challenges are based on change of residency and the State has neither received written confirmation from the voter of a change in residency outside of the county, nor complied with the NVRA's notice requirement and two-election cycle waiting period; from using the challenge procedure set forth in N.C. Gen. Stat. §§ [163A-911 and 163A-912] to remove voters from the rolls based on change of residency information in the 90 days preceding a Federal election; and from holding hearings or taking any other action(s) to process challenges filed under those provisions in the circumstances identified above. [("Fourth Paragraph")]…

> IT IS FURTHER ORDERED that Defendant Strach shall take all reasonable and necessary steps to ensure statewide compliance with the NVRA consistent with this Court's Memorandum Opinion and this Order. [("Eighth Paragraph")]

ECF No. 43 at 4-5 (hereafter "Fourth Paragraph" and "Eighth Paragraph," respectively). The Fourth and Eighth Paragraphs were not limited to challenges in connection with the November 2016 election; rather, they shall continue to remain in effect until the entry of final judgment in this action, or until the Court otherwise dissolves the preliminary injunction.

Accordingly, IT IS HEREBY ORDERED that State Defendants, without limitation as to time, are enjoined and restrained:

(a) "from canceling the registration of voters through the challenge procedures set forth in N.C. Gen. Stat. §§ [163A-911 and 163A-912], when those challenges are based on change of residency and the State has neither received written confirmation from the voter of a change in residency outside of the county, nor complied with the NVRA's notice requirement and two-election cycle waiting period;"
(b) "from using the challenge procedure set forth in N.C. Gen. Stat. §§ [163A-911 and 163A-912] to remove voters from the rolls based on change of residency information in the 90 days preceding a Federal election;" and
(c) "from holding hearings or taking any other action(s) to process challenges filed under those provisions in the circumstances identified above." ECF No. 43 at 4.

IT IS FURTHER ORDERED that Defendant Strach shall "take all reasonable and necessary steps to ensure statewide compliance with the NVRA consistent with this Court's Memorandum Opinion and this Order," ECF No. 43 at 5, as clarified herein. Because this directive includes ensuring compliance with the Fourth Paragraph, Defendant Strach shall issue a memorandum directive to all County Boards of Elections ("CBOEs") similar to the one she issued immediately following issuance of the Court's PI Order, instructing all CBOEs not to violate the Waiting Period and Notice Provision (52 U.S.C. §20507(d)(1)) or the 90 Day Provision (52 U.S.C. §20507(c)(2)) of the NVRA in connection with the November 2018 election or any other future election that may occur before entry of final judgment in this action.

_____
United States District Judge

March ___, 2018