UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>The NORTH CAROLINA STATE BOARD OF ELECTIONS, *et al.*,<br><br>*Defendants*. | No. 1:16-cv-1274-LCB-JLW |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS I AND II OF THE COMPLAINT

Pursuant to Federal Rule of Civil Procedure 56(a), Plaintiffs North Carolina State Conference of the NAACP, Moore County Branch of the NAACP, James Edward Arthur, Sr., James Michael Brower, Grace Bell Hardison, and James L. Cox (collectively "Plaintiffs"), by and through their undersigned counsel, move the Court for partial summary judgment as to Counts I and II of the Complaint.

Summary judgment is appropriate where there is "no genuine issue as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Seremeth v. Bd. of Cty. Comm'rs Frederick Cty.*, 673 F.3d 333, 336 (4th Cir. 2012). As Rule 56(b) provides, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

1

Although no discovery has yet taken place in this case, Plaintiffs and each of the Defendant groups[1] are in agreement that there is no dispute as to the facts laid out in the attached Stipulations of Undisputed Facts, which are the relevant material facts relating to Plaintiffs' claims under the National Voter Registration Act ("NVRA") (Counts I and II of the Complaint).[2] Because these facts are not in dispute, Plaintiffs' NVRA claims may be resolved as a matter of law.

As argued more fully in the attached Brief in Support of Plaintiffs' Motion for Partial Summary Judgment, the undisputed facts in this case establish that Defendants cancelled thousands of voter registrations in the weeks and months before the November 2016 election without complying with the NVRA's notice and waiting-period provisions, which require the state, first, to send the voter a prescribed notice, and then, upon the voter's failure to respond to that notice, to wait for two federal election cycles during which the voter does not vote. 52 U.S.C. § 20507(d). Furthermore, in cancelling these registrations within the 90 days before the 2016 election, Defendants also violated the

---

[1] The Defendant groups are: Defendants North Carolina State Board of Elections ("SBOE"), Kim W. Strach in her official capacity as the Executive Director of the SBOE, and the SBOE's officers and members (collectively "State Defendants"); Defendant Beaufort County Board of Elections ("Beaufort CBOE") and its Director and Board Members (collectively "Beaufort County Defendants"); Defendant Moore County Board of Elections ("Moore CBOE") and its Director and Board Members (collectively "Moore County Defendants"); and the Cumberland County Board of Elections ("Cumberland CBOE") and its Director and Board Members (collectively "Cumberland County Defendants").

[2] The parties' executed Stipulations of Undisputed Facts are attached as exhibits to the accompanying Declaration of Leah Kang.

NVRA's bright-line prohibition against systematic removals within 90 days of a federal election. *Id.* § 20507(c)(2)(A).

Using voter challenge procedures provided for in state statutory provisions N.C. Gen. Stat. §§ 163A-911 and 163A-912 (the enactment of which predates the NVRA), Defendants accepted residency-based challenges filed in bulk by private individuals on the basis of returned mail from mass mailings, held challenge hearings, and purged challenged voters from the rolls. Defendants' actions in the lead-up to the November 2016 Election and N.C. Gen. Stat. §§ 163A-911 and 163A-912's authorization of such conduct violate both the NVRA's notice and waiting-period provisions and 90-day provision. Plaintiffs are therefore entitled to summary judgment as to Counts I and II of the Complaint.

Plaintiffs thus request that the Court grant Plaintiffs' motion for partial summary judgment and grant the following declaratory relief:

1. Declare that Defendants' voter challenge and purge practices in the weeks and months before the November 2016 election violated 52 U.S.C. § 20507(c)(2)(A), 52 U.S.C. § 20507(d)(1), and 52 U.S.C. § 20507(f); and

2. Declare that N.C. Gen. Stat. §§ 163A-911 and 163A-912's authorization of challenges based on non-residency in the state, county, or precinct violates 52 U.S.C. § 20507(d)(1) and 52 U.S.C. § 20507(f).

In addition, the Court should a issue a permanent injunction prohibiting Defendants from further violating the NVRA's notice and waiting-period provisions and 90-day bar against systemic removals. As laid out in the attached brief, Plaintiffs' have demonstrated
3

that (1) they have suffered irreparable injury; (2) the remedies available at law are inadequate to compensate for that injury; (3) the balance of hardships weighs in Plaintiffs' favor; and (4) the public interest would be advanced, rather than disserved, by a permanent injunction. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see also SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 385 (4th Cir. 2017).

Accordingly, the Court should issue a permanent injunction as follows:

1. Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them shall ensure that:

    A. No challenge hearings are held, no actions are taken to process challenges, and no voter registrations are cancelled through the challenge procedures set forth in N.C. Gen. Stat. §§163A-911–912, when those challenges are based on non-residency in the state, county, municipality or precinct unless, as required by the NVRA, Defendants have either –

        i. Received written confirmation from the voter that the voter has changed her residence to outside of the county, 52 U.S.C. §20507(d)(1)(A) and N.C. Gen. Stat. §163-82.14(d)(1), or

        ii. Sent the voter notice, as described in 52 U.S.C. §20507(d)(2), and waited for a period of two federal election cycles during which time the voter has not voted or appeared to vote, as set forth in 52 U.S.C. §20507(c)(2)(A) and N.C. Gen. Stat. §163-82.14(c)(2).
4

B. In the 90 days prior to a federal election, no voter registrations are cancelled based on (i) non-residency in the state, county, municipality or precinct, or (ii) challenges brought under N.C. Gen. Stat. §§163A-911–912 by a private party or parties that result in the systematic removal of voters.

2. Defendants Strach and the SBOE shall take all reasonable and necessary steps to ensure statewide compliance with the foregoing.

3. Defendants Strach and the SBOE shall restore to the rolls and send mailed notices of restoration to the mailing address of wrongly removed voters statewide who fit the following criteria: (i) the voter's SEIMS record indicates she or he was removed due to a sustained challenge between November 8, 2010 and the date of the permanent injunction order in this case; (ii) SEIMS records do not show that the voter subsequently registered or attempted to register at another address in North Carolina; and (iii) the reason for removal, if ascertainable, did not involve qualifications other than residency (e.g., age).

Dated: March 5, 2018

Respectfully submitted,

By: /s/ Stacey M. Leyton
Stacey M. Leyton (CA SBN 203827)
Peder J. Thoreen (CA SBN 217081)
Eric P. Brown (CA SBN 284245)
Connie K. Chan (CA SBN 284230)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

/s/ Penda D. Hair
Penda D. Hair (DC SBN 335133)
FORWARD JUSTICE
P.O. Box 42521
Washington D.C. 20015
Telephone: (202) 256-1976
Email: phair@forwardjustice.org

Caitlin Swain (VA SBN 84515)
Leah Kang (NC SBN 51735)
FORWARD JUSTICE

5

E-mail: sleyton@altber.com
pthoreen@altber.com
ebrown@altber.com
    cchan@altber.com

    /*s*/ Irving Joyner
Irving Joyner (NC SBN 7830)
P.O. Box 374
Cary, NC 27512
Telephone: (919) 560-6293
Fax: (919) 530-6339
Email: ijoyner@nccu.edu

400 W. Main Street, Suite 203
Durham, NC 27701
Telephone: (919) 323-3889
Email: cswain@forwardjustice.org
    lkang@forwardjustice.org

/s/ Mary Joyce Carlson
Mary Joyce Carlson (DC SBN 987939)
1101 New York Avenue NW
Washington DC 20008
Telephone: (202) 230-4096
Fax: (202) 408-4649
Email: Carlsonmjj@yahoo.com

## CERTIFICATE OF SERVICE

 I, Irving Joyner, hereby certify that on March 5, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF.

    This the 5th day of March, 2018.

      /*s*/ Irving Joyner
      Irving Joyner
      *Attorney for Plaintiffs*