IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:16-cv-1274-LCB-JLW

| | |
|---|---|
| N.C. STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>N.C. STATE BD. OF ELECTIONS, *et al.*,<br><br>Defendants, | RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS I AND II OF THE COMPLAINT |

NOW COME defendants The NORTH CAROLINA STATE BOARD OF ELECTIONS ("State BOE") [1]; A. GRANT WHITNEY, JR., in his official capacity as Chairman of the State BOE; RHONDA K. AMOROSO, in her official capacity as Secretary of the State BOE; KIM WESTBROOK STRACH, in her official capacity as Executive Director of the State BOE; JOSHUA D. MALCOLM, in his official capacity as Member of the State BOE; JAMES BAKER, in his official capacity as Member of the State BOE; MAJA KRICKER, in her official capacity as Member of the State BOE, (collectively, the "SBE Defendants")[2], by and through their undersigned counsel and

---

[1] The State Board of Elections and the Ethics Commission have been merged into the Bipartisan State Board of Elections and Ethics Enforcement.

[2] N.C. Sess. Law 2018-2 reconstitutes the State BOE as a nine-member board. The Governor appointed eight new members on March 16, 2018, and the ninth on March 21, 2018. The members are Andy Penry (Chairman), Joshua Dale Malcolm (Vice-Chairman), Ken Raymond (Secretary), Valerie Johnson, Stella Anderson, Stacy "Four" Eggers, IV, John Randolph Hemphill, John Malachi Lewis, and Damon Circosta. Because the prior members were sued only in their official capacity, the new members are automatically substituted as defendants in their official capacities. See Rule 25(d) of the Federal Rules of Civil Procedure.

hereby respond to Plaintiffs' Motion for Partial Summary Judgment as to Counts I and II of the Complaint (ECF No. 93) and its accompanying Brief in Support (ECF No. 94).

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiffs brought this declaratory judgment action seeking a declaration that N.C. Gen. Stat. §§163A-911 and 163A-912[3] violate Section 8 of the National Voter Registration Act ("NVRA" or the "Act").[4] Specifically, Plaintiffs assert that subsections (c)(1), (2), (3) and (8) of 163A-911 as well as subsection (e) violate the NVRA's prohibition against removing registered voters based on changes of address unless a certain process described in the NVRA is followed, and the NVRA's prohibition of systematic removals within ninety (90) days before an election. *See* 52 U.S.C. §20507(c) & (d)(1)

## QUESTIONS PRESENTED

Do subsections (c)(1), (2) & (3) and (e) of NC. Gen. Stat. § 163A-911 conflict with subsections (c) and (d) of Section 8 of the NVRA?

Are Plaintiffs entitled to summary judgment to the extent sought on Count I where the County Boards of Elections Defendants removed registered voters pursuant to residency-based challenges brought by individuals before the County Boards of Elections pursuant to N.C. Gen. Stat. § 163A-911?

Are Plaintiffs entitled to summary judgment to the extent sought on Count II where large numbers of registered voters were removed by the County Boards of Elections

---

[3] These sections are former N.C. Gen. Stat. §§163-85 and 163-86, as recodified by Session Law 2017-6.
[4] As codified, Plaintiffs specifically assert that 52 U.S.C. §20507(c)(2)(A), 52 U.S.C. §20507(d)(1), and 52 U.S.C §20507(f) are being violated.

Defendants from the official list of voters within 90 days of a federal election pursuant to residency-based challenges brought by individuals before the County Boards of Elections?

## STATUTORY FRAMEWORK

### A. North Carolina

In North Carolina, as in many other states, an individual is allowed to assert that another voter is not qualified to vote in a given election. This challenge process is provided at N.C. Gen. Stat. § 163A-911 and sets out that a challenge to another voter's registration may be brought on any one of nine (9) statutorily allowed grounds. At issue here are the grounds provided in subsections (c)(1), (2), (3) and (8), which allow the challenger to assert that the challenged voter is not a resident of the State, county, precinct, or municipality, respectively. Subsection (e) establishes that, "a letter mailed by returnable first-class mail to the voter at the address listed on the voter registration card and returned because the person does not live at the address shall constitute prima facie evidence that the person no longer resides in the precinct." N.C. Gen. Stat. § 163A-911(e).

Challenges are submitted to the county board of elections. Pursuant to both N.C. Gen. Stat. §§ 163A-911 and 163A-912, the county board of elections is responsible for reviewing a challenge, ensuring compliance with the statute, holding a preliminary hearing, sending notices, and holding a hearing on the challenge. The State BOE plays no statutory role in these processes. A challenged that is sustained by the county board of elections shall result in either a cancellation of or correction to the registration of the challenged voter. N.C. Gen. Stat. § 163A-919(a). An appeal from the County Board's decision is to the Superior Court of the county. N.C. Gen. Stat. § 163A-919(c).

### A. National Voter Registration Act

The NVRA was enacted by Congress in 1993 to accomplish four interests in regards to voter registration and maintenance for federal elections:

(1) to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office;
(2) to make it possible for Federal, State, and local governments to implement this Act in a manner that enhances the participation of eligible citizens as voters in elections for Federal office;
(3) to protect the integrity of the electoral process; and
(4) to ensure that accurate and current voter registration rolls are maintained.

52 U.S.C. § 20501. Section 8 of the NVRA, initially codified as 42 U.S.C. § 1973gg-6 but later recodified as 52 U.S.C. § 20507, governs the administration of voter registration as to federal elections.

Subsections (a)(3) and (a)(4) provide that "the name of a registrant may not be removed from the official list of eligible voters except" at the request of the registrant, as provided by State law governing criminal convictions and mental incapacity, death of the registrant, and a change in the residence of the registrant. 52 U.S.C. § 20507(a)(3) & (4). Subsection (d), however, prohibits the removal of a registrant due to a change in residence unless one of two alternate exceptions exist. The first exception is the removal by writing request from the registrant. The second exception requires a state to send "a postage prepaid and pre-addressed return card, sent by forwardable mail, on which the registrant may state his or her current address." The notice must contain certain other content as well, which is not at issue here. Only after the registrant has failed to respond to the required

notice, and failed to vote during the next two general election cycles after receiving the notice may a state remove the registrant from the voter rolls. *Id.* §20507(d).

The NVRA requires a state to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" death and changes in residence. *Id.* §20507(a)(4). Removal under such a program based on changes in residence must comply with subsection (d) discussed above. *Id.* Furthermore, any such program of removal must be completed "not later than 90 days prior to the date of a primary or general election for Federal office." *Id.* §20507(c)(2). A state, however, could continue to remove voters from the voter rolls during the ninety (90) days before the election if the removal is based on the written request of the voter, pursuant to state law on criminal convictions and mental incapacity, and death of the voter. *Id.* Removal based on a change of residence is not an exception to the ninety (90) day time limitation. *Id.*

## **STATEMENT OF THE FACTS**

For the purpose of this Motion for Partial Summary Judgment, the SBE Defendants agree that there are no genuine issues as to any material facts in this matter, and agree to the facts as stipulated by the parties.

In sum, individuals brought challenges in Cumberland County, Moore County and Beaufort County pursuant to N.C. Gen. Stat. § 163A-911. Those challenges were based on a single piece of mail sent by the challengers that had been returned as undeliverable as to each challenged voter. The mailer used by the challengers in each instance was not forwardable and did not contain the content detailed in subsection (d) of Section 8 of the

5

NVRA. The Board of Elections of the three counties held hearings pursuant to N.C. Gen. Stat. § 163A-912 and sustained the majority of the challenges, which were based on alleged changes of residency. The voters for which the challenges had been sustained were subsequently removed from the official voters list pursuant to N.C. Gen. Stat. § 163A-919(c).

## ARGUMENT

In so far as Plaintiffs assert that the residential-based challenges allowed by subsections (c)(1), (2) & (3) and (e) of NC. Gen. Stat. § 163A-911 conflict with subsections (c) and (d) of Section 8 of the NVRA, when those challenges are brought in a Federal Election cycle, there appears to be merit to Plaintiffs' position. NVRA, however, does not apply to local or municipal elections, and allows for individual challenges within the 90 days prior to an election, albeit not based on changes of residency. As such, the relief and remedy Plaintiffs seek are too broad and are unsupported by statute or case law.

### A. NVRA's Notice and Waiting-Period Requirements as to removals based on changes in residency.

The statutory language of the NVRA and a growing body of case law supports the position that the NVRA prohibits removal of a registrant "from the official list of eligible voters in elections for Federal office on the ground that the registrant has changed residence unless the registrant" either confirms in writing that he wants to be removed or the state has complied with the notice and waiting-period in subsection (d)(1)(B) of the NVRA.

> A simple reading of this statute reveals exactly whom this statute protects and from what: States may not remove "registrants" from an official list of eligible voters based on a change in residence unless certain conditions have been met. We believe that, if a person is a "registrant," a state may not

6

remove his or her name from an official registration list on the grounds that his or her residence has changed unless the specified criteria of 42 U.S.C. § 1973gg-6(d) are met.

*United States Student Ass'n Found. v. Land*, 546 F.3d 373, 381-82 (6th Cir. 2008)

Simply put, a state cannot prevent a citizen from voting on the ground that the citizen has changed his or her address. This rule is subject to exceptions but it is designed to protect the citizen's right to vote for at least two federal election cycles while the citizen updates his or her registration information. The idea is to promote voting while allowing states, in limited circumstances and after the passage of time, to purge voter lists of lazy, incompetent or deceased voters.

*Mont. Democratic Party v. Eaton*, 581 F. Supp. 2d 1077, 1081 (D. Mont. 2008)

To begin with (d)(1) prohibits, the states from removing the name of a registrant from the official list of eligible voters on the ground that the registrant has changed residence, except in the event of two alternative situations. The remainder of subsection (d) sets forth exceptions to this prohibition.

*Md. Green Party v. Md. Bd. of Elections*, 377 Md. 127, 178, 832 A.2d 214, 244 (2003)

The NVRA, however, prohibits the removal of names from the official voting rolls "by reason of the person's failure to vote," 42 U.S.C. § 1973gg-6(b)(2), or, unless certain of the following conditions are met, on the grounds that a registrant has changed address: (i) the receipt of a confirmation of change of address from the registrant, or (ii) no response from the registrant to the notice of removal from the voting rolls and non-voting by the registrant for two general elections after the date of the disposition notice is mailed. 42 U.S.C. § 1973gg-6(d).

*Condon v. Reno*, 913 F. Supp. 946, 953-54 (D.S.C. 1995). *See, e.g.,* A. *Philip Randolph Inst. v. Husted*, 838 F.3d 699, 706 (6th Cir. 2016), *cert. granted*, 137 S. Ct. 2188 (2017); *Arcia v. Sec'y of Fla.*, 772 F.3d 1335, 1345-46 (11th Cir. 2014); *True the Vote v. Hosemann*, 43 F. Supp. 3d 693, 734 (S.D. Miss. 2014); *Davis v. Bennett*, 154 So. 3d 114, 118-19 (Ala. 2014); *Dobrovolny v. Nebraska*, 100 F. Supp. 2d 1012, 1020 (D. Neb. 2000). It therefore

7

appears that subsections (c)(1), (2) & (3) and (e) of NC. Gen. Stat. § 163A-911 conflict with subsections (c) and (d) of Section 8 of the NVRA because they allow the County Boards of Elections to remove voters from the official list of eligible voters in elections for Federal office without having a written request of the voter or complying with the notice and waiting period in 52 U.S.C. § 20507(d)(1)(B). *See Mont. Democratic Party v. Eaton*, 581 F. Supp. 2d at 1083("[I]f the State's procedure for evaluating voter challenges allows a county election official to conclude that any voter Eaton has targeted on the basis of change-of-address information cannot vote, or that the elector has to prove anything before he or she is allowed to vote, the State would then be in clear violation of federal law.")

This prohibition, however, only applies to Federal elections. *See* 52 U.S.C. § 20507(stating that the voter shall not be removed "from the official list of eligible voters in elections for Federal office.")  This is pertinent to this matter because Plaintiffs seek a permanent injunction barring Defendants, and all other CBEs, from processing challenges based on changes of residency.  In doing so, Plaintiffs do not distinguish between challenges based on residency in general elections, which would include federal elections, as opposed to municipal elections, which would not include federal elections.  The statute they challenge recognizes such a distinction.  N.C. Gen. Stat. § 163A-911(c)(8) allows an individual to challenge whether another voter is a resident of the municipality in which the person is registered "with respect to municipal registration only."  As such, while Plaintiffs may be entitled to summary judgment on Count I, it is important to narrow any resulting permanent injunction to the scope of the NVRA's applications:  to wit, removals affecting an official list of eligible voters in elections for Federal office.

### B. NVRA's 90-day Prohibition

Plaintiffs requested relief as to Count II, the NVRA's 90-day Prohibition, is also too broad and seeks to go beyond what is prohibited by the NVRA itself. To be sure, the NVRA and case law support Plaintiffs' position that the State cannot remove voters, or begin to remove voters, *en masse*, during the ninety (90) days before an election based on changes in residency, but there are exceptions to this time limitation that support the continued existence and operation of N.C. Gen. Stat. § 163A-911.

Subsection (c)(2)(B), which cites to subsection 3(A), allows removal based on changes of residency within the ninety (90) day period if the removal is based on the written request of the registrant. Likewise, a challenge to a registrant based on the registrant's own written request to be removed would be allowed. Challenges with regards to municipal registrations based on residency in the municipality would also be allowed, even if brought within the ninety (90) days before a municipal election, because it is not a federal election. *See* N.C. Gen. Stat. § 163A-911(c)(8). A permanent injunction barring removal of registrants during this period based on changes in residency should recognize these exceptions.

Challenges brought by individuals within the ninety (90) day period that are based on criminal convictions, mental incapacity, or death of the registrant must also be allowed pursuant to the NVRA.

> the NVRA expressly allows states to conduct three types of removals during the final 90 days before a federal election. They are removals (1) at the request of the registrant; (2) as provided by State law, by reason of criminal conviction or mental incapacity; and (3) upon death of the registrant.

9

*Arcia v. Sec'y of Fla.*, 772 F.3d at 1345. As recognized by the Eleventh Circuit Court of Appeals, "the 90 Day Provision permits removals based on individualized information at any time. [I]ndividualized removals are safe to conduct at any time because this type of removal is usually based on individual correspondence or rigorous individualized inquiry, leading to a smaller chance for mistakes." *Id.* at 1346. These types of challenges are allowed under subsections (c)(5) and (6) of N.C. Gen. Stat. § 163A-911. As such, it would be an error to wholly enjoin the acceptance or processing of challenges pursuant to N.C. Gen. Stat. § 163A-911 within the ninety (90) days prior to an election.

### C. Declaratory and Injunctive Relief

If the Court determines that declaratory and injunctive relief is warranted in this matter, it should be narrowly drafted to address the specific portions of N.C. Gen. Stat. § 163A-911 that conflict with the NVRA. The SBE Defendants suggest that the following declaratory relief would be appropriately narrowly drafted:

> A. Declare that the sustaining of the voter challenges brought in Cumberland, Moore, and Beaufort Counties pursuant to subsections (c)(1), (2) & (3) and (e) of NC. Gen. Stat. § 163A-911 during the months immediately preceding the November 2016 General Election, and the subsequent removal of the voters subject to the sustained challenges, violated subsections (c), (d) and (f) of Section 8 of the NVRA, 52 U.S.C. §20507(c)(2)(A), 52 U.S.C. §20507(d)(1), and 52 U.S.C. §20507(f).
> B. Declare that subsections (c)(1), (2) & (3) and (e) of NC. Gen. Stat. § 163A-911 conflict with subsections (c), (d) and (f) of Section 8 of the NVRA

The SBE Defendants suggest the following narrow permanent injunction as follows:

> A. Defendants are permanently enjoined from accepting, processing, and sustaining voter challenges submitted pursuant to subsections (c)(1), (2) & (3) and (e) of NC. Gen. Stat. § 163A-911, and Defendants are

10

permanently enjoined from canceling voter registrations from the official list of eligible voters in elections for Federal office based on challenges submitted pursuant to subsections (c)(1), (2) & (3) and (e) of NC. Gen. Stat. § 163A-911, unless, as required by the NVRA, Defendants have either –

    i. Received written confirmation from the voter that the voter has changed her residence to outside of the county, 52 U.S.C. §20507(d)(1)(A) and N.C. Gen. Stat. §163-82.14(d)(1), or

    ii. Sent the voter notice, as described in 52 U.S.C. §20507(d)(2), and waited for a period of two federal election cycles during which time the voter has not voted or appeared to vote, as set forth in 52 U.S.C. §20507(c)(2)(A) and N.C. Gen. Stat. §163-82.14(c)(2).

B.     In the 90 days prior to a federal election, no voter registrations are cancelled from the official list of eligible voters in elections for Federal office based on (i) non-residency in the state, county, or precinct, or (ii) challenges brought under subsections (c)(1), (2) & (3) and (e) of NC. Gen. Stat. § 163A-911 by a private party or parties, unless, as required by the NVRA, Defendants have received written confirmation from the voter that the voter has changed her residence to outside of the county, 52 U.S.C. §20507(d)(1)(A) and N.C. Gen. Stat. §163-82.14(d)(1),

C.     Defendants Strach and the SBOE shall notify all County Boards of Election of this Declaratory Judgment and Injunction and direct them to comply with the paragraphs herein.

Plaintiffs also seek additional injunctive relief in the form of an order requiring Defendants to restore an unknown amount of voters in the other counties to the voting rolls. There is no basis in the record for this relief. Previously, the Court expressly declined to extend the preliminary injunction to counties not before it because it lacked evidence as to those counties.

> The Court notes that at the hearing, Plaintiffs requested that the Court expand any injunctive relief granted to include additional counties set forth in a declaration filed by the Executive Director of the State Board, which provided data about other counties that had allowed purging of voter

11

registrations based on individual challenges over a 24-month period. (ECF No. 39-1 ¶ 8.) The Court declines to expand any relief to the counties not named in this lawsuit and for which the Court has no specific information regarding the process used in those counties or the specific nature of the challenges. The additional counties are not properly before the Court, and the Court "may not enjoin defendants not before [it]." *Hubbard v. Byars*, No. 8:14–33–BHH, 2015 WL 337642, at *14 (D.S.C. Jan. 26, 2015) (citing *Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983)). Thus, the Court will confine its consideration to the three counties named in this lawsuit and challenges that have been sustained on or after August 10, 2016.

(ECF No. 42 at 24). Granting Plaintiffs' requested relief of restoring additional voters to the voting rolls would still not be supportable on the current record, which, as the Court noted, is limited to the three defendant CBEs because "the Court [had] no specific information regarding the process used in those counties or the specific nature of [any] challenges [therein]." (ECF No. 42 at 25) Since entry of the PI Order, Plaintiffs have not supplemented the record with additional evidence as to any challenges filed with any of the other 97 CBEs or the processes used by them to address such challenges. Moreover, Plaintiffs' Motion for Partial Summary Judgment does contain any of the information either. Nevertheless, if the Court determines that restoration of additional voters is warranted by the facts and law, the SBE Defendants request an opportunity to provide input on how to best achieve this with minimum disruption to the subject voters.

## **CONCLUSION**

For the foregoing reasons, the SBE Defendants respectfully request that any permanent injunction granted by this Court be narrowly drafted to address just those portions of N.C. Gen. Stat. § 163A-911 that conflict, with the NVRA.

12

Case 1:16-cv-01274-LCB-JLW Document 101 Filed 04/04/18 Page 12 of 15

Respectfully submitted, this the 4th day of April 2018.

JOSHUA H. STEIN
Attorney General



/s/ James Bernier, Jr.
James Bernier, Jr.
Special Deputy Attorney General
N.C. State Bar No. 45869
Email: jbernier@ncdoj.gov

/s/ Alexander McC. Peters
Alexander McC. Peters
Senior Deputy Attorney General
State Bar No. 13654
Email: apeters@ncdoj.gov

N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629
Telephone: (919)716-6900

**CERTIFICATE OF WORD COUNT**

I certify that the foregoing Response To Plaintiffs' Motion For Partial Summary Judgment As To Counts I and II Of The Complaint contains fewer than 6,250 words (exclusive of those sections of the Brief excluded by rule), which complies with the word limitations of Local Civil Rule 7.3(d) (M.D.N.C.).

This the 4th day of April 2018.

/s/ James Bernier, Jr.<br>
James Bernier, Jr.<br>
Special Deputy Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on 4 April 2018, I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

This the 4th day of April 2018.

/s/ James Bernier, Jr.
James Bernier, Jr.
Special Deputy Attorney General
N.C. State Bar No. 45869
Email: jbernier@ncdoj.gov