UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br>    *Plaintiffs*, <br><br> v. <br><br> The NORTH CAROLINA STATE BOARD OF ELECTIONS, *et al.*, <br><br>    *Defendants*. | No. 1:16-cv-1274-LCB-JLW |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DECLARATORY AND PERMANENT INJUNCTIVE RELIEF

For the reasons explained in the foregoing Memorandum Opinion, Plaintiffs' Motion for Partial Summary Judgment as to Counts I and II of the Complaint is hereby GRANTED.

Accordingly, it is hereby DECLARED that:

1. Defendants' voter challenge and purge practices during the weeks and months before the November 2016 election violated 52 U.S.C. §20507(c)(2)(A), 52 U.S.C. §20507(d)(1), and 52 U.S.C. §20507(f); and

2. N.C. Gen. Stat. §§163A-911 and 163A-912's authorization of challenges based on non-residency in the state, county, or precinct violates 52 U.S.C. §20507(d)(1) and 52 U.S.C. §20507(f).

Furthermore, it is hereby ORDERED that:

1. Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them shall ensure that:

    A. No challenge hearings are held, no actions are taken to process challenges, and no voter registrations are cancelled from the list eligible to vote in a federal election through the challenge procedures set forth in N.C. Gen. Stat. §§163A-911–912, when those challenges are based on non-residency in the state, county, municipality or precinct unless, as required by the NVRA, Defendants have either –

        i. Received written confirmation from the voter that the voter has changed her residence to outside of the county, as set forth in 52 U.S.C. §20507(d)(1)(A) and N.C. Gen. Stat. §163A-877(d)(1), or

        ii. Sent the voter notice, as described in 52 U.S.C. §20507(d)(2), and waited for a period of two federal election cycles during which time the voter has not voted or appeared to vote, as set forth in 52 U.S.C. §20507(c)(2)(A) and N.C. Gen. Stat. §163A-877(d)(2).

    B. In the 90 days prior to a federal election, no voter registrations are cancelled based on (i) non-residency in the state, county, municipality or precinct, or (ii) challenges brought under N.C. Gen. Stat. §§163A-911–912 by a private party or parties that result in the systematic removal of voters.

2. Defendants Strach and the SBOE shall take all reasonable and necessary steps to ensure statewide compliance with the foregoing.

3. Defendants Strach and the SBOE shall restore to the rolls and send mailed notices of restoration to the mailing address of wrongly removed voters statewide who fit the following criteria: (i) the voter's record on the Statewide Elections Information Management System ("SEIMS") database indicates the voter was removed from the list of eligible voters for a federal election due to a sustained challenge between November 8, 2010 and the date of the permanent injunction order in this case; (ii) SEIMS records do not show that the voter subsequently registered or attempted to register at another address in North Carolina; and (iii) the reason for removal, if ascertainable, did not involve qualifications other than residency, such as age, criminal convictions, mental incapacity, or death of the registrant.

Date: _____

_____
U.S. District Judge