# EXHIBIT B

## SETTLEMENT AGREEMENT

## I. INTRODUCTION

WHEREAS, on October 31, 2016, Plaintiffs James Michael Brower, Grace Bell Hardison, James L. Cox, James Edward Arthur, Sr., the North Carolina State Conference of the NAACP, and the Moore County Branch of the NAACP brought Civil Action No. 1:16-cv-01274 in the United States District Court for the Middle District of North Carolina. The lawsuit named as Defendants the North Carolina State Board of Elections ("State Board") and its members and executive director in their official capacities, the Beaufort County Board of Elections and its members and director in their official capacities, the Moore County Board of Elections and its members and director in their official capacities, and the Cumberland County Board of Election and its members and director in their official capacities. The lawsuit alleged violations of the National Voter Registration Act of 1993, the Voting Rights Act of 1965, and the Equal Protection Clause of the United States Constitution, regarding the removal of individuals from the voter registration rolls pursuant to North Carolina statutes that authorize private individuals to challenge voter registrations on the basis of returned mailings.

WHEREAS, Defendants the Cumberland County Board of Elections and its members and director in their official capacities brought a cross-claim against Defendants the North Carolina State Board of Elections and its executive director in her official capacity.

WHEREAS, Plaintiffs sought a Temporary Restraining Order, which the Court granted in part and denied in part on November 4, 2016, and the Court designated the order as a Preliminary Injunction.

WHEREAS, the parties agreed that if the Plaintiffs fully prevailed on their early motion for partial summary judgment on their National Voter Registration Act claims (Counts I and II of the Complaint), Plaintiffs would dismiss their remaining claims (subject to their right to resurrect those claims in the event of a reversal on appeal), thus resolving the case in its entirety. ECF No. 83 at 2.

WHEREAS, Plaintiffs moved for Partial Summary Judgment and a Permanent Injunction regarding their claims under the National Voter Registration Act, which the Court granted in part on August 7, 2018. The Court entered judgment in favor of Plaintiffs and against Defendants on Counts I and II of the Complaint, entered a permanent injunction against Defendants, and ordered that the Executive Director of the Bipartisan State Board of Elections and Ethics Enforcement, along with her successors or replacements, take all reasonable and necessary steps to ensure statewide compliance with the NVRA consistent with that order.

WHEREAS, Plaintiffs have made a demand on Defendants for their attorneys' fees and costs incurred in the litigation, pursuant to 52 U.S.C. § 20510(c).

WHEREAS, the Plaintiffs and Defendants (together, the "Parties") now desire to resolve this action without further litigation and expense and to avoid the further delay, inconvenience, burden and uncertainty of continued litigation of this matter (including appeals from any final judgment).

1

WHEREAS, the Plaintiffs and Defendants have agreed to settle this lawsuit on terms set forth in this Settlement Agreement. This Settlement Agreement is not intended to be and shall not in any event be construed as, or deemed to be, an admission or concession or evidence of any liability or any wrongdoing whatsoever on the part of the Defendants. Likewise, by entering into this Settlement Agreement, Plaintiffs do not admit or concede to any defenses or legal positions by Defendants.

WHEREAS, the Parties hereby agree as follows:

## II. COMPENSATION, DISMISSAL OF ACTION, AND WAIVER OF APPEAL

A. Defendant the State Board hereby agrees to compromise and settle Plaintiffs' claims for attorneys' fees, litigation expenses, and costs in the amount of $619,000.00 for work performed and costs and expenses incurred through and including the date that this Agreement is executed. The payment shall be made to Forward Justice. The payment of attorneys' fees by the State Board is on behalf of the State Board and All County Board of Election Defendants. The State Board releases the various County Boards of Election Defendants from any and all claims for reimbursement, indemnity, or contribution toward the attorneys' fees paid hereunder. Plaintiffs agree to promptly provide Defendants with taxpayer identification numbers and/or completed IRS Forms W9 upon request. Payment shall be made within ninety (90) days of the Order entering final judgment in this action.

B. Effective upon execution of this Agreement by all Parties, the Parties agree to notify the Court and request that it enter final judgment in favor of Plaintiffs as to Counts I and II of the Complaint, as set forth in the Court's August 7, 2018 Order, and dismiss with prejudice (1) the remaining claims in the Complaint (Counts III and IV) and (2) the Cross-Claim filed by Defendant Cumberland County Board of Elections and its members and director in their official capacities (ECF No. 78).

C. Within five (5) business days of the effective date of this Agreement, Plaintiffs will file a Proposed Order Entering Final Judgment, in the form attached as Exhibit A to this Agreement ("[Proposed] Order Entering Final Judgment").

D. In consideration for the agreements and representations herein, Plaintiffs fully, finally and forever release, relinquish, discharge and waive any and all claims, demands, actions, damages, costs and expenses against each Defendant (including each Defendant's officials, employees, agents, representatives, successors and assigns) that are asserted or could have been asserted based upon the factual allegations contained in the pleadings in this Action that were not resolved in the Court's August 7, 2018 Order granting partial summary judgment against Defendants as to Counts I and II of the Complaint. This Agreement does not prevent Plaintiffs from further litigation to ensure compliance with the judgment or to enforce the terms of this Agreement.

E. In consideration for the agreements and representations herein, all Parties agree to waive any right to appeal or collaterally attack the Court's August 7, 2018 Order granting partial summary judgment and the Order Entering Final Judgment, if entered in the substantially same form as Exhibit A.

## III. EFFECTIVE DATE

This Agreement shall become effective upon the date in which the last signatory affixes his or her signature to the Agreement. Defendants' obligations under this Agreement shall not become effective until the Order Granting Final Judgment is entered.

## IV. ADDITIONAL PROVISIONS

A. *Entire Agreement:* This Agreement contains all the agreements, conditions, promises and covenants between Plaintiffs and Defendants and their respective counsel, regarding matters set forth in this Agreement and supersedes all prior or contemporaneous agreements, drafts, representations or understandings, either written or oral, with respect to the subject matter of this Agreement.

B. *Binding Effect:* Plaintiffs and Defendants represent and warrant that they have authority to enter into this Agreement and that this Agreement shall be binding upon, and inure to the benefit of, their successors and assigns. Each of the persons executing this Agreement on behalf of a Plaintiff or Defendants represents and warrants that he or she has the authority to do so.

C. *Written Modification:* The Agreement may not be amended orally or by performance. Any amendment must be made in written form and signed by duly authorized representatives of the Parties. The Parties agree that any Court order that modifies or alters the understandings of the parties as set forth herein will render the Agreement voidable at the election of any party, provided that notice of voiding the Agreement is given to opposing counsel within thirty (30) calendar days of any such order.

D. *Interpretation:* Plaintiffs and Defendants have participated in the drafting of this Agreement and, accordingly, any claimed ambiguity shall not be presumptively construed for or against any Plaintiff or Defendant.

E. *Force Majeure*: No Defendant shall be deemed in default of the Defendant's material obligations hereunder if and so long as the Defendant is prevented from performing such obligations as a result of events beyond Defendant's reasonable control, including without limitation, fire, power failures, any act of war, hostile foreign action, nuclear explosion, riot, strikes, or failures or refusals to perform under subcontracts, civil insurrection, earthquake, hurricane, tornado, or other catastrophic natural event or act of God.

F. *Execution:* This Agreement may be executed in counterparts, each of which shall constitute an original instrument and all of which together shall constitute one and

3

the same Agreement. Facsimile or photocopied signatures shall be considered as valid signatures as of the date hereof.

G. *No Consent Decree*: This Agreement shall not constitute, be construed as, or otherwise be incorporated into a consent decree.

H. *No Waiver of Immunity*: This Agreement shall not be construed to constitute a waiver of sovereign immunity and/or Eleventh Amendment immunity of the State of North Carolina, any state agency or department, or any state official or employee of the State of North Carolina.

I. *Notices*: All notices or other communications to any party to this Agreement shall be in writing and shall be personally delivered or sent by a reputable overnight mail service (e.g., Federal Express), by first class mail (certified or registered), or by email with confirmation from the recipient, and shall be given to the respective parties hereto at the following addresses. Any party hereto may change the name and address of the person designated to receive notice on behalf of such party by notice given as provided in this paragraph.

> For Plaintiffs:
> Caitlin Swain
> Co-Director
> Forward Justice
> 400 W. Main Street
> Durham, NC 27704
> cswain@forwardjustice.org
>
> For State Board Defendants:
> Paul Cox
> Special Deputy Attorney General
> N.C. Department of Justice
> PO Box 629
> Raleigh, NC 27602-0629
> pcox@ncdoj.gov
>
> For Beaufort County Defendants:
> Joshua H. Bennett
> Bennett Guthrie PLLC
> 1560 Westbrook Plaza Drive
> Winston-Salem, NC 27103
> jbennett@bennett-guthrie.com
>
> For Moore County Defendants:
> Misty R. Leland
> Moore County Attorney
> Moore County BOE
> P.O. Box 905
> Carthage, NC 28327
> mistyleland@moorecountync.gov
>
> For Cumberland County Defendants: Rickey L. Moorefield

4

Cumberland County Attorney
P.O. Box 1829
Fayetteville, NC 28302-1829
rmoorefield@co.cumberland.nc.us

Notices will be deemed effective (i) three (3) working days after deposit, postage prepaid, if mailed, (ii) the next day if sent by overnight mail, or (iii) the same day if sent by email and confirmed as set forth above.

J. *Non-Admissibility*: The settlement negotiations resulting in this Agreement have been undertaken by the Parties in good faith and for settlement purposes only, and neither this Agreement nor any evidence of negotiations hereunder shall be offered or received in evidence in this action, or any other action or proceeding, for any purpose other than in an action or proceeding arising under this Settlement Agreement.

K. *Governing Law*: Any disputes about the meaning of this Agreement arising under contract law shall be governed by and construed and enforced in accordance with the laws of the State of North Carolina applicable to contracts made and to be performed in such state without giving effect to the principles of conflicts of laws.

Agreed to:

5

Case 1:16-cv-01274-LCB-JLW Document 121-2 Filed 12/13/19 Page 6 of 7

**PLAINTIFFS:**

By: *[signature]*
Printed Name: Caitlin Swain
Title: Co-Director, Forward Justice
Date: 12/10/19

**DEFENDANTS NORTH CAROLINA STATE BOARD OF ELECTIONS AND ITS MEMBERS AND EXECUTIVE DIRECTOR:**

By: *[signature]*
Printed Name: Karen Brinson Bell
Title: Executive Director
Date: 12/12/2019

**DEFENDANTS BEAUFORT COUNTY BOARD OF ELECTIONS AND ITS MEMBERS AND DIRECTOR:**

By: *[signature]*
Printed Name: Thomas S. Payne III
Title: Chairman
Date: 12/11/2019

**DEFENDANTS MOORE COUNTY BOARD OF ELECTIONS AND ITS MEMBERS AND DIRECTOR:**

By: *[signature]*
Printed Name: Sheldon Rappaport
Title: Acting Chairman / Secretary
Date: December 11, 2019

**DEFENDANTS CUMBERLAND COUNTY BOARD OF ELECTIONS AND ITS MEMBERS AND DIRECTOR:**

By: *[signature]*
Printed Name: Rickey L. Moorefield
Title: Attorney for all Cumberland Defendants per action taken by the CCBOE 11-14-19
Date: December 12, 2019